UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GENESYS TELECOMMUNICATIONS LABORATORIES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-695-JRS-DML |
| TALKDESK, INC., DANIELLE MORALES, MICHAEL STRAHAN, AND MARK HERTEL, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANT TALKDESK, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Talkdesk, Inc. ("Talkdesk") respectfully files this Memorandum in Support of its Motion to Dismiss the Amended Complaint filed by Plaintiff Genesys Telecommunications Laboratories, Inc. ("Genesys" or "Plaintiff") on March 4, 2019 (the "Amended Complaint"). Plaintiff's claims against Talkdesk should be dismissed because this Court does not have personal jurisdiction over Talkdesk, because venue is improper in the Southern District of Indiana, and because Plaintiff's claims fail as a matter of law. Therefore, as more fully outlined below, Talkdesk respectfully requests that the Court dismiss the claims against Talkdesk.

## INTRODUCTION

Plaintiff's claims against Talkdesk fail as a matter of law and must be dismissed. Plaintiff's claims are anti-competitive. Plaintiff is asserting claims against what it calls an "upstart competitor," Talkdesk, simply because it alleges Talkdesk competed with Plaintiff for customers and employees. Plaintiff is a California entity, both incorporated and headquartered in

California.  Talkdesk is incorporated in Delaware and headquartered in California.  Yet, Plaintiff inexplicably asserts its claims against Talkdesk in an Indiana court *without asserting that any wrongful conduct actually occurred in Indiana*.  Consequently, this Court does not have personal jurisdiction over Talkdesk, and Plaintiff's claims against Talkdesk should be immediately dismissed.  At the very least, this Court should transfer venue to the Northern District of California.

However, even if this Court determines that it does have personal jurisdiction over Talkdesk and that venue is proper in the Southern District of Indiana, Plaintiff's claims against Talkdesk should be dismissed for failing to state a viable claim.  Plaintiff has failed to adequately allege any protectable trade secret under either the federal Defend Trade Secrets Act or the Indiana Uniform Trade Secrets Act.  Plaintiff's remaining claims against Talkdesk are preempted by the Indiana Uniform Trade Secrets Act.  Additionally, Plaintiff's claims for tortious interference with contract and "raiding" fail as a matter of law because the acts alleged by Plaintiff are objectively fair and protected by the competition privilege.  For these reasons, and as more fully outlined below, Talkdesk respectfully requests that the Court dismiss Plaintiff's action.

<u>**ARGUMENT**</u>

I.    **THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER TALKDESK.**

Plaintiff's claims against Talkdesk must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.  "The plaintiff bears the burden of establishing the existence of personal jurisdiction when challenged by a defendant." *Want2Scrap, LLC v. Larsen*, No. 1:17-CV-443-PRC, 2018 WL 1762853, at *1 (N.D. Ind. Apr. 9, 2018) (citing *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004)).  In this case,

Plaintiff alleges that the Court has federal question jurisdiction due to Plaintiff's Computer Fraud and Abuse Act ("CFAA") claim against Defendant Danielle Morales ("Morales") and its Defend Trade Secrets Act ("DTSA") claim against all Defendants.   Am. Compl. ¶ 19.   "In a federal question case…, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010).   Neither the CFAA nor the DTSA contain a special rule for personal jurisdiction.   *See* 18 U.S.C. § 1030 (CFAA); 18 U.S.C. § 1836 (DTSA).   Therefore, this Court has personal jurisdiction over Talkdesk only if Indiana state courts would have such jurisdiction.   *See Mobile Anesthesiologists Chicago, LLC*, 623 F.3d at 443.

"Indiana's 'long-arm' provision, expands personal jurisdiction to the full extent permitted by the Due Process Clause."   *Data Research & Handling, Inc. v. Vongphachanh*, 310 F. Supp. 3d 956, 958–59 (N.D. Ind. 2018).   "Thus, the statutory question merges with the constitutional one–if Indiana constitutionally may exercise personal jurisdiction over a defendant, its long-arm statute will enable it to do so."   *Id.* (alteration and internal quotation marks omitted).   Here, because Indiana does not have either general personal jurisdiction or specific jurisdiction over Talkdesk, Plaintiff's claims against Talkdesk must be dismissed.

### A.  THIS COURT CANNOT EXERCISE GENERAL JURISDICTION OVER TALKDESK.

Indiana lacks general personal jurisdiction over Talkdesk.   The United States Supreme Court is clear that "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there."   *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011)); *see also id.* at 132 ("[The Supreme Court] ha[s] declined to stretch general jurisdiction beyond limits

traditionally recognized"). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id*. at 137 (citations omitted); *see also Kipp v. Ski Enters. Corp. of Wis., Inc.*, 783 F.3d 695, 697-98 (7th Cir. 2015) ("General jurisdiction is 'all-purpose'; it exists only 'when the party's affiliations with the State in which suit is brought are so constant and pervasive as to render it essentially at home in the forum State.'" (citation and alteration omitted)). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id*. (alterations and internal quotation marks omitted). Talkdesk is incorporated in Delaware and headquartered in California. Plaintiff's mere allegation that Talkdesk "does business in and employs personnel in Indiana" is not sufficient to establish general personal jurisdiction. *See* Am. Compl. ¶ 23; *Daimler AG*, 571 U.S. at 123 and 139 (holding that "multiple California-based facilities" and over 10% of all U.S. new car sales were not enough to establish general jurisdiction in California).

### B. THIS COURT DOES NOT HAVE SPECIFIC JURISDICTION OVER TALKDESK.

Because Plaintiff has failed to allege even a prima facie case for specific personal jurisdiction against Talkdesk in Indiana, the Court should dismiss this action. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (citation and quotation marks omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's *suit-related conduct* must create a **substantial** connection with the forum State." *Id*. at 284 (emphasis added). "In other words,

4

there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (alteration and internal quotation marks omitted).

Additionally, "in determining whether it may exercise specific personal jurisdiction over a defendant, the Court must consider the scope of personal jurisdiction *with respect to each of the claims alleged in the plaintiff's complaint*." *Sunny Handicraft (H.K.) Ltd. v. Edwards*, No. 16 C 4025, 2017 WL 1049842, at *4 (N.D. Ill. Mar. 20, 2017) (emphasis added). "There is no such thing as supplemental specific personal jurisdiction; if separate claims are pled, specific personal jurisdiction must independently exist for each claim and the existence of personal jurisdiction for one claim will not provide the basis for another claim." Charles Alan Wright & Arthur R. Miller, 5B Fed. Prac. & Proc. Civ. § 1351 (3d ed. 2004).

Plaintiff's only effort to forge a link between Talkdesk, Indiana, and this action is its conclusory claim that "this action arises from Talkdesk's knowing and intentional violations of statutory law and interference with contracts entered into in Indiana with Indiana forum selection and Indiana choice-of-law clauses, and while acting within and causing injury within this State and District." Am. Compl. ¶ 23. These formulaic allegations do not demonstrate the type of "continuous and systematic" contacts necessary to support specific personal jurisdiction. *See Daimler AG*, 571 U.S. at 138 ("[T]he words 'continuous and systematic' were used in *International Shoe* to describe instances in which the exercise of specific jurisdiction would be appropriate." (emphasis omitted)).

Throughout its 241-paragraph Amended Complaint, Plaintiff has not asserted that *any* act allegedly taken by Talkdesk occurred in Indiana. *See* Am. Compl. Instead, Plaintiff relies on

vague and conclusory statements, its own contacts with Indiana, and the contacts of other defendants. *See e.g.* Am. Compl. ¶¶ 23-24. The U.S. Supreme Court "ha[s] consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284. Under *Walden*, the allegations that *Plaintiff* has a significant presence in Indiana, keeps trade secrets in Indiana, has staff in Indiana, and felt some alleged injury in Indiana are irrelevant to the personal jurisdiction analysis. *See id.* So too, any contacts that the other Defendants may have to the forum do not create specific jurisdiction over Talkdesk. Rather, the analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* "[T]he requirements of *International Shoe* must be met as to each defendant over whom a state court exercises jurisdiction." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1783 (alteration omitted).

Similarly, the forum selection clauses and choice of law provisions of third-party contracts with which Talkdesk allegedly interfered do not establish sufficient contacts between Talkdesk and Indiana. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated there." *Walden*, 571 U.S. at 286. Plaintiff alleges that Talkdesk interfered with contracts that provided for Indiana remedies. However, "[k]nowing about a potential for harm in a particular state is not the same as acting in that state—and it takes the latter to permit personal jurisdiction under state law." *Ariel Investments, LLC v. Ariel Capital Advisors LLC*, 881 F.3d 520, 522 (7th Cir. 2018). Under this rule, interference by an out-of-state defendant with an Indiana contract is not enough to establish personal jurisdiction over that defendant. *See Sangha v. Navig8 ShipManagement Private Ltd.*,

882 F.3d 96 (5th Cir. 2018) (holding that interference with a contract formed in Texas was "legally insufficient to support a finding of specific jurisdiction" in Texas); *Zara v. Devry Educ. Grp., Inc.*, No. 16-CV-05156, 2017 WL 977002, at *3 (N.D. Ill. Mar. 14, 2017), *aff'd,* 706 F. App'x 328 (7th Cir. 2017) (holding that alleged interference with a contract between the plaintiff and an "Illinois-based school" was insufficient to establish personal jurisdiction over the defendant); *My Canary LLC v. Cessna Aircraft Co.*, No. 16 CV 4000, 2017 WL 201373, at *5 (N.D. Ill. Jan. 18, 2017) (holding that Illinois did not have personal jurisdiction over a tortious interference claim even though the contract was negotiated in Illinois); *Vinmar Overseas Singapore PTE Ltd. v. PTT Int'l Trading PTE Ltd.*, 538 S.W.3d 126, 133–34 (Tex. App. 2017) (rejecting plaintiff's argument that interference with contract containing Texas forum-selection and choice-of-law provisions created personal jurisdiction in Texas).

Because this Court does not have general jurisdiction over Talkdesk, and does not have specific jurisdiction over Talkdesk for the claims asserted by Plaintiff, Talkdesk respectfully requests that the Court dismiss the claims against Talkdesk pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II.   EVEN IF THIS COURT MAY EXERCISE JURISDICTION OVER TALKDESK, CALIFORNIA IS A MORE APPROPRIATE VENUE.

Plaintiff summarily claims that venue is proper in the Southern District of Indiana under 28 U.S.C. § 1391(b)(2).  Am. Compl. ¶ 24.  Venue is proper under 28 U.S.C. § 1391(b)(2) in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(2).  As outlined above, Plaintiff has not alleged facts sufficient to show that a substantial part of the underlying facts arose in Indiana, or that any of its allegedly-misappropriated trade secrets are located in Indiana.  Thus, venue is not proper in the Southern

District of Indiana, and the Court can and should dismiss this action on that basis. *See* 28 U.S.C.

§ 1406(a).

However, even assuming that venue is proper in this district, this action should be transferred to the Northern District of California. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer an action to another district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

> Transfer of venue is appropriate under § 1404(a) when the moving party establishes that (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interest of justice.

*Commissioning Agents, Inc. v. Long*, 187 F. Supp. 3d 980, 985 (S.D. Ind. 2016). Here, transfer to California would be both proper and convenient because all parties except one are residents of California. California has jurisdiction over the lone non-resident, Defendant Michael Strahan ("Strahan") because this action arises out of Strahan's former employment with a California company (Plaintiff) and his current employment with a different California company (Talkdesk). Venue would be proper in the Northern District of California because both Plaintiff and Talkdesk reside in that district, indicating that a substantial portion of the events underlying Plaintiff's claims occurred there. Additionally, given the nature of Plaintiff's claims, the largest concentration of witnesses is likely to be in California. For these reasons, even if the Court finds that it has jurisdiction over Talkdesk and that venue is proper in Indiana, Talkdesk respectfully requests that it transfer venue to the Northern District of California.

## III. IN THE ALTERNATIVE, THE COURT SHOULD DISMISS EACH OF PLAINTIFF'S CLAIMS AGAINST TALKDESK ON THE MERITS.

Even if the Court did have personal jurisdiction over Talkdesk, and even if the Court declines to transfer venue, the claims against Talkdesk fail as a matter of law and should be

dismissed.  When evaluating motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

courts "tak[e] all well-pleaded allegations of the complaint as true and view[] them in the light

most favorable to the plaintiff."  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting

*Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010)).  "To satisfy the notice-pleading standard

of Rule 8…, a complaint must provide a short and plain statement of the claim showing that the

pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the

claim and its basis."  *Id.* (quotation marks and citation omitted).  Under Supreme Court

precedent, a complaint "must contain sufficient factual matter, accepted as true, to state a claim

to relief that is plausible on its face….  A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  Each of Plaintiff's

claims against Talkdesk fails under this standard.

### A.   PLAINTIFF HAS FAILED TO STATE A TRADE SECRET CLAIM AGAINST TALKDESK.

Plaintiff asserts both a federal trade secret claim and an Indiana state trade secret claim

against Talkdesk.  Am. Compl. ¶¶ 201-217.  Pursuant to the DTSA, "[a]n owner of a trade secret

that is misappropriated may bring a civil action under this subsection if the trade secret is related

to a product or service used in, or intended for use in, interstate or foreign commerce."  18

U.S.C. § 1836(b)(1).  Likewise, the Indiana Uniform Trade Secret Act (the "IUTSA") provides a

cause of action for misappropriation of trade secrets.  *See* Ind. Code § 24-2-3-3 and -4.  Under

both statutes, information only qualifies as a "trade secret" if the owner makes a reasonable

effort to maintain its secrecy, and it derives economic value or potential value from not being

generally known to or readily ascertainable by others.  18 U.S.C. § 1839(3)(A); Ind. Code § 24-

2-3-2.  Information that does *not* meet these standards does not qualify for protection under

either the DTSA or the IUTSA.  *See* 18 U.S.C. § 1836(b)(1); Ind. Code § 24-2-3-1(c).  Plaintiff's trade secret claims against Talkdesk fail because Plaintiff has not sufficiently and "plausibly" alleged the misappropriation of any trade secret.  *See M.K. Plastics Corp. v. Rossi*, 838 N.E.2d 1068, 1075 (Ind. Ct. App. 2005) ("A plaintiff seeking relief pursuant to the IUTSA must identify the trade secrets allegedly misappropriated by the defendant and carries the burden of proving that they exist.").

"Trade secrets are a narrow category of confidential information."  *Elsevier Inc. v. Doctor Evidence, LLC*, No. 17-CV-5540 (KBF), 2018 WL 557906, at *4 (S.D.N.Y. Jan. 23, 2018); *see also IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583 (7th Cir. 2002) ("Trade secrets are a subset of all commercially valuable information.").  Both the DTSA and the IUTSA specifically apply only to *trade secrets*—its protection does not extend to the broader category of "confidential information."  *See* 18 U.S.C. § 1836(b)(1); Ind. Code § 24-2-3-1(c).  Yet, Plaintiff does not adequately identify its trade secrets, does not assert that any of the alleged trade secret information "derives independent economic value, actual or potential, from not being generally known," and does not allege what "reasonable measures" Plaintiff has taken "to keep such information secret" or even whether such measures were taken.  18 U.S.C. § 1839(3); *see also* Ind. Code § 24-2-3-2.

Plaintiff's conclusory and formulaic claims for misappropriation of trade secrets are not sufficient to state a claim against Talkdesk.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." (alteration and internal quotation marks omitted)); *see also JTH Tax, Inc. v. Williams*, 310 F. Supp. 3d 648, 656 (E.D. Va. 2018) (dismissing a state trade secret claim because the

plaintiffs "allege[d] <u>no</u> facts to show that [the alleged trade secrets] ha[d] 'independent economic value, actual or potential, from not being generally known' and 'not being readily ascertainable by proper means.'" (emphasis in original)); *Elsevier Inc.*, 2018 WL 557906, at *4 ("[T]o survive a motion to dismiss, a party alleging that it owns a trade secret must put forth specific allegations as to the information owned and its value.").

**B.     PLAINTIFF'S CLAIMS FOR TORTIOUS INTERFERENCE, UNJUST ENRICHMENT, AND RAIDING ARE PREEMPTED BY THE IUTSA.**

Plaintiff's additional claims against Talkdesk are preempted by the IUTSA and fail as a matter of law.  The Indiana Uniform Trade Secrets Act expressly "displaces all conflicting law of this state pertaining to the misappropriation of trade secrets, except contract law and criminal law."  Ind. Code § 24-2-3-1(c).  The IUTSA, like other states that have adopted the Uniform Trade Secret Act, "abolishes all free-standing alternative causes of action for theft or misuse of confidential, proprietary, or otherwise secret information falling short of trade secret status." *HDNet, LLC v. N. Am. Boxing Council*, 972 N.E.2d 920, 924-25 (Ind. Ct. App. 2012) (construing *BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, 235 P.3d 310, 319 (Haw. 2010)).  Plaintiff's claims against Talkdesk for tortious interference with contract, unjust enrichment, and raiding attempt to state claims under Indiana law for misappropriation of confidential information.  *See* Am. Compl. ¶¶ 221-22, 228-32, and 237.

Specifically, Plaintiff's tortious interference claim relies on allegations that Talkdesk instructed Plaintiff's employees "to download and provide confidential proprietary information of Genesys to Talkdesk" and "intentionally instructed the employees to use Genesys' confidential proprietary information to solicit Genesys customers and prospects."  Am. Compl. ¶¶ 221-22.  Similarly, Plaintiff's unjust enrichment claim is wholly premised on Plaintiff's assertion that Talkdesk used Plaintiff's trade secrets and "failed to compensate Genesys for the

use of that confidential trade secret information."  Am. Compl. ¶¶ 228-32.  In its claim for "raiding," Plaintiff asserts that Talkdesk "utilized Genesys trade secrets" to "raid" Genesys employees.  Am. Compl. ¶ 237.  Because these claims are "alternative causes of action for theft or misuse of confidential, proprietary, or otherwise secret information," they are each preempted under the IUTSA.  *See HDNet, LLC*, 972 N.E.2d at 924-25; Ind. Code § 24-2-3-1(c).

## C.   PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM FAILS AS A MATTER OF LAW.

Plaintiff asserts a claim for tortious interference with contract against Talkdesk.  Am. Compl. ¶¶ 218-26.  As noted above, this claim is preempted by the IUTSA to the extent it is based on the alleged misappropriation of confidential information.  *See HDNet, LLC*, 972 N.E.2d at 924-25.  However, Plaintiff also asserts that Talkdesk tortiously interfered with the contracts of Strahan and Hertel by inducing them to "recruit Genesys personnel."  Am. Compl. ¶ 223-24.

> Under Indiana law, the elements of a claim for tortious interference with a contract are: (1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach.

*Konecranes, Inc. v. Davis*, No. 1:12-CV-01700-JMS, 2013 WL 1566326, at *2 (S.D. Ind. Apr. 12, 2013) (quoting *Melton v. Ousley*, 925 N.E.2d 430, 440 (Ind. Ct. App. 2010) (internal quotation marks omitted).  Plaintiff's claim fails because Plaintiff's allegations are contrary to the fourth element, and because Plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference" that Plaintiff was damaged.  *See Iqbal*, 556 U.S. at 677.

First, Plaintiff has not adequately alleged the absence of justification and, in fact, contradicts any such allegation in its Amended Complaint.  *See Konecranes, Inc.*, 2013 WL 1566326, at *2 ("In order to adequately allege the absence of justification, thus satisfying the fourth element for establishing tortious interference, a plaintiff must do more than merely assert

that the defendant's conduct was unjustified.").  "Indiana courts have held that competition is a legitimate interest that establishes justification for purposes of a tortious interference claim."  *Id.* at *3.  Plaintiff's allegations acknowledge that Talkdesk was motivated by a legitimate and competitive business interest.  *See id.*  For example, Plaintiff alleges that Talkdesk is "an upstart competitor in the market and competes with Genesys."  Am. Compl. ¶ 3.  Such competitive conduct is privileged and does not support a claim for tortious interference with contract.  *See Konecranes, Inc.*, 2013 WL 1566326, at *3  ("[O]ne's privilege to engage in business and to compete with others implies a privilege to induce third persons to do their business with him rather than with his competitors." (quoting *Harvest Life Ins. Co. v. Getche*, 701 N.E.2d 871, 877 (Ind. Ct. App.1988))).

Second, aside from a single conclusory claim that Talkdesk's actions "caused harm," Plaintiff does not make any allegations that would support the damages element of a tortious interference claim.  Notably, Plaintiff does not allege that any employee allegedly solicited by Strahan and/or Hertel actually terminated their employment contract with Plaintiff to join Talkdesk.  *See* Am. Compl. ¶¶ 223-26.  Therefore, Plaintiff has failed to plausibly allege "damages resulting from defendant's wrongful inducement of the breach."  *See Konecranes, Inc.*, 2013 WL 1566326, at *2.

### D.   PLAINTIFF'S "RAIDING" CLAIM FAILS AS A MATTER OF LAW.

Under the federal notice pleading standard, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face….  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 677.  Plaintiff's claim against Talkdesk for "raiding" fails to meet this standard.

Plaintiff alleges that Talkdesk illegally "raided" Plaintiff by widely recruiting Plaintiff's "mid-market sales management team." Am. Compl. ¶¶ 235-41.[1] "Indiana does not recognize 'corporate raiding' as an independent cause of action separate and apart from a claim of unfair competition." *Howmedica Osteonics Corp. v. DJO Glob., Inc.*, No. 117CV00938SEBTAB, 2018 WL 3130969, at *7 (S.D. Ind. Mar. 15, 2018). Under Indiana law, "unfair competition extends to acts that although generally considered a fair and welcomed part of vibrant competition, are engaged in for the primary purpose of destroying a competing business." *The Finish Line, Inc. v. Foot Locker, Inc.*, No. 1:04CV877RLYWTL, 2006 WL 146633, at *9 (S.D. Ind. Jan. 18, 2006) (alteration and internal quotation marks omitted). Plaintiff has not "plausibly" alleged any such illicit motivation on the part of Talkdesk.

"One's privilege to engage in business and to compete with others implies a privilege to induce third persons to do their business with him rather than with his competitors." *Konecranes, Inc.*, 2013 WL 1566326, at *3 (alteration omitted). This same privilege "entitles one not only to seek to divert business from his competitor generally but also from a particular competitor." *Id.* Plaintiff has not alleged any act in support of its "raiding" claim that goes beyond the normal range of fair and healthy competition.

## CONCLUSION

Because this Court does not have personal jurisdiction over Talkdesk, Talkdesk respectfully requests that the Court dismiss Plaintiff's claims against Talkdesk or, alternatively, transfer venue to the Northern District of California. However, if the Court does determine that it has personal jurisdiction over Talkdesk and that venue is proper, Talkdesk moves this Court to dismiss Plaintiff's claims against it for failure to state a claim.

---

[1] As noted above, Plaintiff's "raiding" claim is preempted to the extent it relies upon the alleged misappropriation of confidential information. *See HDNet, LLC*, 972 N.E.2d at 924-25.

Dated:  March 15, 2019

Respectfully submitted,

*/s/ Samuel C. Straight*

*Attorneys for Defendant Talkdesk, Inc.*

James P. Strenski, #18186-53
Keith D. Mundrick, #30783-49
CANTRELL STRENSKI & MEHRINGER, LLP
150 West Market Street, Suite 800
Indianapolis, IN  46204
317.352.3500 (Phone)
317.352.3501 (Fax)
jstrenski@csmlawfirm.com
kmundrick@csmlawfirm.com

Samuel C. Straight (*pro hac vice*)
Whitney Hulet Krogue (*pro hac vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
(801) 532-1500
sstraight@rqn.com
wkrogue@rqn.com

1482799

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and/or first class U.S. Mail:

John R. Maley
Thomas C. Payne
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, IN 46204

Respectfully submitted,

/s/ Samuel C. Straight

*Attorneys for Defendant Talkdesk, Inc.*

James P. Strenski, #18186-53
Keith D. Mundrick, #30783-49
CANTRELL STRENSKI & MEHRINGER, LLP
150 West Market Street, Suite 800
Indianapolis, IN  46204
317.352.3500 (Phone)
317.352.3501 (Fax)
jstrenski@csmlawfirm.com
kmundrick@csmlawfirm.com

Samuel C. Straight (*pro hac vice*)
Whitney Hulet Krogue (*pro hac vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385
(801) 532-1500
sstraight@rqn.com
wkrogue@rqn.com