UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS TELECOMMUNICATIONS LABORATORIES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Case No. 1:19-CV-695-TWP-DML ) |
| TALKDESK, INC., et al | ) ) |
| Defendants. | ) |

### DEFENDANTS' SUR-REPLY IN OPPOSITION TO GENESYS'S MOTION FOR PRELIMINARY INJUNCTION

James P. Strenski, #18186-53
PAGANELLI LAW GROUP
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Telephone: 317-550-1855
Email: jstrenski@paganelligroup.com

David S. Moreland (*pro hac vice*)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree St. NE, Suite 1300
Atlanta, GA 30309
Telephone: 404-645-7700
Email: dmoreland@mcciplaw.com

Plaintiff filed a Reply in support of its motion for preliminary injunction the morning of December 2, 2019, in advance of the hearing that afternoon. At the hearing, the Court granted leave for Defendants to submit this sur-reply to address Plaintiff's assertion made in the Reply that the Court should draw an adverse inference based on the Defendants' "not attend[ing]" the hearing (*see* Dkt. No. 192). Thus, while the other points in Plaintiff's reply are also incorrect (as discussed at the hearing), this sur-reply addresses only this limited "adverse inference" issue per the Court's instructions.

To that end, Plaintiff's assertions about the purported propriety of drawing an adverse inference are unsupported and incorrect. The case law relied on by Plaintiff applies in the context of an individual's ***invocation of the protections of the Fifth Amendment right against self-incrimination***. As found in those cases, a court "is allowed to draw an adverse inference against a party who refuses to testify [pursuant to the Fifth Amendment] in response to probative evidence offered against her." *Cincinatti Ins. Co. v. Greene*, No. 1:10-cv-0370, 2012 WL 3202962, *3 (S.D. Ind. 2012). And even under those limited circumstances, "there must be independent corroborative evidence to support the negative inference beyond the invocation of the privilege." *Id.*; *see also American Senior Communities, LLC v. Burkhart*, No. 1:17-cv-03273, 2019 WL 6170064, *7 (S.D. Ind. 2019) ("[A]dverse inferences can be, although need not be, drawn … when a person invokes his Fifth Amendment privilege in refusing to testify about pertinent information") (citations omitted).

None of this applies to this action.[1] The Defendants have **not** refused to testify or invoked the protections of the Fifth Amendment. Indeed, at the preliminary injunction hearing, Plaintiff played designated deposition testimony of the individual Defendants taken by Plaintiff

---

[1] Plaintiff cited to these cases without mentioning that the potential adverse inference discussed in the cases stemmed from the invocation of the Fifth Amendment privilege. It is clear these cases do not apply here.

1

in this case—which excerpts alone extended over half-an-hour.  Further, the individual Defendants provided declaration testimony.

As the Court is also aware, the hearing was limited to two hours.  At the status conference with Judge Lynch on November 7, the parties were advised about the minimal time available for live witnesses.  In line with this, Defendants submitted declaration testimony (which is in addition to deposition testimony already taken in the case).  Accordingly, Plaintiff's assertions that it would be proper or supportable for the Court to draw any adverse inference relating to whether or not the witnesses appeared live finds no basis in fact or law.

Respectfully submitted,

*/s/ David S. Moreland*

James P. Strenski, #18186-53
PAGANELLI LAW GROUP
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Telephone: 317-550-1855
Email: jstrenski@paganelligroup.com

David S. Moreland (*pro hac vice*)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree St. NE, Suite 1300
Atlanta, GA 30309
Telephone: 404-645-7700
Email: dmoreland@mcciplaw.com

*Attorneys for Defendants*