UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIELLE MORALES, ) <br> MICHAEL STRAHAN, ) <br> TALKDESK, INC., ) <br> RALPH MANNO, ) <br> MARK HERTEL, ) <br> ) <br> Defendants. ) | No. 1:19-cv-00695-TWP-DML |

## Entry and Order from Status Conference

The parties, by counsel, appeared for a status conference on March 17, 2022, with the magistrate judge. The court and counsel addressed trial and settlement matters.

The court also heard arguments from counsel regarding the timeliness of four discovery matters the plaintiff raised for purposes of a discovery conference. The court heard argument only on the defendants' contention that the plaintiff should be precluded from raising the issues because it has not done so in a timely manner. The court determined that to the extent they have been timely raised, briefing the merits of the disputes is appropriate.

The court found that the plaintiff did not timely raise issues relating to (1) the defendants' clawback of a communication they claim is privileged, and (2) defendants' objections to plaintiff's intent to serve a subpoena on non-party Viking Global. These issues—which the plaintiff maintains address liability--were first

raised with the court on February 25, 2022, over a year after the liability discovery deadline, long after service of expert reports and the briefing of Daubert issues, and after the court's ruling on cross-motions for summary judgment.  Litigating those issues now would be disruptive to the orderly management of this case.  Moreover, the court's review of the summary judgment briefing and order indicates that the plaintiff would have and should have raised discovery matters pertinent to liability if it found them to be important.  That calculus weighs against permitting the issues to be raised at this late date.

The court found that the plaintiff has timely raised (1) a damages-related issue regarding sales and booking data for certain "Pure Cloud" customers, and (2) a dispute regarding the defendants' duty to supplement their responses to plaintiff's first set of discovery requests.  In so finding, the court notes that there is no bright-line rule that a motion to compel must be filed before the discovery deadline, and that the timeliness question depends on the facts and circumstances of the case.  Those include the fact that the damages discovery deadline was not until late September, 2021—a point at which all claims in the case were the subject of the parties' cross-motions for summary judgment, and the court's ruling on the motions for summary judgment did not address damages issues.  And as to any dispute about the duty to supplement defendants' earlier discovery responses, that duty extends to the time of trial; the duty does not end at the discovery deadline.  The court rejects the defendants' argument that that principle doesn't apply here because the discovery requests at issue were served during the first phase of

discovery on preliminary injunction and personal jurisdiction issues rather than after the resolution of those issues and the adoption of a case management plan. It was clear to the court that some of the discovery during that first phase necessarily focused on merits issues in the case, and the court sees no basis for some exception to the duty to supplement.

Counsel shall continue to attempt to resolve the remaining discovery issues. If not resolved, the plaintiff's motion to compel is due by April 8, 2022; the defendants' response is due by May 7, 2022; and plaintiff's reply is due May 21, 2022. Counsel for defendants requested the right to address the timeliness issues in their briefing; they can do so, and the court will address those arguments as a request for reconsideration.

So ORDERED.

Date: 3/18/2022

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email