**BARNES & THORNBURG LLP**

John R. Maley
(317) 231-7464
John.Maley@btlaw.com

Thomas C. Payne
(317) 261-7852
Thomas.Payne@btlaw.com

11 S. Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

March 8, 2021

<u>*VIA ELECTRONIC MAIL*</u>

David S. Moreland
Meunier Carlin & Curfman LLC
999 Peachtree Street NE, Suite 1300
Atlanta, GA 30309
dmoreland@mcciplaw.com

      Re:    *Genesys Telecommunications Laboratories, Inc. v. Talkdesk, Inc., et al.*
               *Cause No. 1:19-cv-00695-TWP-DML*
               *Talkdesk's Supplementation of Inaccurate Representations*

Dear David:

      We write regarding the need for Talkdesk to correct false deposition testimony and evidence presented in this case. Defendant Manno and Talkdesk have taken the position that they were unaware of the contractual obligations Manno owed to Genesys. However, email correspondence belies that assertion.

      For example, on June 26, 2018, in discussing his eventual start date with Geraghty, Manno remarked "***I need to be very careful while employed at Genesys as the employment agreement is pretty clear on doing work for anyone else while employed, I'm sure you know that already though.***" TD 0160250 (emphasis added).

      Two months later, Talkdesk's Board Chair and CEO Tiago Paiva confirmed his own knowledge of Manno's contractual obligations, telling Brian Rose at Viking Global that he did not think Rose should speak with Manno, noting:

                                                                          " TD 0249637
(emphasis added).

      These communications were produced by the Defendants in discovery. Based on these communications, prior testimony from Ralph Manno and Talkdesk's Board Chair and CEO Tiago Paiva is false.

      Manno's previous declaration falsely states the following:

- Par. 1: "I do not recall seeing that employment agreement again until receiving a copy from Genesys…in November 2018 after this case had been filed."

- Par. 2: "I was not aware that the agreement had transferred from Interactive to Genesys when Interactive was acquired. Likewise, I was not familiar with any specific terms of my employment agreement until receiving it after the start of this case."

- Par. 4: "I was therefore not aware that I had a non-solicitation agreement until receiving a copy of the agreement in 2018."

Manno continued these falsehoods in his November 15, 2019 deposition testimony:

- Pages 21-22: Manno testifies that the last time he saw the employment agreement was when he asked for a copy of it after receiving the cease and desist letter.

- Page 22: Manno testifies that he does not recall if he had any discussions with anyone at Talkdesk about whether he had an agreement that might restrict his activities with Talkdesk.

- Page 145: On cross-examination by his counsel, Manno testifies that November 21, 2018 was the first time he had seen a copy of his employment agreement since he signed it in August 2004.

Manno's November 5, 2020 deposition testimony likewise contains untruths:

- Page 18: Manno testifies that he did not have any conversations with anyone at Talkdesk about whether he had any employment agreements or restrictive covenants owed to Genesys. Manno says he did not have this conversation because he "wasn't aware that I had one or it was still in effect."

- Pages 20-21: Manno testifies that when he was working at Genesys, he "assumed I had no employment agreement… I actually thought I had no employment with Interactive Intelligence. As you can tell, that was signed in 2004. I had no copy of it."

- Page 28: Manno testifies that he didn't seek input or guidance from anyone at Genesys about the fiduciary duty he owed to Genesys because he "didn't even know I had an employment agreement with Genesys."

Talkdesk Board Chair and CEO Tiago Paiva falsely testified on November 24, 2020:

- Page 19: "I can't say I was aware in 2018" of the Genesys personnel recruited and hired by Talkdesk were required to sign employment agreements with Genesys that contained restrictive covenants.

- Page 48: Paiva testified that Talkdesk would not be aware whether or not Genesys employees it recruited in 2018 had contractual restrictions: "I don't think Viking will know if they have contractual restrictions or not, the same way we don't. So they just assume we follow the rules."

In light of the emails quoted above, Mr. Manno had knowledge of his employment agreement, as did Mr. Paiva, Ms. Geraghty, and therefore Talkdesk. Defendants and their counsel have an

March 8, 2021
Page 3 of 3

obligation to correct these untruths. *See e.g.,* Indiana Rules of Professional Conduct, 3.3(a)(3), cmt. 1, 10; *Littler v. Martinez*, 2020 WL 42776, at *22 (S.D. Ind. Jan. 3, 2020) (sanctioning parties who made false statements under oath); *Filippo v. Lee Publications, Inc.*, 2007 WL 2713236, at *5 (N.D. Ind. Sept. 12, 2007) (sanctioning party and attorney after lying under oath and failing to correct false testimony).

Genesys demands that this testimony and evidence be corrected to reflect what the Talkdesk-produced documents make clear: that both Manno and Talkdesk were aware of the employment agreement between Genesys and Manno and Manno discussed that agreement with Talkdesk prior to beginning his employment on October 1, 2018. Please provide these corrections by March 15, 2021.

Lastly, in Defendants' supplemental disclosures served on the last day of liability discovery, February 19, 2021, Defendants' disclosed a fact witness for the first time. Genesys will object to the submission of any evidence or testimony introduced through this individual and will seek to exclude such evidence or testimony. Thank you.

Best Regards,

*/s/ John R. Maley*

John R. Maley
Thomas C. Payne

**BARNES & THORNBURG** LLP