

**MEUNIER CARLIN & CURFMAN LLC**
INTELLECTUAL PROPERTY LAW

**David S. Moreland**
Direct 678.869.7749
dmoreland@mcciplaw.com

March 12, 2021

**VIA E-MAIL ONLY**
*john.maley@btlaw.com*

John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535

Re: *Genesys v. Talkdesk et al.* – Response to 03.08.21 Letter

Counsel:

Your letter of March 8 references a document bearing Talkdesk production number TD 0249637. This document is an e-mail provided by Talkdesk's CEO to investors that conveys attorney-client privileged communications to individuals with a common legal interest in the affairs of Talkdesk. In particular, the two individuals receiving the information from Mr. Paiva (Brian Rose and David Truetzel) were members of Viking Global, investors in Talkdesk who possessed a common legal interest in Talkdesk's business. The document is thus privileged and was advertently produced during discovery. *See*, *e.g.*, *Groth v. Pence*, 67 N.E.3d 1104, 1119 (Ind. Ct. App. 2017) ("[T]he common interest privilege extends the attorney-client privilege to otherwise nonconfidential communications between parties represented by separate attorneys."). Pursuant to the claw-back provisions of the parties' protective order (Dkt. No. 52), please delete all copies of this document. Note that the non-privileged portions of this e-mail may be found in other production materials in this case.

As it relates to your assertion that Mr. Manno and Mr. Paiva stated "falsehoods" or "untruths," such assertions are without merit. Defendants stand by the cited prior declarations and testimony. Further, as it specifically relates to TD 0160250, Genesys previously had the opportunity to question both Mr. Manno and Mr. Paiva regarding any questions relating to the content of that document or its bearing on other testimony provided by the witnesses.

Nonetheless, the e-mail from Mr. Manno does <u>not</u> show that Mr. Manno or anyone at Talkdesk had possession or knowledge of Mr. Manno's 2004 Interactive Intelligence employment agreement—including the specific provisions alleged in this case to have been violated—when Mr. Manno was recruited by Talkdesk in 2018. Instead, all testimony and facts are consistent that Mr. Manno did <u>not</u> have possession of his 2004 Interactive Intelligence agreement and did <u>not</u> provide any such agreement to anyone at Talkdesk during his 2018 recruitment. As Mr. Maley is aware, Mr. Manno expressly requested a copy of his 2004 Interactive Agreement from Genesys after receiving the cease-and-desist letter from Mr. Maley

March 12, 2021
Page 2

in November 2018—confirming he did <u>not</u> possess a copy at that time. Talkdesk witnesses likewise confirmed that they did not receive a copy of any employment agreement from Mr. Manno during his recruitment. And, further, Genesys's own Human Resources Business Partner for North American Sales, Ms. Jessica Coburn, testified that (i) she was unaware of anyone at Genesys ever having provided information to Mr. Manno concerning the 2004 Interactive Intelligence agreement while Mr. Manno was employed with Genesys; (ii) Genesys did not locate Mr. Manno's 2004 agreement until after Mr. Manno's departure from Genesys in late 2018; and (iii) Genesys located the paper copy of Mr. Manno's 2004 agreement in a locked storage room that was inaccessible to Mr. Manno during his time at Genesys. Thus, any implication that Mr. Manno or Talkdesk were aware of specific contractual provisions of an employment agreement that Mr. Manno plainly did not have in his possession is without merit.

      Finally, regarding your stated objection of Mr. Alamgir being added to the supplemental disclosures, the disclosure took place during the fact-discovery period and was done once Mr. Alamgir was identified as someone with possible relevant knowledge. Further, although Talkdesk has noted throughout this case that publicly available databases exist that contain information relating to customers of companies in the contact center industry, including Genesys's customers, Genesys has failed to provide identification of its own witnesses who have knowledge of these relevant databases. Thus, Talkdesk's production of such a witness within the fact-discovery period is both appropriate and timely.

      Regards,

      /s/ *David S. Moreland*

      David S. Moreland
      Principal