UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 1:19-CV-695-TWP-DML |
| | ) |
| TALKDESK, INC., MICHAEL STRAHAN, | ) |
| RALPH MANNO, and MARK HERTEL, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OR
ALTERNATIVE RULE 72(A) PARTIAL OBJECTION**

**I.    INTRODUCTION**

Plaintiff presently seeks to disregard well-established courtroom procedure to inappropriately compel discovery far beyond the appropriate window to do so. Plaintiff essentially contends that the absence of an explicit deadline in the Federal Rules permits it to sit on discovery challenge for more than a year after a dispute arose and after discovery closed, and then only bring these untimely arguments when its counsel thinks it is convenient. Both the Defendants and Magistrate Judge Lynch disagree with this baseless assertion. For the foregoing reasons, Defendants respectfully request that the Magistrate Judge's Order (Filing No. 362, "the Order") finding Genesys did not timely raise issues relating to the clawback of a document be sustained.

**II.   LEGAL STANDARD**

Plaintiff styles its request for relief as either a motion "for partial reconsideration" or, in the alternative, as an objection to the Magistrate Judge's nondispositive order under Fed. R. Civ.

1

P. 72(a), although the Plaintiff nowhere addresses the standard of review under either basis. The parties have recently addressed the standard for motions for reconsideration, which here requires Plaintiff to demonstrate a "manifest error of law or fact" in the Magistrate Judge's Order. *W.P. v. Anthem Ins. Cos.*, No. 1:15-CV-00562-TWP-TAB, 2017 WL 5192239, at *2 (S.D. Ind. Nov. 8, 2017), *quoted in* Filing No. 366 at 1. And as Plaintiff has argued, a manifest error is found in the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted), *quoted in* Filing No. 372 at 3.

A similar standard applies to objections to a Magistrate Judge's order under Rule 72, which will only be set aside if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clear error standard "means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Doe v. Individual Members of Indiana State Bd. of L. Examiners*, No. 1:09-CV-842-WTL-JMS, 2010 WL 106580, at *1 (S.D. Ind. Jan. 4, 2010) (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)). This standard is "extremely deferential," and the district court cannot reverse the magistrate judge's decision "simply because the district court judge would have come to a different conclusion." *Id.* (citing *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006)).

### III. DISCUSSION

On March 12, 2021, after learning of an inadvertent disclosure of a privileged email, Defendants promptly alerted Plaintiff's Counsel to recover the privileged material as allowed under the Protective Order executed by both parties. (Filing No. 52). Plaintiff complied with the request to delete the email. Following Defendants' production of a revised privilege log and evidence to further confirm the privileged nature of the material, Plaintiff went silent. For the

remainder of the case—until the e-mail to the Court on February 25—Plaintiff took no steps or made any indication that it that it intended to challenge Defendants' position as to privilege with the Court.

On February 25, 2022, more than a year after the close of the February 19, 2021, deadline for discovery on liability, Genesys first raised the issue of privilege with the court. Magistrate Judge Lynch, observing the significant postponement in arguing the issue, ruled that "[l]itigating those issues now would be disruptive to the orderly management of this case." (Filing No. 362 at 2). Moreover, Judge Lynch identified that "the court's review of the summary judgment briefing and order indicates that the plaintiff would have and should have raised discovery matters pertinent to liability if it found them to be important." (Filing No. 362 at 2). After carefully weighing the facts, the Court decided in its broad discretion to preclude Genesys from arguing against the clawback of the privileged email. (Filing No. 362 at 1).

### A. Genesys Incorrectly Characterizes the Longstanding Judicial Policy to Deny Untimely Motions to Compel.

The crux of Plaintiff's argument is that there is "no deadline" to challenge a prompt invocation of the clawback provision of the protective order, citing the lack of any specific deadline in the Federal Rules, Local Rules, or the applicable Case Management Plan. (Filing No. 368 at 2–3, 4–8). But Genesys identifies *no court* which has agreed with its expansive view of the timeliness of its discovery motion, while there are a multitude of authorities that reject it. As Wright & Miller explains, courts "often deny" discovery motions "because the moving party delayed too long." 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2285 (3d ed.) (citing numerous cases in footnotes 11–13). And while courts may not be "rigid in regard to timing issues," *id.*, it is the Court's "broad discretion in discovery matters" that provides such flexibility, *Packman v. Chicago Trib. Co.*, 267 F.3d 628, 646 (7th Cir. 2001)

3

(finding no abuse of discretion in denying motion to compel as untimely). The Magistrate Judge considered and rejected Plaintiff's arguments as to its timeliness of raising the clawback issue. (Filing No. 362 at 1–2). Now plaintiff presents no additional justification for its year-long delay in its motion for reconsideration, aside from the incorrect position that it can raise a challenge at any time. (*See* Filing No. 368 at 3 (conceding that counsel "determined—with no deadline established by rule or order—to await disposition of the summary judgment motions to address the clawback … issue[]"). The Court's exercise of its discretion to find the clawback issue untimely raised cannot meet the high standard for reconsideration of the Magistrate Judge's order.

While requesting reversal of the Magistrate Judge's Order under both a motion for reconsideration and Rule 72(a), Genesys ignored discussing either legal standard. Under both tests, Genesys has failed to affirmatively show that the Magistrate Judge's discretionary decision to deny briefing on the clawback issue was either clearly erroneous or a manifest error of fact or law. *See Davidson v. Citizens Gas & Coke Util.*, 238 F.R.D. 234, 235 (S.D. Ind. 2006) (overruling objections to a Magistrate Judge's decision to deny a motion to compel, noting that "[t]he delay in filing the motion to compel, *alone*, was sufficient reason for its denial" (emphasis added)); *Vann-Foreman v. Illinois Cent. R.R. Co.*, No. 19 C 8069, 2021 WL 1209154, at *2 (N.D. Ill. Mar. 31, 2021) ("A Motion for Reconsideration of a discovery order is even more limited, as discovery rulings often involve matters of discretion").

In addition, Genesys ignores the multitude of authority granting broad discretion to district courts in resolving discovery-related matters and instead relies on the notion that courts may not impose standing orders that are inconsistent with the Federal Rules. Plaintiff alludes to several decisions that are irrelevant to the current issue in a clear attempt to construct a rule

restricting the Court's ability to manage its docket and ensure timely disclosures. For example, Plaintiff mischaracterizes *Johnson v. Lafayette Fire Fighters Ass'n Loc. 472, Int'l Ass'n of Fire Fighters, AFL-CIO-CLC*, by reading it to mean "local rules are in effect standing orders and standing orders cannot conflict with the Federal Rules of Civil Procedure." (Filing No. 368 at 3 (quoting 51 F.3d 726, 729 (7th Cir. 1995)). In fact, what the case says is that "while these standing orders *generally* cannot conflict with the Federal Rules of Civil Procedure, the Supreme Court and Congress have frequently used the federal rules to adopt default rules of procedure that are modifiable by the districts through the adoption of local rules." *Id.* (emphasis added).

Similarly, Plaintiff's reference to the Ninth Circuit's decision in *ABS Entertainment, Inc. v. CBS Corporation* is misleading at best. In particular, *ABS Entertainment* involved an appeal of a district court's decision to deny of a motion for class action certification as untimely. While Plaintiff correctly identified that the local rule was deemed to be inconsistent with the Rule 23, it incorrectly indicated that Rule 23 "does not set a time limit." (Filing No. 368 at 3). In contrast, the decision notes that Rule directs class certification "[a]t an early practicable time after a person sues or is sued as a class representative." *ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 426 (9th Cir. 2018) (citing Fed. R. Civ. P. 23(c)(1)(A)). The 90-day window set by the local rules removed any discretionary considerations afforded to the courts in determining class certification explicitly required by the Rule. That is not the case here. This Court has consistently recognized that neither the federal nor local rules set an explicit deadline in filing a motion to compel under Rule 26. That omission, however, does not indicate that *any* deadline imposed by the Court to direct orderly discovery is *per se* inconsistent with the Rule.

Indeed, both this Court and the Seventh Circuit have adopted a wholly different approach regarding the timeliness of motions to compel as compared to that proposed by Genesys. *See,*

*e.g.*, *Packman*, 267 F.3d at 647 (motion to compel filed after discovery closed and summary judgment motion was filed deemed untimely); *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (no error in denying motion to compel filed two months after close of discovery with "no excuse for [its] tardiness"); *Wine & Canvas Dev. LLC v. Weisser*, No. 1:11-CV-01598-TWP, 2014 WL 585406, at *2 (S.D. Ind. Feb. 14, 2014) (denying motion to compel filed four months after discovery deadline as untimely, noting that "[p]arties should not be rewarded for this kind of delay in the litigation process"); *Geng v. Spencer*, No. 1:19-CV-03139-JPH-MPB, 2020 WL 4557752, at *5 (S.D. Ind. Aug. 6, 2020) ("Courts commonly deny motions to compel that are filed after the close of discovery, especially where the movant does not have a valid excuse for the failure to bring the motion earlier."). The courts *may*, in their discretion, excuse a delay where the movant provides "a reasonable and persuasive justification for its untimeliness." *Wine & Canvas*, 2014 WL 585406, at *2 (quoting *Fast Food Gourmet, Inc. v. Little Lady Foods, Inc.*, No. 05 C6022, 2007 WL 1673563, at *3–4 (N.D. Ill. June 8, 2007)) (concluding that plaintiff's untimeliness and the lack of justification were sufficient reason to deny motion without consideration of other factors); *see also Rossetto*, 217 F.3d at 542. Thus, it is completely within the purview of the Magistrate Judge to restrict untimely motions to compel.[1]

---

[1] Genesys additionally tries to argue that the "Protective Order allows clawback 'at any time,' and is silent as to any deadline for challenging clawback." (Filing No. 368 at 5). This, however, misses the point. The Protective Order allows either party to clawback at any stage during the proceeding, but it does not allow either party unreasonable delay in doing so. Defendants, within four days upon learning of the accidental production of privileged documents, promptly contacted Plaintiff requesting clawback of the email—as Plaintiff's motion concedes, Defendants asserted the clawback provision four days after Plaintiff raised the issue of the document. *See* Exhibit B, Filing No. 368-2. On the other hand, Plaintiff waited an entire year without demonstrating any indication of an intent to challenge the merits of the clawback.

> **B.     Genesys has not shown a reasonable and persuasive justification for the year-long delay in challenging the clawback of the privileged-communication.**

Plaintiff presents no legitimate justification for the approximately one-year delay beyond its belief that it could sit on the information until after summary judgment because the Federal Rules were silent as to a specific "deadline." As Plaintiff notes, it "determined" that it would "await disposition of the summary judgment motions to address the clawback … issue[]". (Filing No. 368 at 3). Counsel's tactical choice, premised on its erroneous belief that the Court cannot impose any "deadline," does not amount to a reasonable and persuasive justification for the delay. *See, e.g.*, *Wine & Canvas*, 2014 WL 585406, at *2 (finding no legitimate excuse for delay when plaintiff waited nearly four months before filing a motion seeking certain documents); *Banks v. CBOCS W., Inc.*, No. 01-C-0795, 2004 WL 723767, at *2 (N.D. Ill. Apr. 1, 2004) ("The busy schedule of Banks's counsel does not justify allowing him to file this untimely motion").

Plaintiff's rationale for the delay does not amount to a justifiable excuse to warrant an exception. The Magistrate Judge found that allowing Plaintiff to litigate this issue now "would be disruptive to the orderly management of this case," and that Plaintiff "would have and should have raised [this] discovery matter[] pertinent to liability" before the summary judgment stage if "it found them to be important." Filing No. 362 at 2; *cf.* Filing No. 368 at 7 (Plaintiff arguing it believes the underlying document "impacts liability"). Furthermore, Plaintiff had ample opportunity argue this issue when the issue of privilege was first brought its attention. Therefore, the exceptional circumstances required to negate untimely discovery requests are not present here.

> **C.     The arguments about privilege of the underlying document are improper in view of the Magistrate Judge's decision.**

The Magistrate Judge correctly found that Plaintiff did not timely raise the clawback issue and therefore did not permit further briefing or argument on the underlying privilege claim.

7

(Filing No. 362 at 1). *See Davidson*, 238 F.R.D. at 235 ("The delay in filing the motion to compel, alone, was sufficient reason for its denial"); *see also Wine & Canvas*, 2014 WL 585406, at *2. Nevertheless, Plaintiff's motion spends almost half its time arguing about the substance of the underlying privilege claim. In email correspondence, counsel for Plaintiff indicated he chose to include this argument "for efficiency" in case the Court concluded the clawback issue had been timely presented. But had the Magistrate Judge found the dispute *timely*, she would have ordered further briefing on the merits—as she did the other two discovery issues. (Filing No. 362 at 2–3).[2] Because the Order did not address any issues other than timeliness, there is no "defect in the order" for Plaintiff to object to (Fed. R. Civ. P. 72(a)), nor anything to ask reconsideration of, as to the privilege claim.

Plaintiff's additional arguments are therefore improper in the current posture of this motion. They are irrelevant to the question at issue and a blatant disregard of the Magistrate Judge's order, so Defendants do not address them in this response (while reserving all rights on the privilege issue). Should the Court sustain Plaintiff's objections or grant reconsideration, Defendants respectfully request a deadline of thirty days following any such order to fully address the substance of the privileged communication.

## IV.     CONCLUSION

For at least the reasons discussed above, Defendants respectfully request denial of Plaintiff's motion for reconsideration of, or in the alternative overrule the objections to, the Magistrate Judge's Order as it relates to the clawback of the privileged email.

---

[2] In accord with the Order, Plaintiff filed a motion to compel with substantive briefing on the remaining issues on April 8, in which it also argued those issues were timely raised. (See Filing No. 374 at 11–12).

Respectfully submitted,

Dated: April 15, 2022  /s/ *David S. Moreland*

James P. Strenski, #18186-53
PAGANELLI LAW GROUP
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Telephone: 317-550-1855
Email: jstrenski@paganelligroup.com

David S. Moreland (*pro hac vice*)
Warren J. Thomas (*pro hac vice*)
Steven M. Philbin (*pro hac vice*)
Laken E. Adkins (*pro hac vice*)
Lee G. Hamilton (*pro hac vice*)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree St. NE, Suite 1300
Atlanta, GA 30309
Telephone: 404-645-7700
Email: dmoreland@mcciplaw.com
wthomas@mcciplaw.com
sphilbin@mcciplaw.com
ladkins@mcciplaw.com
lhamilton@mcciplaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and/or first-class U.S. Mail:

John R. Maley
Thomas C. Payne
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
***Counsel for Plaintiff***

*/s/ David S. Moreland*
David S. Moreland