## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

GENESYS CLOUD SERVICES, INC., )
)
                Plaintiff, )
)
            v. )    Case No. 1:19-cv-00695-TWP-DML
)
TALKDESK, INC., MICHAEL STRAHAN, )
RALPH MANNO, and MARK HERTEL, )
)
           Defendants. )

### ENTRY ON DEFENDANTS' MOTION FOR RECONSIDERATION
### OF THE GRANT OF SUMMARY JUDGMENT

This matter is before the Court on a Motion for Reconsideration of the Grant of Summary Judgment filed pursuant to Federal Rule of Civil Procedure 54(b) by Defendants Talkdesk Inc. ("Talkdesk"), Michael Strahan ("Strahan"), Mark Hertel ("Hertel"), and Ralph Manno ("Manno") (collectively, "Defendants") (Filing No. 365).  Plaintiff Genesys Cloud Services, Inc. ("Genesys") initiated this lawsuit against the Defendants for misappropriation of trade secrets, breach of contract, and tortious interference with contract among other things.  After Genesys filed its Third Amended Complaint, (Filing No. 235), the parties filed cross-motions for summary judgment on the thirty-seven counts,[1] and the Court granted in part and denied in part those motions (Filing No. 348).  In their pending Motion for Reconsideration, the Defendants ask the Court to reconsider the grant of summary judgment in favor of Genesys on three claims.  For the following reasons, the Court **denies** the Motion.

---

[1] Two additional claims were asserted in the Third Amended Complaint against co-defendant Danielle Morales, but those claims were dismissed by stipulation of the parties before the cross-motions for summary judgment were filed (*see* Filing No. 251).

## I.     **LEGAL STANDARD**

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case.  *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009).  The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion to reconsider under Rule 54(b) also may be appropriate where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court."  *Id.* (citation omitted).

The purpose of a motion for reconsideration is to ask the court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

Furthermore,

> [m]otion practice is not an exercise in trial and error or maybe-maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled to assume that, if [a party] had viable arguments to support its claim, it would have presented them. The Court will not conduct [a party's] research and build [the party's] analysis in order to find facts and law to support [the party's] own claims.

*Brownstone Publ'g, LLC v. At&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009). A motion to reconsider "is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Id.*

## II.    DISCUSSION

In its Entry on Cross-Motions for Summary Judgment, the Court granted summary judgment

> in favor of Genesys on its claims for (1) breach of contract based on the non-compete provision against Manno and Strahan; (2) breach of contract based on the "faithful service during employment" provision against Manno and Strahan; (3) breach of contract based on the "surrender of records" provision against Manno and Strahan; and (4) breach of fiduciary duty of loyalty against Manno, Strahan, and Hertel. The amount of damages on these claims must be determined by the trier of fact.

([Filing No. 348 at 42](#).)  The Court granted summary judgment in favor of the Defendants on some

of the other claims, and the Court denied summary judgment as to many of the claims.  *Id.* at 41–

42.

The Defendants ask the Court to reconsider the grant of summary judgment in favor of

Genesys on three claims: (1) breach of contract based on the non-compete provision against Manno

and Strahan, (2) breach of contract based on the "surrender of records" provision against Manno

and Strahan, and (3) breach of fiduciary duty of loyalty against Manno, Strahan, and Hertel. The

Defendants argue that the Court made manifest errors of law and fact when it entered summary

judgment for Genesys on those three claims.

The Defendants argue that the Court made a manifest error when it concluded Manno and

Strahan contracted with Genesys that they would not, during their employment, serve as an agent

of a competing company, and they breached their contracts because they served as agents of

Talkdesk while still employed by Genesys by performing recruiting activities, planning sales team

coordination, and establishing a Talkdesk email account.  The Defendants assert that Indiana courts

generally require three elements to establish an agency relationship: (1) a manifestation of consent

by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal

over the agent. And the Defendants assert that whether an agency relationship exists generally is

a factual question. The Defendants argue that Genesys never addressed these elements when

asking for summary judgment, and the Court never discussed these elements in its Entry; rather,

the Court simply presumed Manno and Strahan were agents of Talkdesk. They contend Manno

and Strahan had no hiring authority and were not compensated by Talkdesk during their

recruitment.  The Defendants argue the existence of an agency relationship is a disputed question

of fact, and it was erroneous for the Court to enter summary judgment.

The Defendants additionally argue that the Court erred by not holding the non-compete provision overly broad and unenforceable while at the same time holding that the non-solicitation and "preparing to compete" provisions were overly broad and unenforceable. The Defendants argue that this created an inconsistency or contradiction regarding the employment contract's application to the same kinds of activities.

Regarding the breach of contract claim based on the "failure to surrender records" provision, the Defendants argue that the Court made a manifest error in not determining the provision was overly broad and unenforceable, and the Court ignored the designated evidence that Manno and Strahan did not retain Genesys documents post-employment with Genesys. The Defendants assert the provision is overly broad and unenforceable because it covers materials in which Genesys could not have a protectible interest because the materials were shared publicly, and Genesys failed to show that it does have a protectible interest in the materials. The Defendants also argue the PureCloud list—the primary document that Genesys alleges should have been surrendered—could have been downloaded from a public website after their employment with Genesys ended. They argue Strahan did not possess the PureCloud list at his termination, meaning the document was not subject to the surrender clause of the employment contract. The Defendants also argue the evidence shows the Genesys financial comfort letter was provided to third parties, and Manno did not retain Genesys documents when he left Genesys' employment, so Manno could have obtained the letter from a third party after having left Genesys, and thus, the document would not be subject to surrender.

The Defendants argue the Court's decision regarding the breach of fiduciary duty claim is erroneous because the Entry was not clear about what specific acts of Manno, Strahan, and Hertel went beyond simply preparing to compete, which the Court had determined was permissible.

Furthermore, the Defendants contend, the Court erred because it did not address the required element of harm to the beneficiary to satisfy a fiduciary duty claim.  The Defendants assert that the evidence shows a dispute of fact regarding whether Genesys suffered any harm at all from the individual defendants' actions.

The Court first notes that, while it understands defense counsel's disappointment in the Court's rulings as to the three challenged claims, and while it understands defense counsel's urge to provide zealous advocacy for his clients, an attorney's advocacy and argument cannot and do not change the facts that are established by the designated evidence.  Likewise, and importantly, an attorney's own characterization of evidence cannot and does not change the facts that are established by the designated evidence.  Furthermore, one particular fact may be material as to one claim while at the same time that fact is not material as to a different claim.

As to the claim for breach of contract based on the non-compete provision, the Court explained in its Entry,

> [A]n employer has a legitimate interest in its employees not competing against it while they are still employed. Manno and Strahan contracted that they would not, during their employment, directly or indirectly become employed by or serve as an agent of a competing company. The designated evidence indicates that they served as agents of Talkdesk while still employed by Genesys by performing recruiting activities, planning sales team coordination, and establishing a Talkdesk email account. Furthermore, Strahan began his employment with Talkdesk on September 17, 2018, and remained employed by Genesys until September 30, 2018 (even if he used accrued vacation days the last two weeks of employment). Even if they did not receive a paycheck from Talkdesk while still employed by Genesys, Manno and Strahan still breached their contractual obligation to not compete with Genesys during their employment with Genesys by acting as agents of Talkdesk.

(Filing No. 348 at 21.) The Court discussed at length at pages 2–12 of the summary judgment Entry the facts and supporting designated evidence that show Manno and Strahan served as agents of a competing company by performing recruiting activities, planning sales team coordination, establishing a Talkdesk email account, and beginning employment with Talkdesk while still

employed by Genesys (Strahan). The facts and designated evidence of the communications and activities among Talkdesk, Manno, and Strahan show that Talkdesk consented to and exerted control over Manno's and Strahan's activities undertaken for the benefit of Talkdesk while they still were Genesys employees. And the facts and designated evidence show Manno and Strahan accepted authority granted by Talkdesk to undertake activities for the benefit of Talkdesk while they still were Genesys employees. As the Court previously concluded, the evidence indicates that Manno and Strahan acted as agents of Talkdesk during their Genesys employment. Thus, they breached the non-compete provision of their employment contracts.

As explained in the Court's summary judgment Entry, the non-solicitation provision was held to be unenforceable because it has the same language that the Indiana Supreme Court deemed to be unenforceable. The "preparing to compete" provision was held to be unenforceable because case law specifically permits preparation to compete. However, such is not the case for competition during employment, and the Court explained that an employer has a legitimate interest in its employees not competing against it while they are still employed.

As to the claim for breach of contract based on the "surrender of records" provision, the Court explained in its Entry,

> The Court is not persuaded by the Defendants' fleeting argument that the "surrender of records" provision is overly broad and unenforceable. Businesses have a legitimate interest in their records, and the Court cannot justify ignoring or invalidating the contracting parties' agreement to surrender records at the end of employment based on a passing, generic assertion of overbreadth. The Defendants point to Strahan's affidavit wherein he asserts that when he left Genesys, he did not have in his possession "any documents specific to Genesys." (Filing No. 183-8 at 5.) They also point to Manno's affidavit wherein he asserts that when he left Genesys, he did not have in his possession "any sales or product documents specific to Genesys" and that he did not take any Genesys "equipment, documents, or other information" when he left (Filing No. 183-6 at 5). However, the documentary evidence clearly indicates that Manno and Strahan had Genesys' records in their possession after leaving their employment with Genesys. This conclusion from the evidence does not require the Court to weigh conflicting evidence. It is plain from

Manno's and Strahan's own email correspondence that they had Genesys' PureCloud list and Manno had Genesys' chief financial officer's letter in their possession after leaving Genesys, and they shared these Genesys records with others at Talkdesk on October 17 and 18, 2018 (*see* Filing No. 258-36 at 2; Filing No. 257-28; Filing No. 258-14). The Court notes that the "surrender of records" provision is not dependent upon the nature of the record—such as being confidential or a trade secret—or whether it was known in the industry.

(Filing No. 348 at 24.) Nothing has changed in the evidence, argument, or law regarding the asserted overbreadth and unenforceability of the "surrender of records" provision to warrant a change in the decision upon a motion to reconsider.

The Defendants take issue with the word choice or semantics of the Court's Entry, wherein the Court explained that the evidence showed Manno and Strahan "had" Genesys records in their possession "after leaving" their employment with Genesys rather than stating that they "retained" records "at the time of their termination." However, the evidence shows Manno and Strahan possessed Genesys records that they should have surrendered to Genesys, which they instead disseminated throughout Talkdesk. Additionally, the employment contract did not limit the "surrender of records" provision only to confidential documents, and businesses have a legitimate interest in their records. Thus, summary judgment was appropriately granted.

The Defendants argue that it is possible that Manno and Strahan could have downloaded from a public website or obtained from a third party the Genesys documents after having left Genesys, and the Court should have viewed the evidence in a light favorable to the Defendants to conclude that this is what actually happened. "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). And the Court is confident that if this is what actually did happen, the Defendants would have designated evidence

to the Court showing that they actually did obtain the Genesys documents from a third party or from a public website after having left Genesys. The Defendants did not designate such evidence.

As to the claim for breach of fiduciary duty of loyalty against Manno, Strahan, and Hertel, the Court explained in its Entry,

> For the reasons discussed above when considering the breach of contract claims, the Court concludes that summary judgment is appropriate in favor of Genesys on its claims against Manno, Strahan, and Hertel for breach of fiduciary duty of loyalty. Genesys' position is well-taken that Manno, Strahan, and Hertel owed a duty of loyalty to Genesys while they were high-ranking employees of Genesys. These three employees, while still employed by Genesys, served as agents of Talkdesk by performing recruiting activities and planning sales team coordination. During work hours, they performed recruiting efforts on behalf of Talkdesk and had numerous conversations with Talkdesk personnel about hiring and sales plans and strategies. Strahan even began his employment with Talkdesk while still employed by Genesys. Their actions were in direct competition with Genesys while they were still employed by Genesys; their activities went well beyond simply preparing to compete or preparing to start a new job. The designated evidence leads to the conclusion that they did not fulfill their fiduciary duty of loyalty to Genesys while they were still employed by Genesys.

(Filing No. 348 at 30.)

The Court discussed at length at pages 2–12 of the summary judgment Entry the facts and supporting designated evidence that show Manno, Strahan, and Hertel engaged in activities for the benefit of Talkdesk while still employed by Genesys thereby breaching their fiduciary duty of loyalty. The designated evidence also shows that Genesys was harmed by their conduct: Genesys lost three sales team leaders and many other sales personnel to a direct competitor within a very small timeframe. The amount of harm and damages is disputed, so the Court determined that that question had to be decided by the trier of fact. As to the three challenged claims, the Defendants have failed to show a manifest error of law or fact. Instead, they have shown disappointment with the decision and a disagreement with the Court's reasoning concerning the facts and designated evidence. However, this does not warrant a different outcome under a motion for reconsideration.

Finally, in its response brief, Genesys makes a passing reference to 28 U.S.C. § 1927, asserting that the Court should award attorney's fees to Genesys for having to respond to this allegedly frivolous Motion for Reconsideration.  While the Court concludes that the Defendants' Motion does not have merit, the Court also concludes that the Motion is not so "unreasonable and vexatious" to justify the imposition of attorney's fees against the Defendants.

### III.    CONCLUSION

For the foregoing reasons, the Defendants' Motion for Reconsideration (Filing No. 365) is **DENIED**.

**SO ORDERED.**

Date:   4/21/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

Kathleen M. Anderson
BARNES & THORNBURG, LLP
kathleen.anderson@btlaw.com

Thomas C. Payne
BARNES & THORNBURG, LLP
Thomas.Payne@btlaw.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

James P. Strenski
PAGANELLI LAW GROUP
jstrenski@paganelligroup.com

David S. Moreland
MEUNIER CARLIN & CURFMAN LLC
dmoreland@mcciplaw.com

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
jharbin@mcciplaw.com

Laken Adkins
MEUNIER CARLIN & CURFMAN LLC
ladkins@mcciplaw.com

Lee Gerritt Hamilton
MEUNIER CARLIN & CURFMAN LLC
lhamilton@mcciplaw.com

Steven Matthew Philbin
MEUNIER CARLIN & CURFMAN LLC
sphilbin@mcciplaw.com

Warren Thomas
MEUNIER CARLIN & CURFMAN LLC
wthomas@mcciplaw.com