UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 1:19-CV-695-TWP-DML |
| | ) |
| TALKDESK, INC., et al. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO EXCLUDE CERTAIN OF PLAINTIFF'S DESIGNATED DEPOSITION TESTIMONY AND DEFENDANTS' IDENTIFICATION OF COUNTER-DESIGNATION TO PLAINTIFF'S PROPOSED DEPOSITION TESTIMONY**

Defendants Talkdesk, Inc. ("Talkdesk"), Michael Strahan ("Strahan"), Mark Hertel ("Hertel"), and Ralph Manno ("Manno") (collectively "Defendants") submit the following objections to Plaintiff Genesys's designations of deposition testimony, and respectfully request that the Court exclude the following deposition excerpts.[1]

Defendants provide the following requests for exclusion of witness deposition designations made by Plaintiff:

**I.    Mervyn Alamgir, May 25, 2021**

Defendants request that the Court exclude the following designations of Mr. Alamgir as improperly seeking legal conclusions from Mr. Alamgir, while also assuming facts not in evidence: 39:21–25; 41:4–8.  The questions ask Mr. Alamgir to agree that a "duty to work in the best interest" of Talkdesk exists, while also asking if it is proper to "steal data."  These questions and answers suggest improprieties that the jury must resolve (or are not at issue)—not issues for

---

[1] Defendants provide a chart listing the objections to Plaintiff's designations of deposition testimony, as well providing Defendants counter-designations to Plaintiff's designations. See Exhibit A attached herewith.

comment on by lay or expert witnesses—and should be excluded for the same reasons outlined in Defendants' motion *in limine* ("MIL") No. 10. See D.I. 409 at 28 (citing *RAP Indy, LLC v. Zurich Am. Ins. Co.*, No. 1-19-CV-04657-JRS-MJD, 2021 WL 5029520, at *1 (S.D. Ind. Sept. 15, 2021) (disallowing "testimony as to legal duties or any opinions that a party violated (or did not violate) those legal duties")).

Defendants further object to the following designations of Mr. Alamgir as lacking relevance or probative value: 11:9–24; 14:18–15:15; 15:20–16:14; 17:23–19:1; 19:6–11; 20:20–21:6; 21:20–25; 22:4–18; 29:15–30:11. The proposed testimony relates to Talkdesk's budgets, personnel, and compensation for its lead generation department, which includes advertising and marketing, and has little, if any, probative value or relevance. While Genesys may assert that the budget and compensation paid to these employees relates to database programs that are capable of generating lead information for competitors, this line of deposition questions does not touch on the discrete issue of software or personnel costs relating to lead generation or database availability. Instead, the questions cover broad swaths of irrelevant and potentially prejudicial information, including the costs of irrelevant software programs, the advertising and marketing budget of Talkdesk, and the compensation paid to Mr. Alamgir and others for their overall job responsibilities at Talkdesk. While not relevant, this information may cause jury confusion and prejudice to Defendants by allowing Genesys to conflate the costs spend by Talkdesk toward overall marketing and advertising as opposed to the minor costs associated with the robust lead generation software programs that Mr. Alamgir's team has at its disposal.

Defendants further object to the following lines as seeking speculation and not based on personal knowledge of Mr. Alamgir: 38:6–18. Speculation of a witness is not evidence and should be excluded under Federal Rules of Evidence ("FRE") 602.

Defendants further object to line 16:6–9 and 32:1–4 as attorney objections and instructions that should be played to the jury, including an attorney-client privilege objection that would be highly prejudicial and should be omitted from any final designations played by Genesys at trial.

Finally, Defendants ask that the Court preclude the playing of 33:6–9 as impermissibly inquiring into discovery-related issues. The questioning is both irrelevant and prejudicial, because it relates only to whether the witness knows the location of a particular document, an irrelevant discovery-related issue that should not be heard by the jury for the reasons outlined in Defendants' MIL No. 14. See D.I. 409 at 33.

## II.     Shauna Geraghty, February 16, 2021

Defendants request that the Court exclude the following designations of Ms. Geraghty as improperly seeking legal conclusions, while also assuming facts not in evidence: 10:5–9, 11:12–19, 18:16–19:4, 26:20–28:2. The questions ask Ms. Geraghty to assess whether there is an "obligation to act in the best interest of their employer," whether she would not "expect … employees to be assisting a competitor in recruiting," her assessment of the use of allegedly "confidential Genesys information," and her interpretation of whether someone was required to "use his best efforts" and "not work for another employer." These questions and answers are directed to issues that the jury must resolve and should be excluded for the same reasons outlined in Defendants' MIL No. 10. See D.I. 409 at 28 (citing *RAP Indy, LLC v. Zurich Am. Ins. Co.*, No. 1-19-CV-04657-JRS-MJD, 2021 WL 5029520, at *1 (S.D. Ind. Sept. 15, 2021) (disallowing "testimony as to legal duties or any opinions that a party violated (or did not violate) those legal duties")).

Further, Defendants request the designations at 16:19–17:1 and 48:9–19 be precluded. The first statement assumes testimony and facts not in evidence, stating that "Mr. Strahan in this

case has testified" and then posing a question. The second question asks whether Ms. Geraghty has any "regrets" about her professional conduct, which is both argumentative and implies that her actions have been improper. Such questions are not helpful to the jury. Both lines of questioning is improper as it assumes that both the proposition suggested is correct with basis, and also suggests to the jury facts that are not in evidence or correct.

Defendants further object to the following lines as seeking speculation and not based on the personal knowledge of Ms. Geraghty: 35:6–11. Speculation of a witness is not evidence and should be excluded. FRE 602.

Finally, Defendants object to the following argumentative questions: 34:12–20 and 37:9. The first seeks an answer already answered by the witness, and the second is a statement by counsel commenting as to what "the record shows" and is neither testimony nor a question. Defendants ask that both be excluded.

### III. Tiago Paiva, November 24, 2020

Defendants request that the Court exclude the following designations of Mr. Paiva as improperly seeking legal conclusions, while also assuming facts not in evidence: 20:16–21:3, 21:4–25. The questions ask Mr. Paiva regarding whether Talkdesk has "created certain confidential information," "created certain trade secret information," and whether management must "act in the best interest," be "loyal to Talkdesk," and "honor their fiduciary duties." These questions and answers touch on legal conclusions that the jury must resolve and accordingly should be excluded for the same reasons outlined in Defendants' MIL No. 10. See D.I. 409 at 28 (citing *RAP Indy, LLC v. Zurich Am. Ins. Co.*, No. 1-19-CV-04657-JRS-MJD, 2021 WL 5029520, at *1 (S.D. Ind. Sept. 15, 2021) (disallowing "testimony as to legal duties or any opinions that a party violated (or did not violate) those legal duties")). Further, introducing such

vague legal assertions relating to Talkdesk is irrelevant and would only serve to introduce jury confusion, further prejudicing Defendants.

Defendants further request that the Court preclude the proposed deposition designation of Mr. Paiva at 11:7–11, 11:16–20, 12:11–14, and 13:8–13 relating to Talkdesk's equity funding and valuations. The bases for excluding this testimony are the same as discussed in Defendants' MIL No. 4, which outlines that Talkdesk's value, valuation, and equity funding information is irrelevant to any issue and could affect the jury's perception of liability and damages issues in the case, prejudicing Defendants. See D.I. 409 at 20. Exclusion of these irrelevant questions and answers is thus warranted under FRE 402 and 403.

Defendants further ask that the Court preclude the playing of 66:7–68:7, 84:20–22, 85:15–86:11, and 86:15–22 as impermissibly inquiring into discovery-related issues. These questions are both irrelevant and prejudicial because they seek information relating to steps taken by Talkdesk to preserve records for discovery in this matter, impermissibly suggesting to the jury that Defendants have not produced certain information or did not abide by their discovery obligations. Any such suggestions are improper and prejudicial to Defendants for the same reasons outlined in Defendants' MIL No. 14. See D.I. 409 at 33. Any suggestion to the jury that Defendants have not been forthcoming with discovery would be improper and prejudicial. Exclusion of this testimony is warranted under FRE 402 and 403.[2]

---

[2] It appears Genesys seeks to imply spoilation of evidence by designating such discovery-related questions. At a minimum, Genesys seeks to improperly imply to the jury that Defendants have not provided certain information or documents based on inquiry into irrelevant discovery matters with the witnesses. Inclusion of such implications or arguments would be highly prejudicial to Defendants. Plaintiff never sought any ruling relating to such discovery-related issues and did not propose a jury instruction on spoilation—no doubt because it realizes there is no support for introducing this irrelevant and prejudicial issue to the jury. *See*, *e.g.*, *Garcia v. Alka*, 2022 WL 180750, *1, No. 19-CV-5831 (N.D. Ill. Jan. 20, 2022) ("[B]ad faith, intentional conduct is a "prerequisite to imposing sanctions for the destruction of evidence, … where 'bad faith' means that the evidence was destroyed for the purpose of hiding adverse information.") (collecting

Defendants further object to playing before the jury questions pertaining to whether Mr. Paiva considers his deposition as an "important step" in the litigation at 7:17–24. This is irrelevant, seeks a legal conclusion, and is duplicative of the jury instruction that the Court will provide advising the jury that the deposition clips are of a witness under oath. No further questioning of the witness on this issue is necessary or relevant. Further, questions relating to preparation for the deposition at 8:25–9:3 and 9:7–10 are likewise irrelevant and potentially prejudicial. Indeed, the question at 8:25–9:3 inquiries into whether Mr. Paiva was able to confer with legal counsel before the deposition, which is the province of attorney-client communications and could be prejudicially confused by the jury. Accordingly, such questions relating to the witness's preparation for the deposition or the alleged "importance" of the deposition should be excluded under FRE 402 and 403.

Defendants also request that the Court exclude testimony at 9:15–22, 9:24–10:1, 10:16–11:4, and 11:5–6 that pertains to whether Talkdesk had or inquired with legal counsel in 2018 relating to the hiring of employees from Genesys. This line of questioning is irrelevant to any issue in this case, impermissibly implies that Talkdesk should have consulted with (or had an obligation to consult with) legal counsel, and seeks to elicit attorney-client communications to rebut the premise of the questions. There is no requirement that Talkdesk have consulted with counsel in 2018—and if it did, such conversations would attorney-client privileged and be off-limits for questioning. Thus, the questions are improper and should be excluded under FRE 402 and 403. Likewise, Defendants request that the irrelevant questions and answers at 10:12–15 regarding the Talkdesk board of directors be excluded.

---

cases). This is further reason this designated testimony (as well as the subject matter of Defendants' MIL No. 14) is inadmissible under FRE 402 and 403.

Defendants further object to the hypothetical questions at 87:10–25 regarding Talkdesk's ability to make payment of damages in this case. There is no relevance to these questions, and the questions themselves are simply attempts to prejudice Defendants by implying to the jury that Genesys is entitled to damages and amounts unsupported by any evidence or proof. Thus, the questions have no probative value, assume facts not in evidence, and are highly prejudicial. They should be excluded under FRE 402 and 403.

Defendants further object to the following lines as seeking speculation and not based on personal knowledge of Mr. Paiva: 19:15–20, 19:22–20:15, 32:13–15, 35:6–8, 44:14–17, and 75:6–16. Each of these questions seeks information not within Mr. Paiva's personal knowledge, including asking him to speculate as to what certain individuals meant by statements in communications and whether certain legal agreements are common in the industry. Similarly, the questions at 19:15–20 and 19:22–20:15 inquire about whether Mr. Paiva is generally aware of employment agreements in the industry. These questions, while speculative, also lack any probative value because they do not pertain to the specific agreements at issue in this case. Introduction of questions such as these would only serve to confuse jury and prejudice Defendants. Defendants request that each of these questions and answers be exclude under FRE 402 and 403.

Defendants further request that the Court preclude the proposed deposition designation of Mr. Paiva at 22:1–6, 22:8–15, 22:15–23:9, 25:3–6, and 65:5–14 relating to a separate, unrelated lawsuit between Talkdesk and Ms. Rapp. The basis for this request is the same as set forth in Defendants' MIL No. 11, which outlines that introducing evidence of another, unrelated lawsuit is highly prejudicial and irrelevant. See D.I. 409 at 31. Exclusion of this testimony is thus warranted under FRE 402 and 403.

Finally, Defendants object to the following argumentative questions, confusing questions, and objections that should not be played for the jury: 33:13–14, 42:11–16, and 79:6–8.  The first inserts counsel's argumentative statement into the record, which is not testimony.  The second designation includes a question that is not clear or comprehensible as to what information it seeks, negating the probative value of the answer. The third is counsel's statement that a document is marked as "attorneys' eyes only" and should be excluded for the same reasons as outlined in Defendants' MIL No. 16.  D.I. 409 at 33.

Defendants further request that he Court exclude the entire line of questioning at 71:20–73:7.  This testimony relates to actions of a Talkdesk employee who is not involved in this case and refers to general information that has no bearing on any specific issues in this case. The testimony is thus irrelevant.

**IV.     Taylor Knudson, June 27, 2019**

Defendants request that the Court preclude the proposed deposition designation of Ms. Knudson at 22:16–22 relating to Talkdesk's equity funding and valuations.  The basis for this request is the same as Defendants' MIL No. 4, which outlines that Talkdesk's value, valuation, and equity funding information is irrelevant to any issue and could affect the jury's perception of liability and damages issues in the case, prejudicing Defendants.  Exclusion of this testimony is warranted.

Defendants further ask that the Court preclude the designation of 37:14–38:14 as impermissibly inquiring into discovery-related issues.  The questioning is both irrelevant and prejudicial because it relates only to whether the witness knows about various forms of communications with Mr. Manno, an irrelevant discovery-related issue that should not be heard by the jury for the reasons outlined in Defendants' MIL No. 14.  See D.I. 409 at 33.

Defendants further request that the Court exclude designated portions of Ms. Knudson's testimony where she is simply reading emails: 51:12–52:5, 60:23–61:6, and 71:5–72:6.  This is not testimony, and is not based on personal knowledge of Ms. Knudson, but simply involves her reading portions of deposition exhibits into the record.  No questions are posed, and it is not clear if Ms. Knudson is even a party to the emails that she is reading.  Thus, beyond the fact that there is no probative value to this proposed testimony, it also lacks foundation and is hearsay.

Defendants further object to the following lines as seeking speculation and not based on the personal knowledge of Ms. Knudson: 47:15–17, 61:23–62:3, 72:23–73:3. Ms. Knudson is either unfamiliar with the information that she is questioned about in these designations or is asked to speculate as to what the author of emails meant by what was written.  In either case, the questions lack foundation and aske Ms. Knudson to improperly speculate about matters for which she is not knowledgeable.  They should accordingly be excluded.  See FRE 602.

Further, Defendants request the designation at 54:2–19 be precluded.  The statement assumes testimony and facts not in evidence, stating that "Jessica Lu, testified that…" and then posing a question.  This line of questioning is improper as it assumes that the facts of the question are proper without basis—while also suggesting an answer not in the record for the witness. Thus, the witness is called to answer based on a premise that she cannot verify.  Defendants accordingly ask that the question and answer be excluded.

Finally, Defendants ask that the designation at 65:20–21 be excluded.  The question pertains solely to where Talkdesk's CEO lives is irrelevant to any issue in this case.  It should be excluded under FRE 402 and 403.

**V.      Jessica Lu, June 27, 2019**

Defendants request that the following designated questions and answers regarding Ms. Lu's employment agreement with Talkdesk be excluded: 56:14–58:21. There is no relevance to

this line of questions, and it would only serve to confuse the jury as to issues. Whether or not Ms. Lu—or anyone else at Talkdesk—had an employment agreement is not an issue in the case; presenting such information that has no relevance to the actual agreements and provisions at issue could only serve to confuse the jury. Thus, Defendants request that these questions and answers be excluded under FRE 402 and 403.

Defendants object to playing before the jury questions asking the witness whether she understand the "importance of this deposition" and similar questions at 6:8–18. This is irrelevant and is duplicative of the instruction that the Court will provide advising the jury that the deposition clips are of a witness under oath. No further questioning of the witness on this issue is necessary or relevant. Accordingly, such questions should be excluded.

Defendants further object to the following designated lines as seeking speculation and not based on personal knowledge of Ms. Lu: 26:22–27 and 27:7–13. Each of these questions calls for speculation of the witness and is thus not relevant or based on personal knowledge of the witness. Defendants request that the questions and answers be excluded under FRE 402, 403, and 602.

Defendants further ask that the Court preclude the designation of 40:12–16 as impermissibly inquiring into discovery-related issues. The questioning is both irrelevant and prejudicial because it relates only to whether the witness knows about various forms of communications, in particular Slack, which could only pertain to discovery-related issues that should not be heard by the jury for the reasons outlined in Defendants' MIL No. 14. See D.I. 409 at 33.

Defendants further object to lines 16:3–17:4 and 27:1–2 as attorney objections and instructions that should not be played to the jury. This is not testimony, has no probative value,

and could be mistaken or confused by the jury as attempts by the witness to avoid testifying as to certain issues. These should be excluded.

Finally, Defendants ask that the designation at 53:18–54:3 be excluded. This question pertains solely to the physical location of Talkdesk and its office layout. There is no relevance to the question, warranting exclusion under FRE 402 and 403.

## VI. Janice Rapp, February 15, 2021

Defendants request that the following designations of Ms. Rapp relating to the hiring of an employee by Talkdesk that is unrelated to this case be excluded: 16:11–17:10, 18:5–14, 19:6–21:2, and 24:2–10. Each of these questions pertains to an employee hired into the marketing group by Talkdesk in 2019 under circumstances unrelated to this case. Ms. Rapp's knowledge on this is irrelevant and could only serve to confuse issues or prejudice Defendants. Exclusion is warranted under FRE 402 and 403.

## VII. Danielle Morales, April 22, 2019

As before, Defendants object to the question at 5:20–23 asking the witness whether she understands that she is under oath. This is irrelevant and is duplicative of the instruction that the Court will provide advising the jury that the deposition clips are of a witness under oath. No further questioning of the witness on this issue is necessary or relevant. Accordingly, such questions should be excluded.

## VIII. Danielle Morales, November 2, 2020

Defendants request that the Court exclude the following designations of Ms. Morales as improperly seeking legal conclusions, while also assuming facts not in evidence: 27:1–29:6, 57:8–58:1, and 82:6–9. The questions ask Ms. Morales to opine on what is "confidential," the scope of her obligations to Talkdesk, and whether certain actions would be "improper" or "would have violated duties you owed to Genesys." These questions and answers touch on legal

conclusions that the jury must consider and resolve (if at all) and accordingly should be excluded for the same reasons as outlined in Defendants' MIL No. 10.  See D.I. 409 at 28 (citing *RAP Indy, LLC v. Zurich Am. Ins. Co.*, No. 1-19-CV-04657-JRS-MJD, 2021 WL 5029520, at *1 (S.D. Ind. Sept. 15, 2021) (disallowing "testimony as to legal duties or any opinions that a party violated (or did not violate) those legal duties")).  Similarly, several of these questions inquire about whether Ms. Morales had an employment agreement with Talkdesk.  This inquiry is irrelevant and prejudicial to Defendants, as noted previously.  Whether Talkdesk had agreements with its employees has no relevance to the actual agreements and provisions at issue in this case.

Defendants further object to the following lines as seeking speculation and not based on the personal knowledge of Ms. Morales: 46:7–19, 57:21–58:1. In each of these, Ms. Morales is asked about information that is not within her personal knowledge and called to speculate as to her answer.  They should accordingly be excluded.

**IX.	Rebuttal or Impeachment**

Defendants have provided rebuttal deposition designations for each witness designated by Plaintiff, as shown in the attached spreadsheet.  Further, Defendants reserve the right to designate further deposition transcript excerpts of the above witnesses as necessary based on the Court's rulings on the above objections.

**X.	CONCLUSION**

Defendants object to Plaintiff's designations of deposition testimony as discussed above and respectfully request that the Court exclude those portions discussed above.

DATE: August 8, 2022		Respectfully submitted,

		   */s/ David S. Moreland*

		James P. Strenski, #18186-53

>PAGANELLI LAW GROUP
>10401 N. Meridian St., Suite 450
>Indianapolis, IN 46290
>Telephone: 317-550-1855
>Email: jstrenski@paganelligroup.com
>
>David S. Moreland (*pro hac vice*)
>John W. Harbin (*pro hac vice*)
>Warren J. Thomas (*pro hac vice*)
>Laken E. Adkins (*pro hac vice*)
>Steven M. Philbin (*pro hac vice*)
>Lee G. Hamilton (*pro hac vice*)
>MEUNIER CARLIN & CURFMAN LLC
>999 Peachtree St. NE, Suite 1300
>Atlanta, GA 30309
>Telephone: 404-645-7700
>Email: dmoreland@mcciplaw.com
>         jharbin@mcciplaw.com
>         wthomas@mcciplaw.com
>         ladkins@mcciplaw.com
>         sphilbin@mcciplaw.com
>         lhamilton@mcciplaw.com
>
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and/or first-class U.S. Mail:

John R. Maley
Thomas C. Payne
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
***Counsel for Plaintiff***

                                            */s/ David S. Moreland*
                                            David S. Moreland