UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-00695-TWP-DML |
| ) | |
| TALKDESK, INC., MICHAEL STRAHAN, ) | |
| RALPH MANNO, and MARK HERTEL, ) | |
| ) | |
| Defendants. ) | |

## ENTRY FOLLOWING FINAL PRETRIAL CONFERENCE

This matter was before the Court for a final pretrial conference on August 12, 2022, held at the Indianapolis Courthouse. Plaintiff Genesys Cloud Services, Inc. ("Genesys") appeared by counsel John R. Maley and Thomas C. Payne. Defendants Talkdesk, Inc. ("Talkdesk"), Ralph Manno ("Manno"), Michael Strahan ("Strahan"), and Mark Hertel ("Hertel") (collectively, "Defendants") appeared by counsel David S. Moreland, John W. Harbin, Warren Thomas, Lee Gerritt Hamilton, and James P. Strenski. David Moxley was the Court Reporter. During this final pretrial conference, the trial of this case was discussed, and the following rulings were made and directions given pursuant to Trial Rule 16.

1. The five to seven day jury trial of this matter is currently scheduled to commence on **Monday, September 12, 2022**, at the Birch Bayh Federal Building and U.S. Courthouse, 46 East Ohio Street, Indianapolis, Indiana, Courtroom #344. The claims to be tried are (1) breach of contract based on the confidentiality provision against Manno and Strahan; (2) misappropriation of trade secrets against the Defendants; (3) aiding and abetting a breach of the fiduciary duty of loyalty against the Defendants; (4) civil conspiracy against the Defendants; (5) tortious interference with contract against Manno and Talkdesk; and (6) raiding against Talkdesk.

2. The Court previously granted summary judgment in favor of Genesys on its claims for (1) breach of contract based on the non-compete provision against Manno and Strahan; (2) breach of contract based on the "faithful service during employment" provision against Manno and Strahan; (3) breach of contract based on the "surrender of records" provision against Manno and Strahan; and (4) breach of fiduciary duty of loyalty against Manno, Strahan, and Hertel. The amount of damages on these claims are set to be determined by the jury.

3. The Court reviewed the parties' witness lists to determine who will testify and the subjects of their testimonies.

    a. Genesys presented a list of twenty-one named witnesses and discussed the expected testimonies of the potential witnesses (Filing No. 396). Counsel anticipates calling the following witnesses: Ralph Manno, Michael Strahan, Mark Hertel, Danielle Morales, Tiago Paiva, Shauna Geraghty, Jessica Lu, Taylor Knudson, Mervyn Alamgir, Janice Rapp, Alex Ball, Cory Sanders, Jessica Coburn, Trisha Borme, Brett Stocker, Carrie L. Distler, Brian R. Dineen, Rebecca Green, and Jeremy York. Counsel noted that they no longer intend to call Doug Cahhal and Taylor Johnson. Genesys designated Alex Ball as corporate representative and assisting witness to sit at counsel table during trial.

    b. The Defendants filed a written objection to Genesys' witness list at Filing No. 424, objecting to Cory Sanders, Trisha Borme, and Brett Stocker as well as to previously objected to expert witnesses who are the subject of separate *Daubert* motions *in limine*. During the final pretrial conference, the Defendants withdrew their objections to Cory Sanders and Trisha Borme. The parties argued their positions as to Brett Stocker. The Court **sustains in part and overrules in part** the Defendants' objection to Brett Stocker. Stocker will be permitted to testify as to the information that he shared with expert

witnesses who relied on that information for purposes of expert reports. The Defendants' objections to expert witnesses who are the subject of separate *Daubert* motions *in limine* will be addressed in a separate order.

  c.  The Defendants presented a list of twenty-two witnesses and discussed the expected testimonies of the potential witnesses (Filing No. 402). Counsel anticipates calling the following witnesses: Shauna Geraghty, Taylor Knudson, Taylor Johnson, Jessica Lu, Doug Cahhal, Tiago Paiva, Ralph Manno, Michael Strahan, Mark Hertel, Danielle Morales, Cory Sanders, Christopher Sandell, Alex Ball, Richard Brown, Jessica Coburn, Jennifer Combs (Flannery), Robert S. Manness, Jay Minnucci, Mervyn Alamgir, Wendy Close, Janice Rapp, and Trent Leavitt. The Defendants designated Shauna Geraghty as corporate representative and assisting witness to sit at counsel table during trial.

  d.  Genesys did not file any written objections to the Defendants' witness list, but it filed separate *Daubert* motions *in limine*, objecting to certain expert witnesses. Genesys' objections to expert witnesses who are the subject of separate *Daubert* motions *in limine* will be addressed in a separate order.

  e.  To avoid calling non-party witnesses twice, the Court will allow the parties to conduct direct and cross examinations the first time a non-party witness is called. If necessary, the Court may allow the calling of witnesses out of order to accommodate any out-of-state witnesses. The Court discourages the parties from calling cumulative witnesses.

4.  The Court conducted a general review of the exhibits for trial.

     a.     Genesys submitted a list of approximately 170 exhibits (Filing No. 406). The Defendants filed written objections to some of the exhibits (Filing No. 427), which the parties acknowledged can be addressed in the context of trial.

     b.     The Defendants submitted a list of approximately 700 exhibits (Filing No. 408). Genesys filed written objections to some of the exhibits (Filing No. 422), which the parties acknowledged can be addressed in the context of trial.

     c.     The parties are to meet and confer regarding the submission of joint exhibits to which they can agree as to admissibility.

     d.     The parties are to provide **two (2) flash drives** containing electronic copies of their exhibits to the Courtroom Deputy Clerk by **12:00 p.m. on Friday, September 9, 2022**. The parties also are to provide **one (1) copy** of their exhibits in hardcopy form to the Courtroom Deputy Clerk by **12:00 p.m. on Friday, September 9, 2022**. The parties are to provide an index of their exhibits to assist the jury in locating exhibits.

5.     The Court discussed opening statements. Each side will have up to forty-five (45) minutes for opening statements. The amount of time allotted for closing arguments will be determined at the close of evidence. The parties shall advise and share with one another any demonstrative exhibits they intend to use during opening statements no later than **Wednesday, September 7, 2022**. Any objections to demonstrative exhibits must be filed by **12:00 p.m. on Friday, September 9, 2022**, so that any objections may be resolved before the opening statements.

6.     The Court discussed jury instructions and the joint issue instruction:

     a.     The Court will use its own preliminary jury instructions and may incorporate the parties' proposed preliminary instructions, which will be sent to counsel on **Wednesday, September 7, 2022**. Counsel will have until **12:00 p.m. on Friday,**

**September 9, 2022**, to file any objections to the preliminary jury instructions with the Court. The parties filed competing proposed issue instructions at Filing No. 435. The parties are directed to meet and confer to work on a joint proposed issue instruction, which should be filed with the Court **before Wednesday, September 7, 2022**. If no joint proposed issue instruction is agreed upon and filed, the Court will draft and provide an issue instruction on **Wednesday, September 7, 2022**.

  b.  The parties filed joint proposed final jury instructions with objections noted throughout at Filing No. 426. Genesys submitted proposed verdict forms at Filing No. 397, to which the Defendants objected at Filing No. 420. The parties are **directed** to meet and confer to draft and submit proposed joint verdict forms no later than **Wednesday, September 7, 2022**. The Court will settle final jury instructions and verdict forms on the last day of trial after the close of evidence.

7.  The Court discussed *voir dire* and the jury:

  a.  Jury selection will commence promptly at 9:00 a.m. on the first day of trial. Counsel may obtain a copy of the responses to juror questionnaires from the Courtroom Deputy Clerk at **12:00 p.m. on Friday, September 9, 2022**. The questionnaires must be returned to the Courtroom Deputy Clerk once a jury is seated and sworn.

  b.  A panel of approximately thirty-five (35) prospective jurors will be called, and a jury of nine (9) and no alternates will be empaneled. The Court will examine the panel with its standard *voir dire* questions and may incorporate questions submitted by the parties, after which counsel will have up to ten (10) minutes per side for any follow-up questions. Challenges for cause will be made using the ListenTalk equipment. After challenges for cause are resolved, the parties will each have three (3) peremptory

challenges, which shall be exercised simultaneously and in writing. There will be no backstriking.

      c.      The Court informed the parties that, during the trial, it will allow jurors to submit written questions for witnesses to the Court, following the procedures endorsed by the Seventh Circuit Bar Association.

      d.      Genesys filed proposed *voir dire* (Filing No. 399) consisting of approximately seventy-seven questions, many of which are covered by the Court's standard *voir dire*. The Defendants filed a written objection to Genesys' *voir dire* at Filing No. 421, which the Court took under advisement.

      e.      The Defendants filed proposed *voir dire* (Filing No. 403) consisting of approximately twenty-three questions, most of which are covered by the Court's standard *voir dire*. Genesys did not have any objections to the Defendants' proposed *voir dire*.

8.      Genesys filed a motion for separation of witnesses, which the Court **granted** at Filing No. 391. The parties are to instruct their witnesses to report to Room #346. The parties also are to instruct their witnesses to not discuss their testimony either before or after it is given.

9.      The Court noted that the parties participated in settlement conferences in August 2019 and August 2022, and the parties recently participated in private mediation in April 2022. The parties notified the Court that they have received a neutral settlement proposal from the Magistrate Judge, to which they are to respond by **Friday, August 19, 2022**. The parties are to promptly notify the Court if they agree upon a settlement.

10.      The parties filed factual stipulations at Filing No. 419, and they should meet and confer to try to agree to additional stipulations.

11. Genesys filed deposition designations at Filing No. 404, to which the Defendants filed objections and counter-designations at Filing No. 425. Additionally, the Defendants filed deposition designations at Filing No. 405, to which Genesys filed objections and counter-designations at Filing No. 431. The parties agreed to provide line-by-line deposition designations to the Court by **Friday, August 19, 2022**.

12. The parties filed notices of intent to use the Court's Video Evidence Presentation System ("VEPS") at Filing No. 388 and Filing No. 394. Because of the pandemic and to avoid passing any documents, the Court's VEPS system will be used for presentation of evidence during trial. Counsel should schedule training on the VEPS system with the Courtroom Deputy Clerk before trial.

13. Genesys filed two short trial briefs at Filing No. 401 and Filing No. 423, and the Defendants indicated that they do not intend to file a trial brief.

14. The parties discussed the pending motions *in limine*, which will be resolved under separate order.

15. The trial is currently scheduled to be held in the Indianapolis Courthouse, Courtroom #344, beginning on **Monday, September 12, 2022**. On the first day of trial, doors to the courtroom will be unlocked at **7:30 a.m.** Counsel and parties must report no later than **8:00 a.m.** The venire are scheduled to arrive at **8:30 a.m.**, and jury selection will begin promptly at **9:00 a.m.**

16. The Court discussed the possibility that this jury trial may be congested off the calendar because of a criminal setting. The Court will promptly notify the parties if the trial must be congested off the current setting. Other possible dates for trial include the week of February 6, February 13, or February 27, 2023.

17. COVID-19 protocol concerning social distancing, masks, and face shields was discussed. The Court requires masks during in-court proceedings. Counsel who have been **fully vaccinated** may present opening and closing statements and *voir dire* unmasked at a social distance. Counsel who have not been fully vaccinated may present during those parts of the trial wearing either a face shield or mask. Witnesses may remove their masks while testifying on the stand. The prospective venire will receive a COVID screening questionnaire from the jury coordinator with their jury summons. Accordingly, the persons who report for jury duty will have already been screened relating to COVID-19 and their ability to serve in advance of reporting in person. The Courtroom Deputy Clerk will email a copy of those questions to counsel for their review.

18. Counsel should review Chief Judge Pratt's "Courtroom Procedures and Trial Practice" ([Filing No. 364](#)) before the start of the trial.

19. Thereafter, no further discussion was held, and the conference was adjourned.

**SO ORDERED.**

Date: 8/16/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

Kathleen M. Anderson
BARNES & THORNBURG, LLP
kathleen.anderson@btlaw.com

Thomas C. Payne
BARNES & THORNBURG, LLP
Thomas.Payne@btlaw.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

James P. Strenski
PAGANELLI LAW GROUP
jstrenski@paganelligroup.com

David S. Moreland
MEUNIER CARLIN & CURFMAN LLC
dmoreland@mcciplaw.com

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
jharbin@mcciplaw.com

Laken Adkins
MEUNIER CARLIN & CURFMAN LLC
ladkins@mcciplaw.com

Lee Gerritt Hamilton
MEUNIER CARLIN & CURFMAN LLC
lhamilton@mcciplaw.com

Steven Matthew Philbin
MEUNIER CARLIN & CURFMAN LLC
sphilbin@mcciplaw.com

Warren Thomas
MEUNIER CARLIN & CURFMAN LLC
wthomas@mcciplaw.com