UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:19-CV-00695-TWP-DML |
| TALKDESK, INC., et al., | ) ) ) |
| Defendants. | ) ) |

### PLAINTIFF'S SECOND SUPPLEMENTAL TRIAL BRIEF

Pursuant to the Court's Case Management Order (Dkt. 208 and 205) and Fed. R. Civ. P. 1, Plaintiff Genesys Cloud Services submits this short Second Supplemental Trial Brief to provide notice of its narrowed disclosures pursuant to Rule 26(a)(1), following its narrowing of claims in preparation for trial, the parties' briefing on Defendants' motions *in limine*, and the Court's recent continuance of the parties' trial date, which is now set for February 27, 2023, nearly 6 months from the date of this submission.[1]

Genesys' narrowed disclosures, attached as Exhibit 1, set forth how its previously disclosed damages information applies to its alleged damages. Specifically, Genesys' narrowed disclosures incorporate by reference and explain how the timely served expert reports of Carrier Distler and Professor Brian Dineen, containing detailed analysis and computations of Genesys' damages, support Genesys' claims for damages and satisfy Genesys' Rule 26(a)(1)(A)(iii) disclosures.

Genesys' use of its expert reports as a computation of damages under 26(a)(1)(A)(iii) is proper. *See* 8A Fed. Prac. & Proc. Civ. (Wright & Miller) § 2053 (3d ed.) ("To comply with the initial disclosure

---

[1] At the August 12, 2022 pre-trial conference, Defendants tendered a 50-page submission not previously seen by the Court of Plaintiff's counsel. This short brief and accompanying Narrowed Rule 26(a)(1) Disclosures responds to that submission.

requirement, plaintiff's precise method of calculating damages need not be disclosed to the extent the method is properly the subject of expert testimony and the parties will be exchanging expert evidence in the future.") (citations omitted); 6 Moore's Federal Practice - Civil § 26.22 (2022) (noting that "if the method of calculation is appropriately the subject of expert evidence and the parties are under the obligation to provide disclosures of expert evidence in the future" then "the disclosing party's obligation to disclose the method of calculating damages would be controlled by the expert testimony disclosure rules.") (citations omitted); Fed. R. Civ. P. 26(a)(2)(A) ("In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."); *NeuroGrafix v. Brainlab, Inc.*, 2021 WL 1057312, at *5 (N.D. Ill. Mar. 18, 2021) (acknowledging that disclosure of a "computation" through expert royalty damages opinion sufficed as a supplementation of the required computation under Rule 26(a)(1)); *Silicon Knights, Inc. v. Epic Games, Inc.*, 2012 WL 1596722, at *1 (E.D.N.C. May 7, 2012) ("a party may supplement its Rule 26(a)(1)(A)(iii) 'computation' by producing an expert report (including documents) that complies with Rule 26(a)(1)(A)(iii)."); *Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, 2022 WL 884275, at *6 (W.D.N.C. Mar. 24, 2022) (finding that party supplemented its damages disclosure "through its damages expert's report that described approximately $200 million in alleged damages"); *Ice Castles, LLC v. LaBelle Lake Ice Palace LLC*, 2021 WL 4138398, at *3-4, n.3 (D. Idaho Sept. 10, 2021) (finding appropriate that party produced its full, complete damages calculations at the outset of expert discovery."); *Kinqsway Financial Services, Inc. v. Pricewaterhouse–Coopers LLP,* 2006 WL 1520227, at *1 (S.D.N.Y. June 1, 2006) ("Where, as here, the plaintiff's damages are not the product of a simple mathematical calculation and require expert testimony, the damages calculations need not be produced with the plaintiff's Rule 26(a)(1) disclosures and may be produced as part of the party's Rule 26(a)(2) disclosures"); *Stemrich v. Zabiyaka,* 2013 WL

4080310, at *3 (M.D. Pa. Aug. 13, 2013) (Rule 26 "explicitly contemplates a procedure" by which initial damages information is supplemented following an expert's review).

        Respectfully submitted,

        GENESYS CLOUD SERVICES, INC.

        By its Attorneys,

        *s/ John R. Maley*
        John R. Maley
        Thomas C. Payne
        BARNES & THORNBURG LLP
        11 South Meridian Street
        Indianapolis, Indiana 46204
        Telephone:  (317) 236-1313
        Email:  jmaley@btlaw.com
              tpayne@btlaw.com

        Kathleen M. Anderson
        BARNES & THORNBURG LLP
        888 South Harrison Street, Suite 600
        Fort Wayne, Indiana 46802
        Telephone:  (260) 425-4657
        Facsimile:  (260) 424-8316
        Email:  kanderson@btlaw.com

DMS 23517107.1