UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TALKDESK, INC., et al. )<br>)<br>Defendants. ) | Case No.: 1:19-CV-00695-TWP-DML |

**PLAINTIFF'S NARROWED FED. R. CIV. P. 26(a)(1) DISCLOSURES**

Plaintiff, Genesys Cloud Services, Inc., submits the following narrowed disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Pursuant to Rule 1, Genesys submits these narrowed disclosures in light of its recent narrowing of claims, including for instance narrowing the precise trade secrets being presented at trial and withdrawing damages claims for lost sales and lost profits.[1] *See* ECF 423.

In this narrowed disclosure, no new witnesses or exhibits are added. Instead, Genesys reduces its list of witnesses to align with its narrowed trial witness list. ECF 396. Genesys likewise incorporates by reference its narrowed trial exhibit list. ECF 406. Genesys then incorporates the computation of its damages from the previously disclosed, detailed expert reports of Carrie Distler and Professor Brian Dineen, timely served on the Defendants during discovery, more than 14 months ago on June 28, 2021, and the subject of substantial discovery including lengthy depositions, an expert report from Defendants' expert purporting to critique Distler and Dineen, and then a combined defense *Daubert* motion filed more than 10 months ago.[2] ECF 320.

---

[1] Rule 1 is to be "employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The 2015 Committee Notes explain "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way."

[2] These narrowed disclosures are provided well in advance of current trial setting of February 27, 2023.

## Narrowed Disclosures

1. **Rule 26(a)(1)(A)(i):**

   A. Defendant Ralph Manno

   Knowledge regarding the individual Defendants' employment with Genesys; obligations to Genesys; Genesys customers and prospects; Genesys confidential information and trade secrets; accessing and downloading Genesys data; contact with Genesys customers and prospects; Genesys personnel; contact with Genesys personnel; pre-employment contact with Talkdesk; pre-employment recruiting for Talkdesk; employment with Talkdesk; competitive nature of Genesys and Talkdesk business; activities on behalf of Talkdesk.

   B. Defendant, Michael Strahan

   Knowledge regarding employment with Genesys; obligations to Genesys; Genesys customers and prospects; Genesys confidential information and trade secrets; accessing and downloading Genesys data; contact with Genesys customers and prospects; Genesys personnel; contact with Genesys personnel; pre-employment contact with Talkdesk; pre-employment recruiting and activities for Talkdesk; employment with Talkdesk; competitive nature of Genesys and Talkdesk business; activities on behalf of Talkdesk.

   C. Defendant, Mark Hertel

   Knowledge regarding employment with Genesys; obligations to Genesys; Genesys customers and prospects; Genesys confidential information and trade secrets; accessing and downloading Genesys data; contact with Genesys customers and prospects; Genesys personnel; contact with Genesys personnel; pre-employment contact with Talkdesk; pre-employment recruiting and activities for Talkdesk; employment with Talkdesk; competitive nature of Genesys and Talkdesk business; activities on behalf of Talkdesk.

   D. Danielle Morales

   Knowledge regarding employment with Genesys; obligations to Genesys; Genesys customers and prospects; Genesys confidential information and trade secrets; accessing and downloading Genesys data; contact with Genesys customers and prospects; Genesys personnel; contact with Genesys personnel; contact with Talkdesk; employment with Talkdesk; competitive nature of Genesys and Talkdesk business; activities on behalf of Talkdesk.

   E. Tiago Paiva, Talkdesk, Inc.

   Knowledge regarding Talkdesk's competitive activities; Talkdesk's recruitment of Genesys employees; Talkdesk's knowledge of the individual Defendants' obligations to Genesys; Talkdesk's use of Genesys confidential information and trade secrets.

F. Shauna Geraghty, Talkdesk, Inc.

Knowledge regarding Talkdesk's competitive activities; Talkdesk's recruitment of Genesys employees; Talkdesk's knowledge of the individual Defendants' obligations to Genesys.

G. Jessica Lu, Talkdesk, Inc.

Knowledge regarding Talkdesk's competitive activities; Talkdesk's recruitment of Genesys employees; Talkdesk's knowledge of the individual Defendants' obligations to Genesys.

H. Taylor Knudson, Talkdesk, Inc.

Knowledge regarding Talkdesk's competitive activities; Talkdesk's recruitment of Genesys employees; Talkdesk's knowledge of the individual Defendants' obligations to Genesys.

I. Doug Cahhal, Talkdesk, Inc.

Knowledge regarding Talkdesk's competitive activities; Talkdesk's recruitment of Genesys employees; Talkdesk's sales processes.

J. Taylor Johnson, Talkdesk, Inc.

Knowledge regarding Talkdesk's marketing and competitive activities.

K. Janice Rapp, 8x8
c/o Hannah L. Jones
Coblentz Patch Duffy & Bass LLP
1 Montgomery St, Suite 3000
San Francisco CA 94104

Knowledge regarding Talkdesk's marketing and competitive activities; Talkdesk's recruitment of Genesys employees.

L. Alex Ball, Genesys Cloud Services, Inc.
c/o John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana  46204-3535
Telephone:  (317) 236-1313

Knowledge regarding the individual Defendants' employment with Genesys; obligations to Genesys; Genesys customers and prospects; Genesys confidential information and trade secrets; the individual Defendants accessing and downloading Genesys data; value of Genesys confidential information and trade secrets; the individual Defendants contact with Genesys customers and prospects; Genesys personnel; the individual Defendants contact with Genesys personnel; competitive nature of Genesys and Talkdesk business.

M.     Cory Sanders, Genesys Cloud Services, Inc.
c/o John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: (317) 236-1313

Knowledge regarding Genesys' Information Technology processes; Genesys policies and practices related to its confidential information and trade secrets.

N.     Jessica Coburn, Genesys Cloud Services, Inc.
c/o John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: (317) 236-1313

Knowledge regarding employment practices and policies; obligations of the individual Defendants to Genesys; human resources costs associated with Talkdesk raid.

O.     Trisha Borme, Genesys Cloud Services, Inc.
c/o John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: (317) 236-1313

Knowledge regarding Genesys employee replacement costs associated with Talkdesk raid.

P.     Brett Stocker, Genesys Cloud Services, Inc.
c/o John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204-3535
Telephone: (317) 236-1313

Knowledge regarding Genesys' sales, revenue, and finances as it relates to Genesys' damages and Genesys' expert reports.

Q.     Individuals identified by Defendants in their initial disclosures, witness lists, and discovery responses.

Genesys' previously-disclosed 26(a)(2) expert witnesses. *See* Fed. R. Civ. P. 26(a)(2)(A) ("In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."):

4

A. Carrie L. Distler, disclosed and report and appendices served June 28, 2021. *See* Report at ECF 323-5, Rebuttal Report at ECF 323-3.
c/o John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana  46204-3535
Telephone:  (317) 236-1313

Knowledge as set forth in her expert opinion, disclosure, and deposition regarding Genesys' damages.

B. Professor Brian R. Dineen, Ph.D., disclosed and report and appendices served June 28, 2021. *See* Report at 322-1, Rebuttal Report at 322-2.
c/o John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana  46204-3535
Telephone:  (317) 236-1313

Knowledge as set forth in his expert opinion, disclosure, and deposition regarding Genesys' damages.

C. Rebecca Green, disclosed and report and exhibits served March 22, 2021. *See* Report at 322-5.
c/o John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana  46204-3535
Telephone:  (317) 236-1313

Knowledge as set forth in her expert opinion, disclosure, and deposition.

D. Jeremy York, SPHR, SHRM-SCP, disclosed and report and exhibits served March 22, 2021. *See* Report at 322-7.
c/o John R. Maley
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana  46204-3535
Telephone:  (317) 236-1313

Knowledge as set forth in his expert opinion, disclosure, and deposition.

Talkdesk's previously-disclosed 26(a)(2) expert witness:

A. Mervyn Alamgir, Talkdesk, Inc.

5

>Knowledge regarding Talkdesk's lead and demand generation activities; Talkdesk's attempts to create a list of Genesys PureCloud customers; Alamgir's alleged expert opinions.

Plaintiff notes that it is not required to list witnesses who will be called for purposes of impeachment or rebuttal.

2. **Rule 26(a)(1)(A)(ii):**

The documents, data compilations, and tangible things that Genesys intends to rely on in support of its claims at trial are detailed in Genesys' Trial Exhibit List, ECF 406, and were timely served on Defendants on July 25, 2022 pursuant to the parties' Case Management Plan As noted in that list and proposed exhibits, Genesys intends to rely on all information cited or referenced in Plaintiff's expert reports, which was served on Defendants along with those reports

3. **Rule 26(a)(1)(A)(iii):**

Plaintiff's computation of its damages are set forth in the previously timely served 26(a)(2) expert reports and rebuttal reports of Carrie Distler and Professor Brian Dineen, served on June 28, 2021 and filed on the Court's docket at ECF 322-1, 322-2, 323-3, and 323-5,[3] and referenced in Plaintiff's Trial Exhibits List as Exhibits 584, 585, 107, and 108. Genesys' use of its expert reports as a computation of damages under 26(a)(1)(A)(iii) is proper.[4]

---

[3] Genesys' expert reports were docketed by Defendants as exhibits to their *Daubert* motions and do not contain all exhibits and appendices served and referenced in the expert reports.

[4] *See* 8A Fed. Prac. & Proc. Civ. (Wright & Miller) § 2053 (3d ed.) ("To comply with the initial disclosure requirement, plaintiff's precise method of calculating damages need not be disclosed to the extent the method is properly the subject of expert testimony and the parties will be exchanging expert evidence in the future.") (citations omitted); 6 Moore's Federal Practice - Civil § 26.22 (2022) (noting that "if the method of calculation is appropriately the subject of expert evidence and the parties are under the obligation to provide disclosures of expert evidence in the future" then "the disclosing party's obligation to disclose the method of calculating damages would be controlled by the expert testimony disclosure rules.") (citations omitted); Fed. R. Civ. P. 26(a)(2)(A) ("In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."); *NeuroGrafix v. Brainlab, Inc.*, 2021 WL 1057312, at *5 (N.D. Ill. Mar. 18, 2021) (acknowledging that disclosure of a "computation" through expert royalty damages opinion sufficed as a supplementation of the required computation under Rule 26(a)(1)); *Silicon Knights, Inc. v. Epic Games, Inc.*, 2012 WL 1596722, at *1 (E.D.N.C. May 7, 2012) ("a party may supplement its Rule 26(a)(1)(A)(iii) 'computation' by producing an expert report (including documents) that complies with Rule 26(a)(1)(A)(iii)."); *Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, 2022 WL 884275, at *6 (W.D.N.C. Mar. 24, 2022) (finding that

6

Ms. Distler provided a detailed analysis and computation of the value of the PureCloud List. As set forth more fully in her expert report, Ms. Distler opined on a reasonable royalty the parties would have agreed to in a hypothetical negotiation between Genesys and Talkdesk, with Genesys serving as licensor and Talkdesk as licensee, with a hypothetical negotiation date of October 1, 2018.

Genesys relies on the detailed analysis and computation of Ms. Distler's reasonable royalty calculation as support for its damages and disclosure under Rule 26(a)(1)(A)(iii). *See* Footnote 4, *supra*.

Professor Dineen provided a detailed analysis and computation of Genesys' damages associated with the loss of personnel. As set forth more fully in his expert report, Professor Dineen analyzed HR-related damages incurred by Genesys resulting from the Defendant's wrongdoing. Professor Dineen's report references the following current Genesys claims: breach of contract, breach of fiduciary duty, misappropriation of trade secrets, tortious interference with contract, raiding, aiding and abetting, and conspiracy. *See* Dineen Report, p. 5-6 (stating claims and noting "[w]ithin this report, accepted approaches to determining HR damages related to the asserted claims are discussed.")

Genesys relies on the detailed analysis and computation in Professor Dineen's report as support for its damages and disclosure under Rule 26(a)(1)(A)(iii). *See* Footnote 4, *supra*.

Additional documents and data previously disclosed in discovery also support Genesys' claims for damages. For example, Genesys is also owed:

---

party supplemented its damages disclosure "through its damages expert's report that described approximately $200 million in alleged damages"); *Ice Castles, LLC v. LaBelle Lake Ice Palace LLC*, 2021 WL 4138398, at *3-4, n.3 (D. Idaho Sept. 10, 2021) (finding appropriate that party produced its full, complete damages calculations at the outset of expert discovery."); *Kingsway Financial Services, Inc. v. Pricewaterhouse–Coopers LLP,* 2006 WL 1520227, at *1 (S.D.N.Y. June 1, 2006) ("Where, as here, the plaintiff's damages are not the product of a simple mathematical calculation and require expert testimony, the damages calculations need not be produced with the plaintiff's Rule 26(a)(1) disclosures and may be produced as part of the party's Rule 26(a)(2) disclosures"); *Stemrich v. Zabiyaka,* 2013 WL 4080310, at *3 (M.D. Pa. Aug. 13, 2013) (Rule 26 "explicitly contemplates a procedure" by which initial damages information is supplemented following an expert's review).

- Disgorgement of salary for the period of time in which Manno, Strahan, and Hertel breached their fiduciary duties of loyalty, amounting to $103,140 for Manno, $90,375 for Strahan, and $89,313 for Hertel.

- Genesys' costs and fees incurred in prosecuting this action, which exceed $3.15 million to date and continue to grow.

- Punitive damages, allowable up to three times the amount of compensatory damages awarded for Genesys' tort claims.

- Double (liquidated or exemplary) damages for the willful and malicious appropriation of Genesys' trade secrets.

As previously noted, Genesys does not now seek damages related to lost profits, though evidence of Genesys' fourth quarter 2018 underperformance is relevant as to the disruption and harm caused to Genesys' business as a result of the Defendants' wrongdoing, including breaches of fiduciary duty, breaches of contract, interference with contract, aiding and abetting breaches of fiduciary duty, conspiracy, theft of trade secrets and confidential information, and the overall raid of Genesys personnel. As such it is relevant to Genesys' punitive damages claims.

All documents relevant to Genesys' damages have been produced in discovery.

4. **Rule 26(a)(1)(A)(iv):**

N/A.

Respectfully submitted,

GENESYS CLOUD SERVICES, INC.

By its Attorneys,

　/s/ *John R. Maley*　　　　　　　　　　
John R. Maley (14300-89)
Thomas C. Payne (34727-49)
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Email: jmaley@btlaw.com
Email: tpayne@btlaw.com

9

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that Plaintiff's Narrowed Disclosures were served on the following counsel of record on this 31st day of August, 2022 by email:

>David S. Moreland
>MEUNIER CARLIN & CURFMAN LLC
>999 Peachtree Street NE, Suite 1300
>Atlanta, GA 30309
>DMoreland@mcciplaw.com

*s/John R. Maley*

DMS 23500314v1