UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 1:19-CV-695-TWP-DML |
| | ) |
| TALKDESK, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' NOTICE OF OBJECTION TO
PLAINTIFF'S SECOND SUPPLEMENTAL TRIAL BRIEF**

Defendants object to Genesys serving late Rule 26 disclosures and supplemental motion *in limine* arguments under the guise of a third "trial brief." The belated disclosures do not cure the issues outlined in Defendants' MIL No. 1. *See* D.I. 409 at 1–15 and D.I. 439 at 1–7.

Genesys's "trial brief" ignores the crux of the issue regarding Rule 26. Genesys recites a long line of cases for the undisputed proposition that an expert report *can* serve as a disclosure of a party's damages computations (assuming the report in fact contains sufficient disclosures). D.I. 449 at 2. But Defendants did not challenge Genesys's disclosure of alleged damages for the "raid" under Rule 26(a)(1)(A)(iii) because Dineen's report purports to disclose a damages theory based on the "raid."[1] Defendants instead showed that Dineen explicitly limited his report to only the raiding claim against Talkdesk. *See* D.I. 409 at 12; *see also* D.I. 322-1 at 6. Since Genesys

---

[1] Defendants continue to object under *Daubert* to the methodologies employed in the purported expert disclosures. See D.I. 321.

did not disclose damage computations for any other claims in Dineen's report (or anywhere else),[2] exclusion of those damages theories at trial is automatic and mandatory as previously briefed by Defendants. *See generally* D.I. 409 at 1–15, D.I. 439 at 1–7.

Moreover, the authorities Genesys cites support granting Defendants' pending motion *in limine* to preclude Genesys's undisclosed damages theories. In *NeuroGrafix*, the court found that disclosing "traces" of a damages theory in discovery was insufficient and granted defendant's motion to exclude undisclosed damages theories. *NeuroGrafix v. Brainlab, Inc.*, No. 1:12-cv-6075, 2021 WL 1057312, at *5 (N.D. Ill. Mar. 18, 2021) ("Plaintiffs may have identified where the bits and pieces that they are relying upon came from, but what's significant is how those bits and pieces are put together—the "computation" expressly required by Rule 26(a)"); *see also Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *7 (E.D.N.C. May 7, 2012) ("[Defendant] would be surprised and profoundly prejudiced by whatever new computation of damages SK might seek to propound and support."). The cases cited by Genesys also confirm that Genesys cannot fix its defective Rule 26 disclosures at this late date. *See Duke Energy Carolinas, LLC v. NTE Caroinas II, LLC*, No. 3:19-CV-00515-KDB-DSC, 2022 WL 884275, at *6 (W.D.N.C. Mar. 24, 2022) (precluding evidence related to a damages disclosure made nine days after the close of discovery).

---

[2] Genesys's assertion that Dineen "references" information relating to other claims is not a computation. Moreover, it exemplifies the improper nature of the approach. No separate computations for any claim other than the raiding claim against Talkdesk were provided for or discussed in Dineen's expert report. Genesys attempts to muddle the lines between the different claims against different defendants with different disparate conduct at issue for each is unsupported. A bottom-line number on damages as to the raiding claim is not a computation for all claims.

Finally, on substance (to the extent Genesys's supplemental arguments are considered), Genesys's assertion that a "reference" by Dineen to other claims is enough to support a computation under Rule 26 is without merit. Rule 26 requires *analysis*—not vague "references." *See* D.I. 409 at 1–2 (Defendants' MIL No. 1); *see also Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998) ("Expert reports must not be sketchy, vague or preliminary in nature."). Genesys's "supplemental" Rule 26 disclosures only cite pages 5-6 of Dineen's expert report as purportedly disclosing damages theories for Genesys's other claims. *See* D.I. 449-1 at 7. But those pages of Genesys's expert report simply parrot the allegations of Genesys's summary judgment brief and fail to include any damages figures at all, much less a *computation* of any damages. *See* D.I. 322-1 at 5–6. Further, Genesys's reference to the deposition of Dineen does not move the needle. An expert "report must be complete such that opposing counsel is not forced to depose an expert in order to avoid ambush at trial; and moreover, the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources." *Salgado v. Gen. Motors Corp.*, 150 F.3d at 742 (emphasis added). And "Rule 26(a)(2) 'does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony.'" *See Lyons v. Leatt Corp.*, 322 F.R.D. 327, 335 (N.D. Ind. 2017). Thus, the fact that Defendants deposed Dineen is immaterial: it does not alter the scope of his expert report and does not make it extend beyond the narrow computation of alleged damages for the raiding claim against Talkdesk.

Accordingly, Genesys's supplemental trial brief and the accompanying Rule 26 disclosures are immaterial. Defendants' pending motions *in limine* should be granted, and the case should proceed to trial only on those claims for which Genesys disclosed damages computations as required under Rule 26.

DATE: September 16, 2022     Respectfully submitted,

                  */s/ David S. Moreland*

                  James P. Strenski, #18186-53
                  PAGANELLI LAW GROUP
                  10401 N. Meridian St., Suite 450
                  Indianapolis, IN 46290
                  Telephone: 317-550-1855
                  Email: jstrenski@paganelligroup.com

                  David S. Moreland (*pro hac vice*)
                  John W. Harbin (*pro hac vice*)
                  Warren J. Thomas (*pro hac vice*)
                  Laken E. Adkins (*pro hac vice*)
                  Steven M. Philbin (*pro hac vice*)
                  Lee G. Hamilton (*pro hac vice*)
                  MEUNIER CARLIN & CURFMAN LLC
                  999 Peachtree St. NE, Suite 1300
                  Atlanta, GA 30309
                  Telephone: 404-645-7700
                  Email: dmoreland@mcciplaw.com
                     jharbin@mcciplaw.com
                     wthomas@mcciplaw.com
                     ladkins@mcciplaw.com
                     sphilbin@mcciplaw.com
                     lhamilton@mcciplaw.com

                  *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David S. Moreland

David S. Moreland