UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00695-TWP-MKK |
| | ) |
| TALKDESK, INC., MICHAEL STRAHAN, | ) |
| RALPH MANNO, and MARK HERTEL, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S RULE 56(g) MOTION**

This matter is before the Court on a Rule 56(g) Motion filed by Plaintiff Genesys Cloud Services, Inc. ("Genesys") (Filing No. 437). Genesys initiated this lawsuit against Defendants Talkdesk, Inc. ("Talkdesk"), Michael Strahan ("Strahan"), Mark Hertel ("Hertel"), and Ralph Manno ("Manno") (collectively, "Defendants") for misappropriation of trade secrets, breach of contract, and tortious interference with contract among other things.

After Genesys filed its Third Amended Complaint (Filing No. 235), the parties filed cross-motions for summary judgment on the thirty-seven counts, and the Court granted in part and denied in part those motions (Filing No. 348). Summary judgment was granted in favor of some of the Defendants on some of the claims, and summary judgment was granted in favor of Genesys on some of the claims. However, summary judgment was denied as to all parties on some of the claims because factual disputes created genuine issues regarding some material facts. The claims that survived summary judgment are set to be tried by a jury during the trial currently scheduled to begin on February 28, 2023. In its Rule 56(g) Motion, Genesys asks the Court to declare the undisputed material facts—set forth in Genesys's summary judgment brief that supported the Court's grant of summary judgment on the claims of breach of contract and breach of fiduciary

duty—are established in the case. For the reasons stated below, the Court **denies** Genesys's Motion.

## I. DISCUSSION

Federal Rule of Civil Procedure 56(g) provides district courts with a "discretionary tool." *See Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 416 (7th Cir. 2019).

> Rule 56(g) states: "If the court does not grant all the relief requested by the [summary judgment] motion, it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case." Because Rule 56(g) speaks of what a court "may" do, [the courts of appeals] review for an abuse of discretion.

*Id.* at 415. "Rule 56(g) is 'ancillary' to the ultimate summary-judgment analysis, operating to 'salvage some results' from the time and resources spent in deciding unsuccessful summary-judgment motions." *Id.* (quoting Wright & Miller, 10B Fed. Prac. & Proc. § 2737 (4th ed. 2018)). "Rule 56(g) thus empowers the district court in its discretion, following the entry of partial summary judgment, to treat any unrefuted and material facts as established for purposes of efficiently adjudicating the remaining issues." *Greenbank v. Great Am. Assurance Co.*, 2020 U.S. Dist. LEXIS 143634, at *4 (S.D. Ind. Aug. 11, 2020).

Genesys contends that the Defendants have refused to stipulate to undisputed, uncontestable facts that formed the basis of the Court's summary judgment Order, and thus, the Defendants are violating the Court's Order[1] that stipulations "are not only encouraged, but expected" (*see* Filing No. 229 at 10) as well as the Seventh Circuit Standards of Professional Conduct regarding stipulations. Genesys asserts that it "submitted voluminous undisputed material facts from summary judgment, including as found by the Court in its ruling [Ex. A, attached],[2] but

---

[1] Genesys' reference to the "Court's Order" is the "Courtroom Procedures and Trial Practice Before the Honorable Tanya Walton Pratt."

[2] This fifteen-page attachment provides 170 draft proposed stipulations from Genesys.

Defendants stipulated to only nine of those. This needlessly adds to the time and expense of the trial, burdening the Court and the jury needlessly." (Filing No. 437 at 1.) Genesys asks the Court to find that the material facts set forth in its summary judgment brief regarding the claims of breach of contract and breach of fiduciary duty are established in the case, and "invoking Rule 56(g) is appropriate, and indeed necessary, to streamline the upcoming jury trial." *Id.* at 2.

In opposing the Rule 56(g) Motion, the Defendants explain that they

> considered the list [of Genesys's proposed stipulated facts], accepted some alleged "facts" (once rephrased to be non-argumentative) and rejected the remaining— informing Genesys that the facts were essentially the same as those disputed at summary judgment, and that any *mutually agreeable* facts would need to be "non-argumentative, not include out-of-context quotes, and not seek to characterize documents or testimony in favor of one party." See Exhibit A. (Defendants likewise provided their own detailed list of "stipulated facts" to Genesys, likewise supported by citations to the record. Genesys rejected the majority of Defendants' proposals.)

(Filing No. 446 at 4) (emphasis added). The Defendants assert that Genesys' Motion is procedurally improper and substantively flawed. They argue that Genesys' numerous proposed facts are false, argumentative, immaterial, or taken out of context. Importantly, they assert, almost all of Genesys' allegedly undisputed facts were disputed by the Defendants during summary judgment and remain disputed. The Defendants argue that "based on the parties' briefing, the Court found disputed issues of material fact <u>existed</u> as to the remaining claims in the case." *Id.* at 1.

The Defendants further note,

> [P]ursuant to this Court's guidance, where there was agreement between the parties, a joint list of non-argumentative, stipulated facts (33 of them) was filed by the parties on August 5, 2022.5 D.I. 419. Despite this—and despite that Defendants had considered and rejected Genesys's proposed "facts"—Genesys now submits the <u>same set</u> of argumentative, over-generalized, and immaterial proposed "stipulated facts"—under the guise of a Rule 56(g) motion and in violation of this Court's order, further justifying denial of the present motion on procedural grounds alone.

*Id.* at 4–5.

The Defendants' position is well taken. The Court granted summary judgment to Genesys on some of the claims and to some of the Defendants on some of the other claims. But the Court also denied summary judgment as to other claims. There is significant overlap of the facts that are relevant to the remaining claims and the claims that were resolved on summary judgment. The Court denied summary judgment for all parties on a number of the claims because of the factual disputes that should be left for the jury to decide.

> Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.

Fed. R. Civ. P. 56(g) Advisory Committee Notes (2010). This is just such a case. Rule 56(g) allows a district court to enter a statement regarding material facts that are not genuinely in dispute. The Court agrees with Genesys that there appear to be additional facts of which the parties might stipulate in order to streamline the trial, however, Rule 56(g) does not allow the Court to force stipulations onto any party.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** Genesys' Rule 56(g) Motion ([Filing No. 437](Filing No. 437)). The parties are strongly encouraged to confer and make diligent efforts to enter and file additional stipulations.

**SO ORDERED.**

Date: 2/3/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

Kathleen M. Anderson
BARNES & THORNBURG, LLP
kathleen.anderson@btlaw.com

Thomas C. Payne
BARNES & THORNBURG, LLP
Thomas.Payne@btlaw.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

James P. Strenski
PAGANELLI LAW GROUP
jstrenski@paganelligroup.com

David S. Moreland
MEUNIER CARLIN & CURFMAN LLC
dmoreland@mcciplaw.com

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
jharbin@mcciplaw.com

Laken Adkins
MEUNIER CARLIN & CURFMAN LLC
ladkins@mcciplaw.com

Lee Gerritt Hamilton
MEUNIER CARLIN & CURFMAN LLC
lhamilton@mcciplaw.com

Steven Matthew Philbin
MEUNIER CARLIN & CURFMAN LLC
sphilbin@mcciplaw.com

Warren Thomas
MEUNIER CARLIN & CURFMAN LLC
wthomas@mcciplaw.com