UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-00695-TWP-MKK |
| TALKDESK, INC., MICHAEL STRAHAN, RALPH MANNO, and MARK HERTEL, | ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' OBJECTIONS TO PLAINTIFF'S TRIAL EXHIBIT LIST AND MOTION FOR RULING ON OBJECTIONS**

This matter is before the Court on "Defendants' Objections to Plaintiff's Trial Exhibit List and Motion for Ruling on Objections" ("Motion in *Limine*") (Filing No. 427) filed by Defendants Talkdesk, Inc. ("Talkdesk"), Michael Strahan ("Strahan"), Mark Hertel ("Hertel"), and Ralph Manno ("Manno") (collectively, "Defendants"). Plaintiff Genesys Cloud Services, Inc. ("Genesys") initiated this lawsuit against Defendants for misappropriation of trade secrets, breach of contract, and tortious interference with contract among other things.

Following the Court's summary judgment Order, which narrowed the claims for trial, the Court and parties are preparing for jury trial on the remaining claims, which is scheduled to begin on Tuesday, February 28, 2023. The claims to be tried are (1) breach of contract based on the confidentiality provision against Manno and Strahan; (2) misappropriation of trade secrets against the Defendants; (3) aiding and abetting a breach of the fiduciary duty of loyalty against the Defendants; (4) civil conspiracy against the Defendants; (5) tortious interference with contract against Manno and Talkdesk; and (6) raiding against Talkdesk. As part of trial preparation, the Defendants filed the instant Motion in *Limine*, asking the Court to preliminarily rule that some of

Genesys's exhibits are not admissible and will not be permitted at trial. For the reasons stated below, the Court **grants in part and denies in part** the Defendants' Motion in *Limine*.

## I. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Wash. Frontier League Baseball, LLC v. Zimmerman*, 2018 U.S. Dist. LEXIS 106108, at *10 (S.D. Ind. June 26, 2018).

## II. DISCUSSION

The Defendants request that the Court preliminarily rule that some of Genesys's exhibits are not admissible, and they ask the Court to exclude the exhibits from trial. The Defendants organize their objections "into a few distinct categories or groupings: (1) Plaintiff's expert reports (2) discovery responses and other litigation documents, (3) documents related to Talkdesk's funding, (4) Genesys 'Policy' documents, (5) documents related to the 'PowerSchool' opportunity,

and (6) three financial spreadsheets that appear related to undisclosed damages theories." (Filing No. 427 at 1.)

The Defendants request that Genesys' expert reports—which include all schedules, appendices, and exhibits to those expert reports—are inadmissible hearsay, and, thus, they should be excluded (*see* Exhibits 87, 97, 98, 107, 108, 584, 585). Additionally, the reports would be duplicative and cumulative of the experts' testimony at trial. The Defendants argue, the voluminous attachments to the expert reports should have been separately identified as individual exhibits and discovery and litigation documents are not relevant, could confuse the jury, and could be unfairly prejudicial, so these documents should be excluded (*see* Exhibits 4, 66, 79–82, 132, 523). Alternatively, the Defendants contend, Genesys should identify specific portions of the discovery response documents it plans to use or read to the jury instead of overwhelming the jury with burdensome, irrelevant, and prejudicial objections and responses. The Defendants argue their privilege log, Genesys counsel's cease and desist letter, and a complaint from an unrelated case are irrelevant and unfairly prejudicial.

Next, the Defendants argue that funding documents related to Viking Global and its funding of Talkdesk are not relevant and are highly prejudicial and also contain hearsay (*see* Exhibits 99–100).

The Defendants also assert that Genesys' policy documents that provide various corporate policies of Genesys are not relevant to the claims for trial, so these exhibits should be excluded (*see* Exhibits 2, 3, 5, 6, 9, 17, 18, 93–96, 116, 123). They argue that alleged violation of various corporate policies is not at issue in the case, and many of the policies pre-date or post-date the relevant time period. They contend that the documents are irrelevant and could confuse the jury, thus prejudicing the Defendants.

The Defendants next assert that documents related to the "PowerSchool" opportunity are not relevant to any issue or damages in the case (*see* Exhibits 129–130)

Lastly, the Defendants argue that various miscellaneous financial documents—which Genesys appears to intend to use to support undisclosed damages theories—should be excluded (*see* Exhibits 114, 118–120). They argue that the documents are hearsay, irrelevant, not authenticated, and/or improper summaries.

Responding to the Defendants' Motion in *Limine*, Genesys asserts,

> In its Entry Following Final Pretrial Conference, ECF 440, the Court ordered the following with respect to ECF 427:
>
>> Genesys submitted a list of approximately 170 exhibits (Filing No. 406). The Defendants filed written objections to some of the exhibits (Filing No. 427), which the parties acknowledged can be addressed in the context of trial.
>
> ECF 440 at 4. Given the parties' acknowledgment and the Court's order that Defendants' objections be addressed in the context of trial, Genesys believes that Defendants' Motion contained in ECF 427 is moot and the disputes contained therein will be addressed at trial. Indeed, the objections are better suited for trial, as nearly all assert relevancy and other objections that will depend on the foundation that Genesys lays in seeking admission of the exhibit.

(Filing No. 458 at 1.) Genesys then provides various arguments why its numerous exhibits are relevant to the remaining claims, damages, and/or defenses and why the exhibits are admissible. Genesys reports that it no longer intends on offering into evidence Exhibits 114, 129, and 130, and it agrees that these exhibits can be excluded. Genesys acknowledges that it does not intend on offering into evidence any expert reports, and, thus, it agrees that the portions of Exhibits 87, 97, 98, 107, 108, 584, and 585 that contain expert reports can be excluded.

In their Motion in *Limine* and in their supporting reply brief, the Defendants ask for the exclusion of many exhibits based upon irrelevance, prejudice and that the prejudice outweighs any probative value, confusing the jury, wasting time, being cumulative, and consisting of hearsay.

Much of the Defendants' reply brief argument is that Genesys failed to establish that particular exhibits are admissible. But this is not the proper standard for a motion *in limine* to exclude evidence prior to trial. Rather, the standard is that the movant must demonstrate that the evidence clearly is not admissible for any purpose. Certainly, at the time of trial, the proponent of evidence will have the burden of establishing the admissibility of the evidence.

Based upon the Defendants' arguments and Genesys's acknowledgement and agreement, the Court **sustains** the Defendants' objection and **grants** the Motion in *Limine* to exclude Exhibits 114, 129, and 130 as well as the portions of Exhibits 87, 97, 98, 107, 108, 584, and 585 that contain expert reports.

However, as to the other challenged exhibits, Genesys has advanced various arguments concerning the challenged exhibits, which preliminarily appear to present possible permissible purposes for offering the evidence. More importantly, the Defendants have not convinced the Court at this pretrial stage that the challenged exhibits clearly are not admissible for any purpose. The Court agrees with the parties' acknowledgement during the final pretrial conference that the objections to the exhibits can more appropriately be addressed in the context of trial. As a sister court within this Circuit has stated, "the admissibility of this evidence substantially depends upon the facts developed at trial and the laying of an appropriate foundation. Thus, a ruling at this juncture would be premature." *Landmark Am. Ins. Co. v. Green Lantern Roadhouse, LLC*, 2009 WL 458561, at *2 (S.D. Ill. Feb. 24, 2009).

### III.  CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** the Defendants' Motion in *Limine* (Filing No. 427) as explained above. An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant

or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 2/13/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

Kathleen M. Anderson
BARNES & THORNBURG, LLP
kathleen.anderson@btlaw.com

Thomas C. Payne
BARNES & THORNBURG, LLP
Thomas.Payne@btlaw.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

James P. Strenski
PAGANELLI LAW GROUP
jstrenski@paganelligroup.com

David S. Moreland
MEUNIER CARLIN & CURFMAN LLC
dmoreland@mcciplaw.com

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
jharbin@mcciplaw.com

Laken Adkins
MEUNIER CARLIN & CURFMAN LLC
ladkins@mcciplaw.com

Lee Gerritt Hamilton
MEUNIER CARLIN & CURFMAN LLC
lhamilton@mcciplaw.com

Steven Matthew Philbin
MEUNIER CARLIN & CURFMAN LLC
sphilbin@mcciplaw.com

Warren Thomas
MEUNIER CARLIN & CURFMAN LLC
wthomas@mcciplaw.com