UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cv-00695-TWP-MKK |
| ) | |
| TALKDESK, INC., MICHAEL STRAHAN, ) | |
| RALPH MANNO, and MARK HERTEL, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION TO CONSTRUE
AND VOID CONFIDENTIALITY PROVISIONS**

This matter is before the Court on a "Motion to Construe and Void Defendant Manno's and Defendant Strahan's Confidentiality Provisions as Overbroad and Against Indiana Public Policy" (Filing No. 479) filed by Defendants Talkdesk, Inc. ("Talkdesk"), Michael Strahan ("Strahan"), Mark Hertel ("Hertel"), and Ralph Manno ("Manno") (collectively, "Defendants"). Plaintiff Genesys Cloud Services, Inc. ("Genesys") initiated this lawsuit against Defendants for misappropriation of trade secrets, breach of contract, and tortious interference with contract among other things.

After the parties filed cross-motions for summary judgment, the Court issued its summary judgment Order on February 24, 2022, which narrowed the claims for trial (Filing No. 348). The claims to be tried during the jury trial beginning on February 28, 2023, are (1) breach of contract based on the confidentiality provision against Manno and Strahan; (2) misappropriation of trade secrets against the Defendants; (3) aiding and abetting a breach of the fiduciary duty of loyalty against the Defendants; (4) civil conspiracy against the Defendants; (5) tortious interference with contract against Manno and Talkdesk; and (6) raiding against Talkdesk.

After almost four years of litigation, and only one month before trial, on January 25, 2023, Defendants filed the instant Motion to Construe and Void Confidentiality Provisions, asking the Court to rule that the confidentiality provisions of Manno's and Strahan's employment agreements are void and unenforceable under Indiana public policy. The Defendants argue that the confidentiality provisions are overly broad as to what constitutes "confidential information" and overly broad as to geography and time. Thus, the Court should declare the confidentiality provisions to be unenforceable. Alternatively, the Defendants argue, the Court should "blue pencil" the confidentiality provisions to include only trade secrets as information protected by the confidentiality provisions. Even then, the Defendants assert Genesys broadly construes "trade secrets," so the confidentiality provisions still should be ruled to be unenforceable.

In response to the Motion to Construe and Void Confidentiality Provisions, Genesys argues,

> On January 25, 2023, more than 18 months after filing its summary judgment motion, 10 months after filing a Motion for Reconsideration of the Court's Grant of Summary Judgment, and just one month before trial, the Defendants belatedly raise an argument about the enforceability of the Confidentiality provision in the employment agreements of Defendant Manno and Defendant Strahan. [ECF 479 the "Motion"]. Defendants claim that this second dispositive motion, thinly guised as a "Motion To Construe And Void" is needed due to "[r]ecent filings and communications from Genesys" but they assert no change in law or discovery of new facts that would justify such a blatantly untimely dispositive motion. Rather, Defendants have had knowledge of Genesys' legal position with regard to the Confidentiality provision at the summary judgment phase. This is confirmed by Defendants' summary judgment briefing, wherein they addressed the merits of the Confidentiality provision on summary judgment, citing the specific contractual language and arguing that the information at issue was not confidential under that very language. At that time they did not challenge the enforceability of the Confidentiality provision.
>
> Remarkably, at summary judgment Defendants *did* challenge the enforceability of *every other* contract claim asserted against Manno and Strahan, including that the provisions are overbroad, unenforceable, or inconsistent with public policy. It was only the Confidentiality provision that was not challenged in this way. Unhappy with their outcome at summary judgment, and unhappy with

>their outcome after a Motion for Reconsideration, Defendants now spring this untimely Motion on the Court and Genesys just one month before trial. They have waived this argument as a matter of law, the Motion is untimely, and in any event it has no merit.

(Filing No. 480 at 1–2.)

Replying to Genesys's argument, the Defendants contend that their pending Motion is not a motion for summary judgment or a motion to reconsider. They argue their Motion is not untimely, and they have not waived their legal argument. They also repeat their arguments as to why the confidentiality provisions are unenforceable under Indiana law and policy.

The Court first notes that Genesys's breach of contract claim based upon the confidentiality provision is not new. It has been pled as a claim separate from the trade secrets claim since February 9, 2021 (*see* Filing No. 235). While the facts supporting the two claims overlap, the legal requirements of the claims are separate, and the Court and the parties always have been clear on that point. On February 24, 2022, when the Court issued its summary judgment Order, the Court discussed the trade secrets claims and the breach of confidentiality provision claims separately (*see* Filing No. 348 at 25–28).

During summary judgment proceedings, not only did the Defendants respond in opposition to Genesys's summary judgment motion, but they also filed their own cross-motion for summary judgment. In their cross-motion for summary judgment, the Defendants argued that five of the six relevant contract provisions were overbroad and unenforceable under Indiana law and policy. However, the Defendants chose not to challenge the confidentiality provision as being overbroad and unenforceable under Indiana law and policy in their cross-motion for summary judgment (*see* Filing No. 271).

Now, approximately eighteen months after the dispositive motions deadline and only one month before trial, the Defendants have filed without leave of court a dispositive motion asking

3

the Court to construe and void the confidentiality provisions serving as the basis for one of Genesys's remaining claims. In their reply brief, the Defendants contend that their "present motion is not a Rule 56 motion for summary judgment based on *undisputed facts*," but rather, it is a motion based on questions of law (Filing No. 485 at 8). However, the Defendants ignore the substance of their Motion, which is, that they are requesting that the Court dispose of Genesys's contract claim by deciding as a matter of law that contractual provisions are unenforceable under Indiana law and public policy. Under Rule 56, whether there are no undisputed facts is only part of the summary judgment equation. The Rule also considers whether the movant is entitled to judgment as a matter of law, and the Defendants are asking to dispose of a contract claim as a matter of law. The Defendants' Motion is in fact a dispositive motion for summary judgment.

The Seventh Circuit has unequivocally explained, "[t]he district courts must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action. . . . Necessarily, they must have substantial discretion as they manage their dockets." *Reales v. CONRAIL*, 84 F.3d 993, 996 (7th Cir. 1996). "District courts have considerable discretion to manage their dockets and to require compliance with deadlines." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). *See also Stevens v. United States Dep't of State*, 20 F.4th 337, 341–42 (7th Cir. 2021) ("As we often have said, district courts have considerable discretion to manage their dockets and to require compliance with deadlines. It is true that in this case the parties never set an explicit deadline for [plaintiff] to object to the adequacy of the filtered results. But that fact did not strip the district court of all power to manage the case; to the contrary, it remained entitled to take reasonable steps to keep the case moving forward." (internal citation and quotation marks omitted)).

Because the Defendants' Motion to Construe and Void Confidentiality Provisions (Filing No. 479) was filed more than eighteen months after the dispositive motions deadline and only one month before trial, the Motion is **DENIED** as untimely filed.[1]

   **SO ORDERED.**

Date:  2/16/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

Kathleen M. Anderson
BARNES & THORNBURG, LLP
kathleen.anderson@btlaw.com

Thomas C. Payne
BARNES & THORNBURG, LLP
Thomas.Payne@btlaw.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

James P. Strenski
PAGANELLI LAW GROUP
jstrenski@paganelligroup.com

David S. Moreland
MEUNIER CARLIN & CURFMAN LLC
dmoreland@mcciplaw.com

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
jharbin@mcciplaw.com

Laken Adkins
MEUNIER CARLIN & CURFMAN LLC
ladkins@mcciplaw.com

Lee Gerritt Hamilton
MEUNIER CARLIN & CURFMAN LLC
lhamilton@mcciplaw.com

Steven Matthew Philbin
MEUNIER CARLIN & CURFMAN LLC
sphilbin@mcciplaw.com

Warren Thomas
MEUNIER CARLIN & CURFMAN LLC
wthomas@mcciplaw.com

---

[1] In its response brief, Genesys makes a passing reference to 28 U.S.C. § 1927, asserting that the Court should award attorney's fees to Genesys for having to respond to this Motion. While the Court concludes that the Defendants' Motion was untimely filed, the Court also concludes that the Motion is not so "unreasonable and vexatious" to justify the imposition of attorney's fees against the Defendants.