UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL STRAHAN, TALKDESK, INC., ) <br> RALPH MANNO, and MARK HERTEL, ) <br> ) <br> Defendants. ) | Case No. 1:19-cv-00695-TWP-MKK |

### ENTRY ON PLAINTIFF'S MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* filed by Plaintiff Genesys Cloud Services, Inc. ("Genesys") (Filing No. 400). Genesys initiated this lawsuit against Defendants Talkdesk, Inc. ("Talkdesk"), Michael Strahan ("Strahan"), Mark Hertel ("Hertel"), and Ralph Manno ("Manno") (collectively, "Defendants") for misappropriation of trade secrets, breach of contract, and tortious interference with contract among other things. After Genesys filed its Third Amended Complaint (Filing No. 235), the parties filed cross-motions for summary judgment on the thirty-seven counts, and the Court granted in part and denied in part those motions (Filing No. 348). Genesys' Motion *in Limine*, seeks preliminary rulings from the Court regarding the admissibility of certain evidence or arguments. The Motion is **granted in part and denied in part**.

### I.      LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until

trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion *in limine* weeds out evidence that is not admissible for any purpose." *Wash. Frontier League Baseball, LLC v. Zimmerman*, 2018 U.S. Dist. LEXIS 106108, at *10 (S.D. Ind. June 26, 2018).

## II. DISCUSSION

Genesys and Talkdesk are competitors in a highly competitive industry referred to as call center as a service or "CCaaS". (Filing No. 259-8 at 16–17.) Manno, Strahan, and Hertel, previously employees of Genesys, became employees of Talkdesk in 2018. This matter is scheduled for a five to more than seven day jury trial beginning on February 28, 2023. The following claims are scheduled for trial: (1) breach of contract based on the confidentiality provision against Manno and Strahan; (2) misappropriation of trade secrets against the Defendants; (3) aiding and abetting a breach of the fiduciary duty of loyalty against the Defendants; (4) civil conspiracy against the Defendants; (5) tortious interference with contract against Manno and Talkdesk; and (6) raiding against Talkdesk.

In a summary judgment ruling, the Court found that Defendants Manno and Strahan breached their employment agreements by: (1) competing against Genesys while still employed; (2) failing to devote substantial time and provide faithful service to Genesys while employed; and (3) failing to surrender Genesys records upon leaving employment. The Court also found that Manno, Strahan, and Hertel breached their fiduciary duties of loyalty owed to Genesys. Thus, all

that remains for the jury to do on those claims is determine the amount of damages due from those Defendants on those established claims. Genesys has asked for preliminary evidentiary rulings on numerous matters. The Court will address each request in turn.

A. **Evidence suggesting Manno, Strahan, or Hertel did not understand, read, or retain copies of their employment agreements.**

Genesys asks the Court to exclude any evidence that Manno, Strahan, or Hertel did not understand, read, or retain copies of their employment agreements because such evidence is irrelevant to the claims and issues for trial, and it likely would mislead or confuse the jury. Genesys points out that the Court previously granted summary judgment to Genesys on three breach of contract claims, and thus, the Court necessarily determined the existence and the breach of the contracts, and a party is presumed to have read and understood documents that they sign.

The Defendants acknowledge that Genesys is correct that failure to read, understand, or retain an agreement is not a defense to breach of contract. However, they argue, this evidence is relevant to the claim of tortious interference with contract against Manno and Talkdesk. For this claim, Genesys must prove the defendant's knowledge of the existence of the contract, and if Manno, Strahan, and Hertel did not read, retain, or understand their agreements, then they could not have told each other or Talkdesk about the existence or terms of those contracts. And in turn, if the other parties were not aware of the contracts, then those parties could not be liable for tortious interference. The Defendants further point out that this evidence is directly relevant to Genesys' claim for civil conspiracy as well as the request for punitive damages.

The Court agrees with the Defendants that this evidence is relevant, and Genesys has not shown that the evidence clearly is not admissible for any purpose. Therefore, this request is **denied**.

3

B. **Evidence, argument, or commentary suggesting Talkdesk did not have knowledge of Manno's employment agreements.**

Genesys advances a similar argument regarding Talkdesk's knowledge of Manno's employment agreement, stating that Talkdesk's knowledge of Manno's employment agreement is a fact established in the summary judgment proceedings so it is of no consequence to the remaining issues and may mislead or confuse the jury.

The Defendants respond that there is a dispute of fact about what Talkdesk's knowledge and intentions were relating to the specific contracts and provisions at issue. Importantly, the evidence and argument about Talkdesk's knowledge of Manno's employment agreement is directly relevant to rebutting Genesys' tortious interference claims.

This evidence is relevant, and Genesys has not shown that the evidence clearly is not admissible for any purpose. Therefore, this request is **denied**.

C. **Evidence, argument, or commentary setting forth alleged reasons that Defendants Manno, Strahan, or Hertel, or any of the raided Genesys employees, left employment at Genesys, including that they were not happy working for Genesys.**

Next, Genesys argues that evidence or argument concerning the reasons why individuals left employment with Genesys should be excluded. Genesys asserts that who the individuals chose to work for, and why, is not relevant to any of the claims or defenses. Genesys' claims relate to the individual Defendants' wrongdoing while they were still employed by Genesys. Any evidence regarding the reasons for the individual Defendants' departures from Genesys is of no consequence because the reasons for, or voluntarily or involuntary nature of, the raided employees' separations from Genesys is not relevant. Instead, Genesys argues, what they did before and after those departures that benefitted Talkdesk at Genesys' expense is what is relevant in this litigation. Any

4

evidence or argument that the individual Defendants were unhappy at Genesys or that Genesys was not a good place to work would be unfairly prejudicial to Genesys.

In response, the Defendants contend Genesys' "raiding" claim requires it to show that Talkdesk in fact raided its employees, and Genesys must show that it would not have suffered damages but for the alleged raid. The Defendants contend that if Genesys' employees were unhappy and would have left Genesys regardless of any activity in this case, then no "raid" or "damages" occurred. The reasons why employees left Genesys are relevant to show that Talkdesk's actions (the "raid") did not cause them to leave Genesys. Furthermore, if the employees were going to be terminated, then the raid did not cause damage and this evidence is highly relevant to both liability and damages issues, thus it should be admissible.

Genesys has not shown that the evidence clearly is not admissible for any purpose, and it appears to be relevant to the raiding claim; therefore, this request is **denied**.

**D.** **Evidence, argument, or commentary asserting that Strahan's final two weeks at Genesys (September 16–September 30, 2018), during which time he began formal employment with Talkdesk while still employed by Genesys, was approved "vacation time" or that he was not still under obligation to Genesys during this time.**

Genesys argues that, in the Court's recitation of the undisputed material facts in its summary judgment Order, the Court acknowledged it was undisputed that Strahan began working for Talkdesk on September 17, 2018, but did not end his employment with Genesys until September 30, 2018, during which time he performed activities for Talkdesk while still employed by Genesys. Genesys contends that the Court relied on this fact in determining that Strahan breached his contractual obligation not to compete while employed and breached his fiduciary duty of loyalty, noting that Strahan began his employment with Talkdesk on September 17, 2018, and remained employed by Genesys until September 30, 2018, even if he used accrued vacation days the last two weeks of employment. Thus, Genesys argues, the Court has already ruled that

5

whether Strahan was using paid time off or not performing duties for Genesys is irrelevant. Genesys asserts this evidence would confuse and mislead the jury.

The Defendants argue that Genesys' position misstates the Court's ruling, ignores the relevance of this evidence to Genesys' remaining claims, and fails to show the required unfair prejudice necessary to exclude such relevant evidence. Defendants argue that this evidence is relevant to Genesys' possible measures of damages; contract damages are measured by expectation or restitution damages, and Strahan's vacation time is relevant to both possible measures. Genesys had no expectation of Strahan's efforts during his vacation, so any expectation damages are nominal. And restitution damages would be nominal because the benefit conferred on Strahan—his salary paid during vacation—derived from his accumulated vacation time, not from wrongful conduct.

The summary judgment Order did not rule that the facts about the vacation time were irrelevant and inadmissible for any purpose at trial. The Defendants' position is well taken, and Genesys has not shown at this pretrial stage that the evidence clearly is not admissible for any purpose. Accordingly, this request to exclude evidence and argument is **denied**.

E.     **Evidence, argument, or commentary asserting that Manno's and Strahan's tenure at Genesys and Interactive Intelligence is a defense to breaching their contractual, fiduciary, or other legal obligations.**

Next, Genesys contends that Manno and Strahan should be precluded from presenting any evidence that their long tenure with Genesys and its predecessor is relevant to whether they complied with their contractual, fiduciary, or other legal obligations. Genesys' claims relate only to Manno's and Strahan's misconduct beginning in July 2018 through the fall of 2018. Thus, Genesys asserts, any evidence regarding Manno's and Strahan's alleged faithful service to Genesys

6

predating this period of time is of no consequence and is irrelevant and inadmissible. This evidence also would confuse and mislead the jury.

Opposing this request, the Defendants note that background evidence about parties and the case is universally offered and admitted even when it does not involve disputed matters. Courts routinely admit such background evidence about defendants and the relationships between parties, and evidence about the individual Defendants' careers and work histories is admissible background evidence. Genesys' position also ignores the relevance of this evidence to disputed issues in this case. The Defendants assert that, to prove damages from the raid of Manno and Strahan, Genesys must show that the alleged raid caused their departure from Genesys. But if the raid was not the cause of their departure, then the costs incurred by Genesys related to their departure are not damages and not recoverable. As such, evidence that Manno and Strahan were long time employees of Genesys' predecessor, and they became unhappy with Genesys after it acquired the predecessor, is probative of why they left Genesys. Furthermore, their tenure and prior work histories directly relate to general knowledge and skills that the Defendants would have gained, which is directly relevant to Genesys' trade secret claims. Thus, the Defendants argue, this evidence is relevant to causation and damages issues for trial.

Again, the Defendants' position is well taken, and Genesys has not shown at this pretrial stage that the evidence clearly is not admissible for any purpose. Therefore, this request to exclude evidence and argument is **denied**.

F. **Evidence, argument, or commentary asserting that any of the individual Defendants were not paid for the services provided to Talkdesk while still working for Genesys.**

Genesys argues that in its summary judgment Order, the Court determined that whether Manno or Strahan were paid by Talkdesk was irrelevant to the issue of whether they acted in Talkdesk's benefit, as its agents, and competed with Genesys while still employed by Genesys.

7

Thus, Defendants should be precluded from presenting any evidence that, during their employment with Genesys, when they acted in Talkdesk's benefit and breached their contractual and fiduciary duties, they were not being paid by Talkdesk. Genesys argues there is no legal relevance to the argument that because the Defendants were not paid, they somehow were justified in providing services to Genesys' competitor while still working for Genesys. Genesys contends this evidence would confuse and mislead the jury.

The Defendants respond that evidence that Talkdesk did not pay the individual Defendants is probative of the elements of Genesys' aiding and abetting claim and the civil conspiracy claim. This evidence goes to the Defendants' knowledge, substantial assistance, and meeting of the minds—relevant to the claims for trial. This evidence also is probative of willfulness and knowledge with regard to punitive damages.

At this pretrial stage, the Court agrees with the Defendants that this evidence may be relevant, and Genesys has not shown that the evidence clearly is not admissible for any purpose. Therefore, this request is **denied**.

G.  **Evidence, argument, or commentary relying on witnesses and information which have not been previously disclosed in discovery.**

Quoting Federal Rule of Civil Procedure 37(c), Genesys asserts that a "party that . . . fails to disclose information required by Rule 26(a) or 26(c)(1) . . . is not . . . permitted to use as evidence at a trial . . . any witness or information not so disclosed." Genesys asserts that when the Defendants served their initial disclosures and supplemental initial disclosures, and when they filed their preliminary witness and exhibits lists, they did not disclose or identify Lisa Kelly as a possible witness. The Defendants first identified and disclosed Lisa Kelly on their final witness list. Genesys argues it would be prejudiced if Lisa Kelly is permitted to testify because she was not disclosed earlier. The Defendants respond that they agree with Genesys that witnesses and

8

information not properly disclosed during discovery should be excluded from trial. In light of Rule 37(c) and the parties' agreement regarding this issue, the Court **grants** this request and specifically precludes Lisa Kelly from testifying at trial.

**H.** **Lay witnesses' testimony which is not based on personal knowledge should be excluded.**

Next, Genesys states,

> Any attempt by Defendants to elicit testimony from their disclosed witnesses on subjects that they have no personal knowledge of would violate Federal Rule of Evidence 602, which explains that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Any such evidence should be excluded.

(Filing No. 400 at 10.)

In response, the Defendants note, "[a]gain, Talkdesk and Genesys find common ground. Talkdesk agrees that lay witnesses are limited to their personal knowledge, and that, at trial, Defendants agree lay witness testimony beyond their personal knowledge is objectionable." (Filing No. 429 at 14.)

Federal Rule of Evidence 602 applies to the trial of this matter and will be enforced during trial. Lay witnesses must have personal knowledge of the matters about which they testify. This request is **granted**.

**I.** **Any comment suggesting that the jurors should put themselves in the position of any of the Defendants.**

Genesys asserts,

> "A 'Golden Rule' appeal in which the jury is asked to put itself in the [party's] position 'is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Spray-Rite Service Corp. v. Monsanto*, 684 F.2d 1226, 1246 (7th Cir. 1982); *see also Lovett ex rel. Lovett v. Union Pacific Railroad*, 201 F.3d 1074, 1083 (8th Cir. 2000). Based on the foregoing, the Court should prohibit Defendants from asking the jury to put themselves in the position of any of the Defendants (*i.e.*, no "Golden Rule" argument).

(Filing No. 400 at 10.)

The Defendants respond that they agree "'golden rule' arguments are objectionable and note that this rule also applies to the plaintiff. *See Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982), *aff'd*, 465 U.S. 752 (1984). Thus, the Court should prevent any party in this case from making improper golden rule arguments." (Filing No. 429 at 14.)

Genesys' position is well taken and supported by case law (and agreed to by the Defendants), so the Court **grants** this request, and no party may present "Golden Rule" arguments during trial.

**J.    Evidence, argument, or commentary comparing the respective value, size, or wealth of Genesys.**

Next, Genesys argues,

> The relative value, size, or wealth of Genesys is not relevant to any of the claims or defenses in this case. Because any fact on these issues would have no "consequence," it is irrelevant and inadmissible at trial. But further, even if relevant, this purported fact should be excluded because it has no probative value, would unfairly prejudice Genesys, and would only serve to confuse the issues and mislead the jury.

(Filing No. 400 at 10.)

Responding in opposition to this request, the Defendants contend that Genesys made its own financial status relevant by claiming that Talkdesk had the purpose of "crippling" or "destroying" Genesys, which is a required element of its raiding claim. The Defendants argue that whether a competing business can be destroyed depends on the nature of the competing business, and thus, evidence about Genesys' financial condition is directly relevant to whether it was plausible that Talkdesk had a primary purpose of destroying Genesys when it hired Genesys' employees. The Defendants assert that if it was obviously impossible for the hiring of these employees to destroy Genesys, then that fact supports a finding that Talkdesk did not have the

10

primary purpose of destroying Genesys. This evidence is directly relevant to the raiding claim. The Defendants further contend that Genesys' financial status also is relevant to damages from the raid. Additionally, Genesys is the plaintiff in this case, and the Defendants have no counterclaims, so there is no concern of unfair prejudice regarding an improper, outsized plaintiff's verdict. At this pretrial stage, the Court agrees with the Defendants that this evidence may be relevant, and Genesys has not shown that the evidence clearly is not admissible for any purpose. Therefore, this request is **denied**.

K.  **Evidence, argument, or commentary regarding any settlement discussions or negotiations between the parties.**

Relying upon Federal Rule of Evidence 408, Genesys asks the Court to preclude any evidence or argument about any settlement discussions or negotiations between the parties. No "other permissible purpose" exists in this case as to this type of evidence, so it should be excluded from trial.

The Defendants respond that they agree evidence of settlement negotiations are not relevant to prove the validity or amount of any disputed claims of any party at trial pursuant to Federal Rule of Evidence 408(a). They continue, to the extent that a party may seek to offer such evidence for any other purpose, they request that the Court order such evidence be brought to the Court's attention outside the presence of the jury.

Genesys' position is well taken as is the Defendants' response. This request is **granted**, and evidence or argument about any settlement discussions or negotiations between the parties will not be permitted at trial. However, if a party believes such evidence becomes relevant and admissible for an "other purpose," counsel may request a hearing outside the presence of the jury.

**L.      Evidence, argument, or commentary regarding any personal or financial hardship suffered by Defendants, including any period of unemployment occurring after Manno, Strahan, or Hertel worked at Talkdesk, Inc.**

Genesys next contends,

> Any evidence, argument, or commentary regarding personal or financial hardship suffered by Defendants is not relevant to any claim or defense in this case. Because any fact on these issues would have no "consequence," it is irrelevant and inadmissible at trial. But further, even if relevant, this purported fact should be excluded because it has no probative value, would unfairly prejudice Genesys, and would only serve to confuse the issues and mislead the jury.

(Filing No. 400 at 11.)

The Defendants object, stating that evidence and argument about the work history of the individual Defendants and their financial success is potentially relevant, and, therefore, the Court should not exclude such evidence *in limine*. Background information on the individuals, including that Strahan and Hertel are no longer employed by Talkdesk, is relevant background information and could be relevant to issues in the case, including harm caused by their departure from Genesys. The Defendants argue that Genesys could open the door to such evidence at trial by referring to the individual Defendants' work performance or earnings. And to the extent Genesys is allowed to introduce evidence and argument about punitive damages, evidence of the individual Defendants' financial status is admissible.

At this pretrial stage, the Court is not convinced that this evidence clearly is not admissible for any purpose but instead believes that these evidentiary rulings must be deferred until trial so that questions of relevancy and prejudice may be resolved in context. Therefore, this request is **denied**.

**M.      Evidence, argument, or commentary regarding Manno and Strahan not acting as agents of Talkdesk while still employed by Genesys.**

Genesys argues that in its summary judgment Order, the Court determined that Manno and Strahan acted as Talkdesk's agents while still working for Genesys, and, therefore, they breached their contractual obligations owed to Genesys. Genesys asserts that the Court reaffirmed this finding when it denied the Defendants' motion for reconsideration. "Thus, the Court has already ruled that Manno and Strahan acted as Talkdesk's agents while employed by Genesys. Defendants should be precluded from presenting any evidence, argument, or commentary suggesting this was not the case." (Filing No. 400 at 12.)

The Defendants respond that evidence about the extent of the agency relationship would be potentially relevant to rebut damages assertions for the breach of contract claims. Under Indiana law, breach of contract damages must be proximately caused by the alleged breaches of the contract. Thus, Genesys must show that any damages were proximately caused by the actions undertaken in the agency relationship. Any evidence indicating that acts were not part of the agency relationship is relevant to show that the harms do not flow from the breaches and, therefore, are not legal damages. The Defendants argue the timing and scope of any agency relationship affects damages, and the Court did not make such a determination in the summary judgment Order.

The Defendants' position is well taken, and Genesys has not shown at this pretrial stage that the evidence clearly is not admissible for any purpose. Thus, this request to exclude evidence and argument is **denied**.

13

N. **Evidence, argument, or commentary regarding the speculative, unsupported assertion that Defendants could have downloaded the PureCloud list from a public website or obtained it from a third party.**

Next, Genesys contends,

> In denying Defendants' Motion for Reconsideration, the Court rejected Defendants' argument that "it is possible that Manno and Strahan could have downloaded from a public website or obtained from a third party the Genesys documents after having left Genesys…." ECF 380 at 8. Notably, the Court ruled that "if this is what actually did happen, the Defendants would have designated evidence to the Court showing that they actually did obtain the Genesys documents from a third party or from a public website after having left Genesys. The Defendants did not designate such evidence." *Id.* at 8–9. In so holding, the Court noted that "inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Id.* at 8 (citing *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007)). Defendants should similarly be precluded from relying on this speculative argument, devoid of any evidentiary support. Permitting Defendants to suggest to the jury that "it is possible" the PureCloud List came from a public source would unfairly prejudice Genesys, and would only serve to confuse the issues and mislead the jury.

([Filing No. 400 at 12](Filing No. 400 at 12).)

In response, the Defendants assert that the claims for trade secrets misappropriation require proof that information was indeed secret and was not readily ascertainable and that Genesys took reasonable steps to keep the information secret. The Court's ruling and discussion (relied upon by Genesys) was in the context of the claim for breach of contract "surrender of records" provision, and that claim has very different requirements from the trade secrets claims. The Defendants argue that evidence that the PureCloud list was distributed widely at Genesys, could have been obtained publicly, was downloaded by Strahan from an unsecured web link on Genesys' public-facing websites, or was available from third parties tends to disprove both the secrecy and reasonable efforts elements of Genesys' trade secret claim. Thus, this evidence is relevant and admissible. The Defendants further contend that this evidence has foundational support to allow the evidence.

14

At this pretrial stage, this request is **granted in part and denied in part**. The relevance of the evidence about the availability and accessibility of the PureCloud list may be relevant, accordingly, the request to exclude is evidence is **denied** and such evidence will be permitted at trial if a proper foundation is laid. However, Genesys' position is well taken regarding speculative or unsupported arguments, evidence, and commentary. This motion *in limine* is **granted** in that the Court will not allow evidence or testimony that is lacking a proper foundation and is unsupported and speculative.

O.  **Evidence, argument, or commentary suggesting that Manno, Strahan, and Hertel's actions on behalf of Talkdesk while still employed by Genesys were merely preparations to compete and not in direct competition with Genesys.**

Genesys argues,

> The Court found that Manno, Strahan, and Hertel breached their fiduciary duties of loyalty owed to Genesys. ECF 348 at 30. The Court based this ruling on: (1) that the trio served as agents of Talkdesk by performing recruiting activities and planning sales team coordination; (2) that during working hours they performed recruiting efforts on behalf of Talkdesk and had numerous conversations with Talkdesk personnel about hiring and sales plans and strategies; and that (3) Strahan even began employment with Talkdesk while still employed by Genesys. *Id.* This, the Court said, put them "in direct competition with Genesys while they were still employed by Genesys." Defendants should be precluded from presenting any evidence, argument, or commentary suggesting that their pre-departure activities were not direct competition or were mere preparations to compete. The Court has already ruled as a matter of law that Manno, Strahan, and Hertel were in direct competition, so any presentation of such an argument would unfairly prejudice Genesys, and would only serve to confuse the issues and mislead the jury.

(Filing No. 400 at 13.)

The Defendants contend that evidence about "preparations to compete" is relevant to determining which damages flow from the alleged breaches of fiduciary duty. They argue that the Court's summary judgment Order found that some actions of the Defendants were breaches of that duty, not that every action taken by the individual Defendants was a breach of that duty. Further, they contend, no causation of damages was shown. If Genesys argues at trial that its damages are

15

based on preparations to compete, evidence and argument that those activities are preparations to compete is relevant rebuttal evidence. Genesys argued that a long list of allegations supports the breach of fiduciary duty claim, and the Court determined that some actions went beyond preparing to compete, which was sufficient to determine liability, but it did not determine the potential damages. The Court did not hold as a matter of law that every action taken by the Defendants was not in preparation to compete. Evidence of these actions are directly relevant to damages for any breach of fiduciary duty.

The Defendants' position is well taken, and Genesys has not shown at this pretrial stage that the evidence clearly is not admissible for any purpose. Thus, this request to exclude evidence and argument is **denied**.

**P.    Evidence, argument, or commentary suggesting Genesys did not suffer any damages or harm as a result of Talkdesk hiring Manno, Strahan, Hertel, and six other mid-market sales personnel in the fall of 2018.**

Genesys next argues that the Court determined in its summary judgment Order that Manno, Strahan, and Hertel breached their fiduciary duties of loyalty to Genesys, which means that Genesys suffered harm from their actions because it is a necessary element of the claim. In the Order on the motion for reconsideration, the Court further explained that Genesys was harmed by the Defendants' actions, but the amount of harm and damages was disputed, so it was left for trial. Genesys asserts that the same is true for the breach of contract claims. "Thus, the Court has already found as a matter of law that Genesys suffered damages and harm from its loss of sales personnel. Therefore, Defendants should be precluded from providing any evidence, argument, or commentary that Genesys suffered no damages or harm." (Filing No. 400 at 14.)

Responding to Genesys' position, the Defendants contend that the Court's finding of possible harm for establishing liability for the breach of fiduciary duty claims is not a finding of

16

harm for any of the other claims that will be presented to the jury. The Defendants explain that tort and contract law require that the harm and damages be caused by the actions that support those claims, and because Genesys has different claims based on different alleged acts, the Court's determination of harm for a breach of fiduciary duty cannot be generalized into proof of harm for every claim in this case. For example, evidence showing that Genesys was not harmed by the alleged raid or by the alleged tortious interference is still relevant to disputed issues in this case. Furthermore, the Court's determination that a breach of fiduciary duty occurred does not prove the extent of damages for that claim. The Court's summary judgment Order simply determined that unquantified harm had been established for purposes of showing liability for certain claims, but it did not consider the extent of harm or damages. This evidence is still relevant.

The Court agrees with the Defendants that this evidence is relevant, and Genesys has not shown that the evidence clearly is not admissible for any purpose. Therefore, this request is **denied**.

**Q.  Evidence, argument, or commentary challenging any of the Court's summary judgment findings and conclusions granting summary judgment against Manno, Strahan, and Hertel.**

Lastly, Genesys asserts,

> The Court, in a lengthy opinion after extensive briefing and oral argument, ruled as a matter of law against Manno, Strahan, and Hertel and granted summary judgment on certain claims. Defendants should not therefore, at trial, be able to attack or challenge any of the Court's findings and conclusions on those matters.

(Filing No. 400 at 14.)

In opposing this final request, the Defendants explain,

> Defendants agree that it would be improper to introduce argument that the Court erred in its grant (or denial) of summary judgment on any Counts. But Genesys' MIL Q is not limited to arguments against the Court's *judgment*. Instead, Genesys seeks to exclude any piece of evidence that could "challenge" the Court's "findings and conclusions." MIL Q provides no legal authority for this position.

17

> It appears Genesys is arguing that the law of the case doctrine precludes evidence at trial that "challenges" the Court's summary judgment order. This is contrary to 7th Circuit precedent, and MIL Q should be denied on that basis alone. Under the law of the case doctrine, facts recited in a summary judgment order are only binding to the extent that the court actually decides those facts, for example by entering an order under Rule 56(g) treating those findings as established. *See United States v. Dish Network, L.L.C.*, No. 09-3073, 2015 WL 9481649, at *2 (C.D. Ill. Dec. 7, 2015). Thus, "not all of the facts in a summary judgment opinion are treated as established in the case". *Id.*
>
> Talkdesk's burden in opposing summary judgment was only to set forth a dispute of fact—not to convince the Court to adopt any specific factual narrative or to set forth "all evidence" or arguments that could be relevant.

(Filing No. 429 at 27.) (Emphasis in original.)

The Defendants further contend that this request should be denied because it is overbroad and premature. They argue that any piece of evidence that was not recited in the summary judgment Order could be considered a "challenge" to that Order, but Genesys has over thirty claims with overlapping factual bases, and which implicate damages issues that have not yet been presented to the Court. Defendants acknowledge, it would be improper to present argument during trial that the Court erred in its grant or denial of summary judgment as to specific claims. However, Genesys' broad, generalized request is improper at this pretrial stage. Therefore, the Court **denies** this request.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Genesys' Motion *in Limine* (Filing No. 400)[1]. An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible

---

[1] The Court has been liberal in ruling on the motions *in limine* because the Court desires to allow the parties to try their case as they wish. Some of the evidence Defendants argue is admissible has minimal relevance to the issues to be tried. Defendants should be mindful that the time allotted for trial of this matter is limited, and the offer of excessive background and minimally relevant evidence should be restrained.

during the course of the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date: 2/21/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

Kathleen M. Anderson
BARNES & THORNBURG, LLP
kathleen.anderson@btlaw.com

Thomas C. Payne
BARNES & THORNBURG, LLP
Thomas.Payne@btlaw.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

James P. Strenski
PAGANELLI LAW GROUP
jstrenski@paganelligroup.com

David S. Moreland
MEUNIER CARLIN & CURFMAN LLC
dmoreland@mcciplaw.com

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
jharbin@mcciplaw.com

Laken Adkins
MEUNIER CARLIN & CURFMAN LLC
ladkins@mcciplaw.com

Lee Gerritt Hamilton
MEUNIER CARLIN & CURFMAN LLC
lhamilton@mcciplaw.com

Steven Matthew Philbin
MEUNIER CARLIN & CURFMAN LLC
sphilbin@mcciplaw.com

Warren Thomas
MEUNIER CARLIN & CURFMAN LLC
wthomas@mcciplaw.com