**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC.,        ) | |
|                        ) | |
|            Plaintiff,      ) | |
|                        ) | |
|           v.            ) | Case No. 1:19-cv-00695-TWP-MKK |
|                        ) | |
| MICHAEL STRAHAN, TALKDESK, INC.,    ) | |
| RALPH MANNO, and MARK HERTEL,      ) | |
|                        ) | |
|          Defendants.     ) | |

## ENTRY ON DEFENDANTS' MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* filed by Defendants Michael Strahan ("Strahan"), Talkdesk, Inc. ("Talkdesk"), Ralph Manno ("Manno") and Mark Hertel ("Hertel"), (collectively, "Defendants") (Filing No. 409).  Plaintiff Genesys Cloud Services, Inc. ("Genesys") initiated this lawsuit against the Defendants for misappropriation of trade secrets, breach of contract, and tortious interference with contract among other things. After Genesys filed its Third Amended Complaint (Filing No. 235), the parties filed cross-motions for summary judgment on the thirty-seven counts, and the Court granted in part and denied in part those motions (Filing No. 348). The Defendants' Motion *in Limine* seeks preliminary rulings from the Court regarding the admissibility of certain evidence or arguments.  For the following reasons, the Defendants' Motion is **granted in part and denied in part**.

## I.      LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D.

Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Wash. Frontier League Baseball, LLC v. Zimmerman*, 2018 U.S. Dist. LEXIS 106108, at *10 (S.D. Ind. June 26, 2018).

## II.   DISCUSSION

Genesys and Talkdesk are competitors in a highly competitive industry referred to as call center as a service or "CCaaS." (Filing No. 259-8 at 16–17.) Manno, Strahan, and Hertel (previous employees of Genesys) became employees of Talkdesk in 2018. This matter is scheduled for a five to no more than seven day jury trial beginning on February 28, 2023. The following claims are scheduled for trial: (1) breach of contract based on the confidentiality provision against Manno and Strahan; (2) misappropriation of trade secrets against the Defendants; (3) aiding and abetting a breach of the fiduciary duty of loyalty against the Defendants; (4) civil conspiracy against the Defendants; (5) tortious interference with contract against Manno and Talkdesk; and (6) raiding against Talkdesk.

In a summary judgment ruling, the Court found that Defendants Manno and Strahan breached their employment agreements by: (1) competing against Genesys while still employed; (2) failing to devote substantial time and provide faithful service to Genesys while employed; and (3) failing to surrender Genesys' records upon leaving employment. The Court also found that

Manno, Strahan, and Hertel breached their fiduciary duties of loyalty owed to Genesys. Thus, all that remains for the jury to do on those claims is determine the amount of damages due from those Defendants on those established claims.  The Defendants have asked for preliminary evidentiary rulings on numerous matters.  The Court will address each request in turn.

**A.** **Preclude Genesys from introducing evidence, argument, or inferences relating to damages for which Genesys has failed to provide adequate disclosures.**

Federal Rule of Civil Procedure 26(1)(A) requires a plaintiff to disclose a computation of each category of damages claimed, including materials bearing on the nature and extent of injuries suffered and to timely supplement the initial disclosures over the course of the case.  The disclosure requirement is not satisfied by simply reciting conclusory allegations or possible categories of harm; rather, assertions of damages are precluded when a plaintiff only provides categories of damages that they seek as opposed to a disclosure providing a computation of those damages. *Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc*., No. 3:11-CV-268 JD, 2017 WL 3016385, at \*2 (N.D. Ind. July 17, 2017); *Miller v. Polaris Lab'ys*, LLC, No. 1:11-CV-01004-TWP-DML, 2016 WL 1639087, at \*4 (S.D. Ind. Apr. 26, 2016) (Pratt, J.).  Undisclosed or a bottom-line-number damages claim without actual computation is automatically excluded absent a showing that the lack of disclosure is substantially justified or harmless.  *See, Dynegy Mktg. & Trade v. Multiut Corp*., 648 F.3d 506, 514 (7th Cir. 2011).

Defendants contend that Genesys has failed to disclose computations of damages, and that failure is not justified or harmless because the Defendants would be prejudiced by having to defend during trial against undisclosed damages computations.  In particular, they argue Genesys has failed to satisfy the computation requirement of Rule 26 for all but three of its claims.  After more than two years of discovery and after notice from the Defendants that Genesys' allegations of harm were unsupported and inadequate, Genesys still has refused to provide computations of its alleged

damages for most of its claims. Genesys has not provided even a specific number to support a computation for some claims, and for other claims where Genesys has disclosed a number, it has done so without providing any methodology or actual computation to support how it arrived at its dollar amount.

The Defendants contend,

> …Genesys had multiple opportunities over two years to formulate specific allegations of harm and to provide its computation of damages as required by Rule 26. Despite this, Genesys chose not to do so. Indeed, in its [special statement of damages], which Genesys cited as the information source for its damages claims, Genesys failed in most instances to *provide any amounts*, did not provide *any computations* relating to its damage assertions, failed to provide details surrounding *how* it was computing its damages, and cited *no evidence* to support its assertions. Genesys instead caveated that "[f]urther damages discovery and analysis is needed to calculate these damages" or that undisclosed "[r]etained damages experts" would support its conclusory assertions of damages. Yet Genesys never supplemented this disclosure to provide the missing amounts, computations, methodology, or evidence.

(Filing No. 409 at 6 (emphasis in original).)

The Defendants assert that Genesys has never notified them of a specific amount of damages it intends to prove as to its remaining breach of contract claims as to Manno and Strahan; tortious interference with contract claims as to Manno and Talkdesk; conspiracy claims as to all the Defendants; aiding and abetting breach of fiduciary duty claims as to all the Defendants; and misappropriation of trade secrets claims as to Manno, Strahan, and Hertel. And it did not provide any computation, methodology, or evidence showing how it calculates damages for these counts.

Regarding the raiding claim and the trade secret misappropriation claim as to Talkdesk, the Defendants argue that Genesys should be limited at trial to the narrow damages claims disclosed by its expert witnesses. Any other undisclosed computation as to these counts should be excluded from trial.

…[T]he expert reports served by Genesys were directed only to (1) a purported reasonable royalty that Talkdesk would have paid for the alleged misappropriation of the PureCloud list as asserted in Ms. Distler's report, and (2) damages allegedly caused by the raiding claim as asserted in Mr. Dineen's report. Accordingly, Genesys's assertion of damages relating to trade secret misappropriation as to Talkdesk (counts 32 & 33) and raiding (count 35) should be limited to the computations of damages expressly set out in the expert reports of Mr. Dineen and Ms. Distler.

(Filing No. 409 at 13.) The Defendants contend that any other category of damages—which Genesys asserted would later be explained by its damages experts but were never disclosed—must be excluded.

As to the claims for breach of fiduciary duties, the Defendants argue Genesys should be limited to seeking damages for disgorgement of salary because that is the only measure of damages that Genesys disclosed to the Defendants for these claims. Additionally, claims for breach of fiduciary duties are an equitable claim, so the remedy of disgorgement is a matter for the Court to resolve, rather than the jury. In addition, the Defendants contend that Genesys should be precluded from asserting punitive damages because it never computed actual damages as to the underlying claims or for the alleged punitive damages.

In response, Genesys contends the Defendants previously presented many of these arguments during the summary judgment proceedings, asserting that Genesys had no damages, but the Court rejected that argument, finding that Genesys had been damaged but the amount of damages had to be determined at trial. Defendants again brought their arguments in their motion for reconsideration, asserting that questions existed whether Genesys had been harmed, but, again, the Court rejected that argument, finding that the amount of damages had to be determined at trial. Genesys argues the Defendants are now improperly using the in *limine* procedure to raise discovery/disclosure disputes as to damages on the eve of trial.

Genesys contends that it properly disclosed its damages with detailed expert reports from retained expert witnesses, and it argues that it sustained damages on all of its claims. Genesys asserts that it provided a three-page damages disclosure in December 2020 (the special statement of damages) and then supported that damages disclosure with two expert reports. Genesys argues that its "damages experts submitted detailed damages opinions of $1.2 million to $1.81 million stemming from the Talkdesk/Manno/Strahan/Hertel actions in their raid of the mid-market sales team and accompanying claims. [ECF322-1] (Dineen Report), and of at least $2.0 million for misappropriation of the PureCloud List. [ECF323-5] (Distler Report)." (Filing No. 428 at 6.)

Genesys further argues,

> Defendants erroneously assert that Genesys did not provide disclosures as to these [Contract, Interference, Conspiracy, Aiding & Abetting, Misappropriation, Raiding, and Fiduciary Duty] claims. But damages expert Professor Dineen provides expert damages projections of $1.2 million - $1.81 million as to the claims involving the extensive raiding of Genesys' mid-market sales team, deriving from the multiple actions and multiple claims involving stealing Genesys leaders and personnel. Dineen's opinions are not limited to a specific legal theory, but to the damages caused by the Defendants' actions in targeting and taking Genesys talent.

*Id.*

Regarding punitive damages, Genesys contends these damages are sought for each tort claim: breach of fiduciary duty, interference with contract, raiding, and conspiracy/aiding and abetting breach of fiduciary duty, and interference. Genesys asserts that punitive damages are the province of the jury, and the statutory limitation in Indiana is three times compensatory damages; therefore, it properly disclosed its punitive damages claim when it disclosed its request of punitive damages, allowable up to three times the amount of compensatory damages awarded.[1]

---

[1] Genesys acknowledges that it does not advance damage claims for lost profits or lost sales at trial.

Replying to Genesys' argument, the Defendants point out that Genesys did not dispute Rule 26(a)'s requirement to provide computation of damages, and the failure to provide such warrants automatic exclusion. The Defendants also point out that Genesys did not argue its failure to provide damages computations was harmless or substantially justified; instead, Genesys argued that it did provide adequate damages computations for each of its claims through its expert reports. The Defendants maintain that the expert reports failed to provide computation of damages for any of the claims except the raiding claim and the misappropriation of trade secrets claim against Talkdesk.

The Court first notes that Defendants are not simply rehashing arguments they presented at summary judgment or in their motion for reconsideration. This motion *in limine* requests an evidentiary ruling regarding the admissibility of damages evidence based upon an alleged failure to adequately disclose damages calculations.  This is a question of admissibility of evidence.

The Seventh Circuit has explained,

> Rule 37 provides that a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at a trial any witness or information not so disclosed. This court has stated that the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless.

*David v. Caterpillar, Inc.*, 324 F.3d 851, 856–57 (7th Cir. 2003) (internal citations and quotation marks omitted); *see also Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 513–15 (7th Cir. 2011). Genesys did not attempt to explain or argue justification or harmlessness.  Rather, it focused its argument on its position that it has adequately disclosed damages.  Defendants are correct that Genesys has failed to show it was substantially justified in not adequately disclosing some of its damages claims, and it was not harmless to fail to disclose some damages because it is prejudicial to the Defendants to have to guess during trial how to defend against undisclosed damages.

As to the claims for breach of fiduciary duties, the Defendants assert that Genesys should be limited to seeking damages for disgorgement of salary because that is the only measure of damages that Genesys disclosed to the Defendants for these claims. The Court agrees that disgorgement of salary is a measure of damages that Genesys has properly disclosed, so Genesys will be permitted to present evidence regarding those damages.

In his expert report, Brian Dineen, Ph.D. ("Dineen") discusses lost productivity and decreased productivity (*see* Filing No. 322-1) and provides a measure of damages as to that harm. This measure of damages may naturally relate to the breach of fiduciary duties claims as well as the claims for aiding and abetting a breach of the fiduciary duty of loyalty against the Defendants and civil conspiracy against the Defendants. Damages arising from lost productivity and decreased productivity also may naturally relate to Manno's and Strahan's competing against Genesys while still employed and failing to devote substantial time and provide faithful service to Genesys while still employed. And damages arising from lost productivity and decreased productivity also may naturally relate to the tortious interference with contract claims against Manno and Talkdesk. The purpose of Rule 26 is to put defendants on notice of the damages asserted as to each defendant and specific claims so that each defendant can respond accordingly. Dineen's expert report frequently mentions "raiding," but the expert report also provides fair notice to the Defendants regarding lost productivity and decreased productivity damages as they relate to these other claims. Therefore, Genesys may present this damages evidence as to these claims during trial.

There is no dispute that Dineen's expert report provides a measure of damages as to the raiding claim, so Genesys may present damages evidence as to the raiding claim during trial. Furthermore, there is no dispute that Carrie L. Distler's ("Distler") expert report provides a measure of damages as to the claim against Talkdesk for misappropriation of trade secrets, so Genesys may

present damages evidence as to this claim during trial. The Defendants argue that Distler used a hypothetical negotiation between Genesys and Talkdesk (without including the individual Defendants in the negotiation) as to a reasonable royalty for the misappropriation of trade secrets claim. Thus, the Defendants argue that damages have not been adequately disclosed for the misappropriation of trade secrets claim against the individual Defendants. However, Distler's expert report did not ignore the individual Defendants' actions as to the misappropriation of trade secrets; instead, she acknowledged that the individual Defendants participated, and they became employed by Talkdesk; thus, the negotiating parties would be Genesys and Talkdesk, not to cut out the individual Defendants entirely. The Court disagrees with the Defendants' position that the measure of damages as to the claim for misappropriation of trade secrets is limited to Talkdesk only. This evidence also may be presented as to the individual Defendants. It appears that this damages evidence may also apply to the breach of contract based on the confidentiality provision—limited to the PureCloud list—against Manno and Strahan.

In reviewing the damages disclosures, including the expert reports, the Court cannot find a measure of damages or any calculation of damages for the breach of contract claim against Manno and Strahan based upon their failure to surrender Genesys' records upon leaving employment. Therefore, this motion *in limine* is **granted** to the extent that Genesys is precluded from presenting damages evidence or argument as to this claim.

At this pretrial stage, the Court cannot conclude that punitive damages argument and evidence must be excluded because there are underlying claims with possible damages that have been adequately disclosed, which in turn could support punitive damages. Therefore, the request to exclude any and all argument and evidence regarding punitive damages is **denied**.

**B.** **Preclude Genesys from introducing any evidence, inference, or argument pertaining to alleged "lost profits" or "lost sales."**

The Defendants ask the Court to preclude any evidence or argument regarding "lost profits" or "lost sales" because Genesys did not support these claims for damages with expert testimony or other support, thereby warranting automatic exclusion of these damages from trial. They argue that there is no expert testimony to show any loss was caused by the Defendants' actions. They assert Genesys has no supporting computation and expert economic analysis for lost profits or lost sales, and it cannot rely upon lay witness testimony for such damages. The Defendants contend Genesys cannot establish a nexus between any alleged lost sales or profits and improper acts; instead, Genesys is relying on speculation or conjecture.

Genesys responds,

> Genesys does not advance a damages claim for lost profits or lost sales. But it is undisputed that Genesys suffered a significantly reduced quarter of sales in the quarter after the raid, and with respect to the damages opinions set forth by Professor Dineen from the loss of personnel, this remains relevant evidence. Genesys will not, however, request damages for lost profits or lost sales. The immediate decrease in sales remains relevant that the loss of so many mid-market sales leaders and personnel at once was negatively impactful, and is appropriately considered by the jury including for punitive damages.

(Filing No. 428 at 10.)

In reply, the Defendants argue this is the type of speculative inferences and assertions that they request to preclude at trial. Genesys is asking to be allowed to tell the jury that it was harmed by the loss of personnel in the fourth quarter of 2018 without attempting to prove that any such harm was caused by any facts at issue in this case, and to allow such speculative assertions would be wholly improper.

The Court agrees with the Defendants' position as to lost profits or lost sales arguments or evidence.  Genesys did not provide any expert testimony or analysis regarding lost profits or lost

sales, and it did not provide a nexus between any such lost profits or lost sales and the conduct of the Defendants.  Instead, any lost profits or lost sales arguments invite speculation and conjecture. Therefore, the Court **grants** this request, and Genesys may not present evidence or argument regarding lost profits or lost sales.

C.     **Preclude any evidence or argument at trial regarding "unjust enrichment" or damages relating to "unjust enrichment."**

Next, the Defendants ask the Court to exclude evidence or argument at trial regarding "unjust enrichment" because Genesys does not have any pending claims for unjust enrichment, unjust enrichment is not the measure of Genesys' trade secret damages, and Genesys' expert report on "raiding" erroneously seeks those damages along with compensatory damages. The Defendants assert,

> Indiana law (and tort law in general) precludes recovery of <u>both</u> compensatory damages and unjust enrichment damages. Instead, a Defendant must *elect* to receive one or the other, but not both. See Restatement (Second) of Torts § 903 (1979) (tortfeasor is liable "to the other, at the latter's election, either for the damage done to the other's interests or for the value of the benefit received through the commission of the tort").

([Filing No. 409 at 20.](#)) The Defendants further assert, "Distler, Genesys' expert on trade secret damages, only provided an opinion about a reasonable royalty. *See* D.I. 323-5 ¶ 11. A reasonable royalty is permitted as a measure of trade secret damages when 'neither damages nor unjust enrichment are provable.' Ind. Code § 24-2-3-4." *Id.* at 21.

Genesys responds, "Although Genesys does not advance separate legal claims of unjust enrichment, the damages that Professor Dineen labeled as 'unjust enrichment' are benefits that accrued to Talkdesk from is [sic] tortious conduct and misappropriation of trade secrets, and are properly in play." ([Filing No. 428 at 10.](#))

The Defendants' position is well taken, and this request is **granted in part and denied in part**. The Court will not preclude outright any "unjust enrichment" damages; however, Genesys may not pursue *both* reasonable royalty damages and unjust enrichment damages for its trade secrets claim and compensatory damages and unjust enrichment damages for its other claims. Genesys must elect what damages it will pursue at trial. For the orderly progression of the trial, Genesys must inform the Defendant of which damages it will pursue by no later than **noon on Friday, February 24, 2023**.

**D.**     **Preclude Genesys from mentioning Talkdesk's financial status, including its enterprise value or valuation, any equity fundraising efforts, number or names of outside investors, or sales or profits made by the company.**

The Defendants next contend,

> Any reference to Talkdesk's financial status or investors would be irrelevant and highly prejudicial, warranting exclusion under Rules 402 and 403. No expert testimony links any portion of Talkdesk's funding or value to any alleged wrongs in this case, and there has been no disclosures of alleged damages relating to such assertions (see MIL No. 1 above). So Genesys cannot show that any portion of Talkdesk's enterprise value is due to any events at issue, and the only purpose of offering this evidence would be to confuse the jury or lead them into awarding speculative damages based on irrelevant information not supported by relevant evidence. This Circuit has held that statements regarding a corporate defendants' size or profits, untethered to any issues in this case, tend to improperly inflate the jury's perception of damages and prejudice Defendants.

(Filing No. 409 at 22.)

In response, Genesys asserts,

> Talkdesk financial information is probative for punitive damages against Talkdesk. The Court has ruled that multiple tort claims against Talkdesk are for the jury. If the jury finds for Genesys on one or more of those claims, punitive damages are recoverable.
>
> Indeed, Seventh Circuit Pattern Instruction 3.13 provides that Defendant's financial condition should be considered if the jury finds that punitive damages are appropriate.

(Filing No. 428 at 10.)

As the Court has determined in other cases, evidence concerning financial information has the potential to distract the jury from the essential issues of the case and has the potential to unfairly prejudice the Defendants.  However, the Court agrees with Genesys that this evidence may become relevant to the issue of punitive damages.  Therefore, at this pretrial stage, the Court **grants in part and denies in part** this request. The Court precludes introduction of financial information relating to the Defendants until after Genesys has provided more than a colorable argument that it could be entitled to punitive damages.

**E.**     **Preclude Genesys from asserting to the jury that it is entitled to or should be awarded attorneys' fees in this matter.**

The Defendants argue that entitlement to an award of attorneys' fees or the applicability and enforceability of an attorney fee provision in a contract is an issue for the Court to resolve. *See Am. Consulting, Inc. v. Hannum Wagle & Cline Eng'g, Inc.*, 136 N.E.3d 208, 211 (Ind. 2019). Thus, assertions of attorneys' fees are not relevant to any issue that will be decided by the jury, and courts routinely exclude this kind of evidence and argument.

Genesys responds that it "will not present attorneys' fees evidence to the jury, but instead post-verdict to the Court." (Filing No. 428 at 12.) The Defendants' position is well taken, and Genesys does not object, so the Court **grants** this motion *in limine* to exclude evidence and argument regarding attorneys' fees.

**F.**     **Preclude any evidence or argument that Genesys is entitled to "double damages."**

Next, the Defendants argue that Genesys has asserted entitlement to double damages for the Defendants' willful and malicious trade secret misappropriation.  The Defendants acknowledge that both the IUTSA and DTSA allow for an award of up to double damages, but they argue it is the Court that must assess and decide on whether double damages are appropriate, not the jury.

Thus, assertions of "double damages" are not relevant to any jury question in this case and would confuse or mislead the jury, thereby prejudicing the Defendants.

In response, Genesys argues that under the federal and state trade secret statutes, if willful and malicious misappropriation exists, an award of up to twice the amount of damages or royalties may be awarded, and nothing in either statute says that this exemplary award is not to be determined by the jury. The statutes say the Court may award various damages and also say the Court may award exemplary damages for willful and malicious misappropriation. Pointing to *Mangren Rsch. & Dev. Corp. v. Nat'l Chem. Co.*, 87 F.3d 937, 946 (7th Cir. 1996), Genesys argues that the Seventh Circuit allows the jury to award exemplary damages (affirming a jury's exemplary damages award under the similar Illinois Trade Secrets Act, which has the same exemplary damages language as the Indiana and federal statutes).

The Defendants reply that they dispute Genesys' position, and the statutes state that if willful and malicious misappropriation exists, the court may award exemplary damages. The statutes do not say the jury.

The Court understands the Defendants' position; however, the statutes' language also explains that the ***court*** may award damages for actual loss caused by the misappropriation of the trade secrets and the ***court*** may order payment of a reasonable royalty. Yet, this language surely does not mean that a jury cannot award damages for actual loss caused by the misappropriation of the trade secrets or a reasonable royalty. The Seventh Circuit in *Mangren* affirmed a jury's exemplary damages award for willful and malicious misappropriation. Genesys' position is well taken, so the request to preclude any argument and evidence regarding double damages is **denied**.

14

**G.**     **Require Genesys to identify "with specificity" prior to trial the information disclosed during discovery that it intends to assert as "confidential" or "trade secret" information.**

The Defendants ask that Genesys be required to identify with specificity before trial the specific information that it intends to assert at trial constitutes a trade secret or confidential information. Throughout this litigation, Genesys has provided only general and non-specific information, including sweeping categories of information, to describe its trade secret or confidential information. The Defendants contend, however, that such vague categories of information are inadequate to support a *prima facie* claim of trade secret misappropriation or to put the Defendants on notice as to what Genesys contends are its alleged trade secrets. *See IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583 (7th Cir. 2002); *Magnesita Refractories Co. v. Mishra*, 2018 WL 6435648, at *13 (N.D. Ind. Dec. 7, 2018).

Genesys responds, "In its Supplemental Trial Brief filed today, Genesys has narrowed and identified the specific trade secrets and confidential information it is proceeding with at trial." (Filing No. 428 at 12.) That supplemental trial brief identifies as Genesys' trade secrets and confidential information: the PureCloud List, Genesys employee personnel information (alone and in combination: sales history and performance, and management's assessment of the same; employee compensation; management's assessment of job satisfaction; assigned territories/accounts), the Genesys sales email Uber win report, and Genesys' discount information (Filing No. 423 at 1–2).

The Defendants reply that Genesys' narrowed list remains non-specific and overbroad with Genesys continuing to assert that its trade secrets include such broad categories as personnel information and discount information, which are both too vague and too inclusive.

15

The Court concludes that Genesys' identification of trade secret information is not so overly broad, vague, or inclusive to require additional specificity before trial. The Defendants have fair notice of the information to provide a defense. The information identified by Genesys can be attacked by the Defendants for lack of trade secret status or confidentiality through cross examination, presentation of direct evidence, and argument. Therefore, this request is **denied**.

**H.**     **Limit the testimony of Genesys' retained expert witnesses to the contents of their expert reports; limit Genesys' Rule 26(a)(2)(C) expert witnesses to the subject matter set forth in their expert disclosures.**

The Defendants assert that Genesys' retained experts should be limited to the contents of their expert reports because it is settled law that an expert may not testify beyond the scope of his or her expert report, so the Court should preclude each of Genesys' retained experts from testifying beyond the scope of their expert reports. Similarly, non-retained experts cannot testify beyond the scope of the facts and opinions disclosed under Rule 26(a)(2)(C), so the Court should preclude Genesys' non-retained experts from testifying beyond the scope of their disclosures.

In response, Genesys notes that it "will not elicit opinions from its disclosed experts beyond those disclosed, as it expects of Defendants likewise." (Filing No. 428 at 13.) The Defendants' position is well taken, and Genesys does not object, so the Court **grants** this motion *in limine* to preclude the experts from testifying beyond the scope of their expert reports.

**I.**     **Preclude Genesys' experts from offering testimony, repeating the allegations of Genesys witnesses or counsel, and from restating the contents of documents.**

Next, the Defendants ask,

> Genesys's expert witnesses should be precluded from testifying to the allegations of Genesys' witnesses or counsel. Genesys's expert disclosures recite allegations pulled directly from Genesys' pleadings. But expert opinions that "merely parrot[] information" provided by a party are "generally excluded." *State Farm Fire & Cas. Co. v. Electrolux Home Prod., Inc.*, 980 F. Supp. 2d 1031, 1048 (N.D. Ind. 2013). Likewise, expert testimony cannot be used to circumvent the rules of evidence by repeating the allegations of counsel. *See In re James Wilson Assocs.*,

16

965 F.2d 160, 173 (7th Cir. 1992); *In re TMI Litig.*, 193 F.3d 613, 705 (3d Cir. 1999). Thus, to the extent Genesys's experts testify, they should not be allowed to testify as to the following sections of Genesys's expert reports, which simply parrot the pleadings and other documents from this case, or make similar argumentative statements:

> 1. York Report: pp. 10–20 (reciting various uncited Genesys allegations, including that information is "confidential trade secret information" on p. 17);
>
> 2. Dineen Report: pp. 16–17, and 19–21 (reciting lists of allegations from Genesys' motion for summary judgment);
>
> 3. Green Report: pp. 12–15 (reciting various factual allegations and the content of various documents), pp. 20–24, and 26–32 (reciting allegations copied from Genesys' TAC); and
>
> 4. Genesys's Rule 26(a)(2)(C) Disclosures: p. 2 (reciting what various Genesys documents state); p. 4 (reciting what information was allegedly considered "confidential" or "highly confidential").

(Filing No. 409 at 28–29 (emphasis removed).)

Genesys responds, "Defendants' limine motion is overbroad in seeking to limit what Genesys experts can testify to. Genesys will not elicit opinions beyond those disclosed. They will identify evidence they rely upon for their opinions, as well as any assumptions as is commonplace." (Filing No. 428 at 13.) The Defendants reply that their request is not overly broad because they specified the specific portions of the expert reports that they believe should be excluded and the legal bases for such exclusion.

At this pretrial stage, the Court concludes that the Defendants have not shown this evidence or testimony clearly is not admissible for any purpose. The Defendants' challenges to the anticipated testimony from expert witnesses are better addressed through rigorous cross examination and presentation of contrary evidence. This request to exclude is **denied**.

**J.**      **Preclude Lay or Expert Opinion testimony on legal conclusions.**

The Defendants argue that lay and expert testimony about legal conclusions is not helpful to the jury and thus is inadmissible.  It is the Court's responsibility alone to instruct the jury on the law.  Therefore, the Defendants contend lay and expert witnesses should be precluded from saying that any particular information is "trade secret," "trade secret information," "proprietary information," "confidential," "highly confidential," or "confidential information."  The Defendants further contend lay and expert witnesses should be precluded from saying a "raid" or "raiding" occurred.

In response, Genesys asserts that it "will not elicit legal conclusions from experts. The defense effort to keep witnesses from using terms like confidential or raid is unsupported." (Filing No. 428 at 13.)

The Defendants' position is well taken as to the exclusion of lay and expert testimony about legal conclusions, and Genesys does not object to this request.  However, the Defendants' request to prohibit any use of the words "trade secret," "confidential," and "raid" is overreaching. Such a request is not manageable during trial, and use of these words is not so unfairly prejudicial to confuse or mislead the jury. The parties should encourage their witnesses to avoid using these terms during trial, and witnesses will not be permitted to give legal conclusions, but a strict prohibition against any use of these words is not warranted.  Accordingly, this request is **granted in part and denied in part**.

**K.**      **Preclude Genesys from referencing unrelated contractual enforcement efforts taken by Talkdesk, including employment lawsuits.**

Next, the Defendants explain that Genesys has referenced throughout this litigation that Talkdesk has had prior litigation against a former employee, which was prosecuted in California and is now resolved. The Defendants argue that such actions by Talkdesk, which are based on

contracts, employees, and facts completely unrelated to this action, are irrelevant and prejudicial to the merits of this case. The Defendants contend that courts generally exclude evidence of other lawsuits because such evidence is highly prejudicial and irrelevant. Thus, the Court should preclude Genesys from mentioning any prior or current legal actions taken by Talkdesk.

The entirety of Genesys' response is that "Talkdesk's actions in enforcing contract and trade secrets against its workforce are probative, and should not be excluded in limine at the least." (Filing No. 428 at 13.) Genesys puts forth absolutely no effort to provide any explanation or argument as to why Talkdesk's lawsuits against other employees is relevant to this case. The Court **grants** the Defendants' request to exclude this evidence.

**L.      Preclude arguments, statements, or inferences regarding Defendants' selection of counsel, manner or selection of witnesses, or arguments and inferences relating to witnesses or evidence not introduced in the case.**

The Defendants ask the Court to preclude any remarks or testimony concerning various litigation and trial strategy decisions made by the Defendants as well as any remarks or testimony concerning fee arrangements relating to the defense of this case, purported costs incurred by the parties, and selection of counsel. The Defendants also ask the Court to exclude any comments or testimony that the probable testimony of a witness, who is absent, unavailable, or not called to testify in the cause, would be of a certain nature, and counsel should be prohibited from tendering, reading from, or referring to any statement or report not admitted previously in evidence. All of this evidence is irrelevant and potentially prejudicial.

Genesys responds,

> This is an overbroad, better-for-trial objection from Defendants. Genesys
> trial counsel are experienced and know the Rules of Evidence and Seventh Circuit
> Standards of Professional Conduct. Counsel will put evidence before the jury, not
> procedural history of the case. As for any witness under the control of Talkdesk
> that they choose not to call, that is likewise a trial determination of potential adverse
> inferences.

([Filing No. 428 at 13](#).)

The Defendants' argument concerning the lack of relevance of this information is well taken, and Genesys does not present any meaningful objection to this request, so the Court **grants** this request as to both parties, not only as to Genesys.

**M.    Preclude evidence or argument that alleged misappropriation of trade secrets supports Genesys' claims for tortious interference with contract.**

Next, the Defendants explain,

Genesys asserts that the alleged misappropriation of trade secrets by former Genesys employees constitutes tortious interference with contract. *See* Ex. F at 66–67. However, the Court has held that tortious interference claims based upon the misappropriation of trade secrets or confidential information are preempted by the Indiana Uniform Trade Secret Act. D.I. 156 at 29 (Order on Motion to Dismiss). Accordingly, alleged misappropriation of trade secrets is irrelevant to the tortious inference with contract claims and evidence or argument to the contrary should be precluded. F.R.E. 401, 403.

([Filing No. 409 at 33](#).)

Genesys, agrees that it "will not advance claims dismissed." ([Filing No. 428 at 13](#).) Defendants' position being well taken, the Court **grants** this motion *in limine* to preclude evidence or argument that alleged misappropriation of trade secrets supports Genesys' claims for tortious interference with contract.

**N.    Exclude any reference to discovery disputes between the parties, including assertions relating to requests for information sought or produced during the case by either party.**

The Defendants ask the Court to preclude any reference to discovery disputes between the parties because these disputes, have no relevance to the issues the jury needs to decide and would be prejudicial to the parties. Genesys notes that it will only put evidence before the jury, not discovery disputes. The Defendants' position is well taken. The Court **grants** this motion *in limine* to preclude any reference to discovery disputes.

**O.**   **Preclude Genesys experts from introducing evidence or argument as to hearsay statements.**

The Defendants argue that Genesys' expert reports refer to hearsay statements from "exchanges" or "conversations" with Genesys employees and representatives, but this evidence is inadmissible hearsay and an unreliable basis for an expert opinion. The Defendants contend that, to the extent Genesys argues experts may rely on hearsay, Genesys has failed to establish the prerequisite that the hearsay statements are the type of statements reasonably relied upon by experts in the field.  Defendants argue that Genesys' experts do not identify the source of the hearsay statements in most instances and do not develop a record that the source may be properly relied on pursuant to Rule 703; therefore, Genesys should be precluded from introducing hearsay statements referred to by its experts.

In response, Genesys notes that "hearsay and third-party observations that are of a type normally relied upon by an expert in the field are properly utilized by such an expert in developing an expert opinion." *United States v. Lundy*, 809 F.2d 392, 395 (7th Cir. 1987). Genesys contends that this request is non-specific, and any objections are best raised during expert testimony. *United States v. Carmichael*, 2018 WL 1140391, at *1 (S.D. Ind. Mar. 2, 2018) ("The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded"). At this pretrial stage the Defendants have not shown this broad category of evidence or testimony clearly is not admissible for any purpose; therefore, this request to exclude is **denied**.

**P.**   **No confidentiality designations on trial exhibits or designations**

The Defendants next assert that Genesys should be precluded from referring to the confidentiality designations under the protective order or using trial exhibits marked with those designations because such confidentiality designations are irrelevant and highly prejudicial. Because the confidentiality designations were created after litigation began, those designations are

irrelevant and therefore inadmissible.  Even if there was some relevance, any limited probative value of the labels would be outweighed by the severe risk of confusing and misleading the jury, and a limiting instruction would be ineffective to cure this prejudice because such instruction would only draw the jury's attention to the irrelevant and misleading document designations. Genesys briefly responds that concerns about any exhibits with confidentiality designations can be addressed either from a limiting instruction or redaction.

The Court agrees that confidentiality designations under any protective order created after litigation began are irrelevant and could be unfairly prejudicial based on the nature of the claims to be tried. The Court **grants** this request, and any documents with such markings should be redacted of the confidentiality markings that were added based on any protective order.

**P.**   **Preclude any reference to purported insurance or indemnity obligations that may result in another party or third-party being financially responsible for any award of damages in this case.**

The Defendants next contend that the existence or non-existence of potential indemnity obligations and insurance is irrelevant to any issue in this case and could be highly prejudicial to the Defendants by suggesting to the jury that a party may or may not ultimately be responsible for a judgment in the action. And evidence of liability insurance is inadmissible to prove that a party acted wrongfully. Genesys responds that it will not reference insurance or indemnity, or the lack thereof.  The Defendants' position is well taken, and Genesys does not object.  The Court **grants** this motion *in limine* to preclude any reference to or evidence of potential indemnity obligations and insurance.

**Q.**   **Preclude arguments, opinions, or inferences that documents that bear a confidentiality designation are ipso facto "confidential," "proprietary," or "trade secret."**

Lastly, the Defendants argue,

Despite not being familiar with the substance of certain documents, Genesys witnesses (including purported experts) have concluded that documents that bear a confidentiality or internal distribution marking are *ipso facto* "confidential," "proprietary," or "trade secret." Such statements should be precluded. A witness should not speculate as to whether information in a document is provided to or already known in the industry if the witness has no understanding of the information in the document. Indeed, documents cited to by Genesys that bear confidentiality designations are available in the public domain, as is the information that is contained in such documents. D.I. 199 at 12–14. Thus, speculative assertions that a document contains "confidential," "proprietary" or "trade secret" simply because it bears a confidentiality designation should be precluded under Rules 401 and 403 as not helpful to the jury, lacking probative value, and seeking to shift Genesys's burden of proving that a trade secret exists to Defendants. *See Zemco Mfg., Inc. v. Navistar Int'l Transp. Corp.*, 759 N.E.2d 239, 245–46 (Ind. Ct. App. 2001).

([Filing No. 409 at 36](#).)

In response, Genesys argues, "Defendants apparently seek to silence witnesses from referencing a pre-existing confidentiality label on an exhibit. Any concerns on this front are best addressed at trial, including by cross-examination. A confidential designation can be relevant evidence of efforts taken to keep information protected from disclosure." ([Filing No. 428 at 14](#).)

The Defendants reply that Genesys' objection is off base because the Defendants seek to preclude speculation from witnesses regarding the confidentiality designations, and if a witness does not have personal knowledge regarding the contents of a document, then the witness should not be able to speculate and testify that the contents of the document are confidential based solely on the "confidential" markings on the document.

This request is **granted in part and denied in part**. To the extent witnesses are familiar with the contents of particular exhibits and the exhibits contain confidentiality markings, the witnesses will be permitted to testify as to those exhibits and their confidentiality markings. However, to the extent witnesses have no personal knowledge regarding an exhibit, they will not be permitted to provide speculative testimony regarding the exhibit.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Defendants' Motion *in Limine* (Filing No. 409).  An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the course of the trial, counsel may request a hearing outside the presence of the jury.  Likewise, if the parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

**SO ORDERED.**

Date:   2/23/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

Kathleen M. Anderson
BARNES & THORNBURG, LLP
kathleen.anderson@btlaw.com

Thomas C. Payne
BARNES & THORNBURG, LLP
Thomas.Payne@btlaw.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

James P. Strenski
PAGANELLI LAW GROUP
jstrenski@paganelligroup.com

David S. Moreland
MEUNIER CARLIN & CURFMAN LLC
dmoreland@mcciplaw.com

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
jharbin@mcciplaw.com

Laken Adkins
MEUNIER CARLIN & CURFMAN LLC
ladkins@mcciplaw.com

Lee Gerritt Hamilton
MEUNIER CARLIN & CURFMAN LLC
lhamilton@mcciplaw.com

Steven Matthew Philbin
MEUNIER CARLIN & CURFMAN LLC
sphilbin@mcciplaw.com

Warren Thomas
MEUNIER CARLIN & CURFMAN LLC
wthomas@mcciplaw.com