UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00695-TWP-MKK |
| | ) |
| TALKDESK, INC., MICHAEL STRAHAN, | ) |
| RALPH MANNO, and MARK HERTEL, | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON PLAINTIFF'S MOTION REGARDING TIMING OF ELECTION OF REMEDIES

This matter is before the Court on a Motion Regarding Timing of Election of Remedies filed by Plaintiff Genesys Cloud Services, Inc. ("Genesys") (Filing No. 516). As noted in numerous pretrial filings, Genesys initiated this lawsuit against Defendants Talkdesk, Inc. ("Talkdesk"), Michael Strahan ("Strahan"), Mark Hertel ("Hertel"), and Ralph Manno ("Manno") (collectively, "Defendants") for misappropriation of trade secrets, breach of contract, and tortious interference with contract among other things. After Genesys filed its Third Amended Complaint (Filing No. 235), the parties filed cross-motions for summary judgment on the thirty-seven counts, and the Court granted in part and denied in part those motions (Filing No. 348).

The jury trial in this case commenced on February 28, 2023 on the following claims: (1) breach of contract based on the confidentiality provision against Manno and Strahan; (2) misappropriation of trade secrets against the Defendants; (3) aiding and abetting a breach of the fiduciary duty of loyalty against the Defendants; (4) civil conspiracy against the Defendants; (5) tortious interference with contract against Manno and Talkdesk; and (6) raiding against Talkdesk. Summary judgment previously was granted in favor of Genesys on its claims for (1) breach of

contract based on the non-compete provision against Manno and Strahan; (2) breach of contract based on the "faithful service during employment" provision against Manno and Strahan; (3) breach of contract based on the "surrender of records" provision against Manno and Strahan; and (4) breach of fiduciary duty of loyalty against Manno, Strahan, and Hertel. So the jury will determine damages, if any, on these claims.

Prior to trial, the parties filed motions *in limine*, seeking numerous preliminary rulings from the Court regarding the admissibility of certain evidence or arguments, which the Court granted in part and denied in part (Filing No. 497; Filing No. 500). One such preliminary ruling involves "election of remedies" and "unjust enrichment," wherein the Court concluded,

> The Defendants' position is well taken, and this request is **granted in part and denied in part**. The Court will not preclude outright any "unjust enrichment" damages; however, Genesys may not pursue *both* reasonable royalty damages and unjust enrichment damages for its trade secrets claim and compensatory damages and unjust enrichment damages for its other claims. Genesys must elect what damages it will pursue at trial. For the orderly progression of the trial, Genesys must inform the Defendant of which damages it will pursue by no later than **noon on Friday, February 24, 2023**.

(Filing No. 500 at 12.)

In the instant Motion, Genesys asserts, "Consistent with that authority, Genesys moves the Court to modify its Entry on Defendants' Motion *In Limine* and permit Genesys to make its final election of remedy after the jury verdict." (Filing No. 516 at 1.) Genesys makes this request only as to its tort claims against Talkdesk, and Genesys's other elections of remedies against the Defendants are set out in its notice of election of remedy (*see* Filing No. 503). Genesys argues that it will introduce evidence at trial of both compensatory damages and unjust enrichment damages for its tort claims against Talkdesk, and under binding authority, it does not have to elect its remedy before the jury reaches a verdict. *See Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1371–72 (7th Cir. 1990) ("[i]t would be unreasonable to make [the plaintiff] choose

between the two forms of damages before trial and verdict"); *Medcom Holding Co. v. Baxter Travenol Lab'ys, Inc.*, 984 F.2d 223, 229 (7th Cir. 1993) ("the election of remedies doctrine does not necessarily operate to force plaintiffs to elect a remedy, but to elect how they will proceed to recover for their injury"); *Cahoon v. Cummings*, 734 N.E.2d 535, 543 (Ind. 2000). Thus, Genesys asks the Court to modify its Entry on Defendants' Motion *In Limine* and allow it to make its final election of remedy on its tort claims against Talkdesk after the jury reaches a verdict.

The Defendants respond that "Genesys did not fully comply with the Court's order and its damages approach is inconsistent with the law. Regarding Genesys's motion regarding timing of election remedies, the motion should be denied because the Court's prior order falls within the Court's discretion." (Filing No. 521 at 1.) The Defendants argue that Mr. Dineen (one of Genesys's damages expert witnesses) lumped together compensatory and unjust enrichment damages into a bottom line number, leading to Genesys attempting to request both compensatory and unjust enrichment damages, which would lead to impermissible double recovery. The Defendants assert Genesys's notice of election of remedies was deficient because it seeks compensatory damages as to some claims against some Defendants and unjust enrichment damages as to some claims against some Defendants, thereby leaving in play both compensatory and unjust enrichment damages and prejudicing the Defendants with risk of double recovery. And as to the instant Motion regarding the timing of the election of remedies, the Defendants assert the Court "has broad powers to determine the proper method of preparing a case for trial." *Mizwicki v. Helwig*, 196 F.3d 828, 833 (7th Cir. 1999). They contend the Court's prior Order correctly required Genesys to pick one theory to prevent Genesys from prejudicing them with such an unlawful double recovery. And even if not required, the Court is allowed to direct Genesys to elect one form of remedy as it did for the orderly progression of the trial.

3

After reviewing the parties' arguments and the case law, the Court agrees that Genesys's position is well taken, and it will be permitted to make its final election of remedy on its tort claims against Talkdesk after the jury reaches a verdict. As the Indiana Supreme Court explained, "it is not reversible error to permit the plaintiff to proceed on alternative inconsistent theories under instructions that preclude recovery on both," and "[t]he trial court was correct to allow [plaintiff] to pursue both theories to verdict." *Cahoon*, 734 N.E.2d at 543. Moreover, the Seventh Circuit has held that "[i]t would be unreasonable to make [the plaintiff] choose between the two forms of damages before trial and verdict," so the Court may "confin[e] the doctrine of election of remedies to the limited office of preventing duplicative damages awards." *Olympia Hotels*, 908 F.2d at 1371–72.

In the event of a plaintiff's verdict, Genesys will not be permitted to receive a double recovery, and the jury will be properly instructed regarding this issue. Regarding the Defendants' concern that Mr. Dineen lumped together compensatory and unjust enrichment damages into a bottom line number, this can be addressed through cross examination, eliciting testimony from the witness regarding his separate calculations of compensatory damages and unjust enrichment damages. Therefore, Genesys's Motion Regarding Timing of Election of Remedies (Filing No. 516) is **GRANTED**, and Genesys may make its final election of remedy on its tort claims against Talkdesk after the jury reaches a verdict.

**SO ORDERED.**

Date: 3/2/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

John R. Maley
BARNES & THORNBURG, LLP
jmaley@btlaw.com

Kathleen M. Anderson
BARNES & THORNBURG, LLP
kathleen.anderson@btlaw.com

Thomas C. Payne
BARNES & THORNBURG, LLP
Thomas.Payne@btlaw.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

James P. Strenski
PAGANELLI LAW GROUP
jstrenski@paganelligroup.com

David S. Moreland
MEUNIER CARLIN & CURFMAN LLC
dmoreland@mcciplaw.com

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
jharbin@mcciplaw.com

Laken Adkins
MEUNIER CARLIN & CURFMAN LLC
ladkins@mcciplaw.com

Lee Gerritt Hamilton
MEUNIER CARLIN & CURFMAN LLC
lhamilton@mcciplaw.com

Steven Matthew Philbin
MEUNIER CARLIN & CURFMAN LLC
sphilbin@mcciplaw.com

Warren Thomas
MEUNIER CARLIN & CURFMAN LLC
wthomas@mcciplaw.com