## PROPOSED FINAL INSTRUCTION NO. ____

### Damages – Breach of Fiduciary Duty

**A.     GENESYS PROPOSAL**

As employees of Genesys, Manno, Strahan, and Hertel each owed Genesys a duty of undivided and unqualified loyalty. The duty of loyalty means essentially that the individual defendants may not put his own personal interest ahead of those of Genesys—neither in his dealings with Genesys nor in his dealings with others. Manno, Strahan, and Hertel were required as a result of his duty of loyalty to exercise the utmost good faith in furthering the interests of Genesys and to act solely for the benefit of the principal.

The Court already ruled that Manno, Strahan, and Hertel breached their fiduciary duty of loyalty owed to Genesys by serving as agents of Talkdesk by performing recruiting activities and planning sales team coordination, by performing recruiting efforts on behalf of Talkdesk and having numerous conversations with Talkdesk personnel about hiring and sales plans and strategies, and by Strahan beginning his employment with Talkdesk while still employed by Genesys.

For each of these breaches, you must determine the amount of compensatory damages suffered by Genesys, if any, resulting from the alleged breaches of fiduciary duty.

*Authority*: MODEL JURY INSTRUCTIONS, BUSINESS TORT LITIGATION, ABA SECTION OF LITIGATION, 7.3.12.a, 7.6, 7.6.1 (4th ed. 2005) (modified); *Nichols v. Minnick*, 885 N.E.2d 1, 5 (Ind. 2008) (compensatory damages available where loss shown, otherwise disgorgement is remedy); *Davis v. Eagle Prod., Inc.*, 501 N.E.2d 1099, 1104 (Ind. Ct. App. 1986); *Magnesita Refractories Co. v. Mishra*, 2018 WL 6435648, at *13 (N.D. Ind. Dec. 7, 2018); *Potts v. Review Bd. of the Ind. Emp. Sec. Div.,* 475 N.E.2d 708, 711 (Ind. Ct. App. 1985); *Northern Elec. Co. v. Torma,* 819 N.E.2d 417, 426 (Ind. Ct. App. 2004); Entry on Cross-Motions for Summary Judgment.