UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 1:19-CV-695-TWP-MKK |
| | ) |
| TALKDESK, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**Defendants' Notice of Additional Authority on Objection to
"Independent Discovery" Instruction**

Defendants Talkdesk, Inc. ("Talkdesk"), Ralph Manno, Michael Strahan, and Mark Hertel (collectively, "Defendants") submit the following additional comments on the Plaintiff's proposed jury instruction on "Independent Discovery" of a trade secret, *see* D.I. 426 at 62.

Plaintiff contends that its instruction is "copied verbatim" from the ABA Model Jury Instruction 8.3.1.a. Defendants do not dispute the instruction is verbatim from the Model Instructions, but we maintain that it is inappropriate in the situation presented by the facts of this case. The instruction is appropriate when a party claims that it *independently* "discovered the secret through their own efforts." The forthcoming Trade Secret Case Management Judicial Guide, submitted as a draft to the Federal Judicial Center, explains that the idea of "independent discovery" applies where two or more parties "discover," "invent[]," or "reverse engineer" the same secret, independently, such that each party can own the same trade secret:

> The first time a trade secret is *rediscovered*, there are **two owners of the same trade secret** …. To be "independent" in this context, acquisition of the secret must not be derived from knowledge gained in confidence, directly or indirectly, from the secret's owner, or from knowledge gained by espionage or other improper means. In general, *independent discovery occurs in one of two ways*: either the

1

> new discoverer was engaged in a similar business or research and its parallel path happened to lead to the same place; or a competitor decided to "reverse engineer" the secret from publicly available information or products. Either way, the result is that the new discoverer has acquired its own information and is not liable to the original owner and is under no legal requirement to keep the information secret.

Peter S. Menell, et al., TRADE SECRET CASE MANAGEMENT JUDICIAL GUIDE § 2.5.1 (forthcoming 2023) (emphasis added), *available at* https://papers.ssrn.com/sol3/papers.cfm?abstract_id=4360102.[1] The draft Judicial Guide explains that independent discovery is an affirmative defense where "the defendant bears the burden of proof, similar to reverse engineering." *Id.* (citing, among others, *Raytheon Co. v. Indigo Sys. Corp.*, 895 F.3d 1333 (Fed. Cir. 2018) (crediting evidence of independent invention by a former employee after he left plaintiff's employ)).

The primer in the Judicial Guide is in accord with the authority cited in the comment to the ABA Model Instruction 8.3.1.a proposed by Plaintiff. That comment cites the Restatement (Third) of Unfair Competition § 40 cmt. a (1995) for the proposition that "*each* of several independent discoverers *can have a proprietary interest* in the same information." 397 Model Jury Instructions, Business Tort Litigation, ABA Section of Litigation, 8.3.1.a (4th ed. 2005).[2]

Here, no party is asserting that anyone "interpedently discovered" a trade secret. The defense here is not that any of the Defendants "discovered" a secret and now has its own

---

[1] As explained in a recent guest post on a prominent intellectual property law blog, the draft has been submitted "to the Federal Judicial Center for publication within its resource library for federal judges." Prof. Peter S. Menell, *Introducing the Trade Secret Case Management Judicial Guide*, PATENTLY-O, https://patentlyo.com/patent/2023/02/introducing-management-judicial.html (Feb. 17, 2023).

[2] The Seventh Circuit case cited as Plaintiff's authority for its proposed instruction, *Fail-Safe, LLC v. A.O. Smith Corp.*, 674 F.3d 889, 893 (7th Cir. 2012), *cited in* D.I. 426 at 62, does not address "independent discovery." Rather the Court of Appeals affirmed the district court's finding that the plaintiff "failed to take reasonable steps" to maintain the alleged secret because there was "no evidence that a confidential relationship existed" without a confidentiality agreement to protect secrecy between businesses. *Id.* at 893–94.

"proprietary interest" in such secret—no matter which of the four "secrets" at issue you look at. No party has asserted that any defendant independently discovered the "PureCloud list," or that there was a "discovery" or reverse engineering of Genesys employees' "personnel information. Likewise, the "independent discovery" instruction does not apply to the Uber Win Email or the Discount Information.

Each of the four alleged trade secrets was either secret or not; generally known or not, ascertainable with reasonable ease from publicly available information or not; acquired through proper means or not; etc. The other instructions sufficiently instruct the jury on these issues. Thus, the safe harbor Plaintiff seeks with its proposed charge—that it could still protect the alleged secret "even though others have discovered their secret through their own efforts"—is unavailable.  There is no independent development to trigger that question. Indeed, adding the proposed Independent Discovery charge to the Secrecy instruction would be cumulative and/or cause confusion—they address two sides of the same coin. But there is only one side at issue in this case. The instruction is inappropriate.

Date: March 8, 2023                                  Respectfully submitted,

                                                     */s/ David S. Moreland*

                                                     James P. Strenski, #18186-53
                                                     PAGANELLI LAW GROUP
                                                     10401 N. Meridian St., Suite 450
                                                     Indianapolis, IN 46290
                                                     Telephone: 317-550-1855
                                                     Email: jstrenski@paganelligroup.com

                                                     David S. Moreland (*pro hac vice*)
                                                     John W. Harbin (*pro hac vice*)
                                                     Warren J. Thomas (*pro hac vice*)
                                                     Laken E. Adkins (*pro hac vice*)
                                                     Steven M. Philbin (*pro hac vice*)

3

                                        Lee G. Hamilton (*pro hac vice*)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree St. NE, Suite 1300
Atlanta, GA 30309
Telephone: 404-645-7700
Email: dmoreland@mcciplaw.com
jharbin@mcciplaw.com
wthomas@mcciplaw.com
ladkins@mcciplaw.com
sphilbin@mcciplaw.com
lhamilton@mcciplaw.com

*Attorneys for Defendants*