UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 1:19-CV-695-TWP-MKK |
| | ) |
| TALKDESK, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SUPPLEMENTAL BRIEF
ON VERDICT FORM AND DOUBLE RECOVERY**

Defendants submit this brief in support of their objections to the verdict form that the Court has adopted, which allows for separate awards of damages against each of multiple defendants for joint and several liability on the damages claims. The 7th Circuit has recognized the error of this approach and the resulting danger of multiple recoveries:

> Where … the injury to the plaintiff is *indivisible*, the jury should be asked to assess the damages caused by the injury, unless (as was not the case here) the jury is asked to assess the relative fault of the defendants for purposes of contribution among joint tortfeasors. … [A] plaintiff is entitled to only one recovery when it seeks damages for *the same harm from multiple defendants* ….

*Transcraft, Inc. v. Galvin, Stalmack, Kirschner & Clark*, 39 F.3d 812, 821 (7th Cir. 1994) (emphasis added) (noting errors with verdict form that "permitted" the jury to assess damages separately against each of the defendants). The Court's separate proposed verdict forms for each of the four defendants permits the jury to assess overlapping damages, which separates the identification of damages as to each defendant.

Both of Plaintiff's damage claims—the reasonable royalty for alleged trade secret misappropriation of the PureCloud customer list and for alleged "Human Resources" damages

are joint and several claims. Regarding the customer list, Plaintiff's expert has posited a single, indivisible injury of the competitor having the list. Based on that injury, Ms. Distler testified as to a damages award of not less than $2 million based on a hypothetical negotiation between Plaintiff and Defendant Talkdesk as licensee. Ms. Distler told the jury that there would be a single hypothetical negotiation between Talkdesk and Genesys and a single payment from Talkdesk to Genesys. *See* Transcript 4-796 ("I'm looking at it from a Talkdesk perspective that the information would be used there."), *see also id.* at 4-794, 4-797, 4-765.

Regarding the other claims, Plaintiff has suffered a single alleged harm from the alleged wrongs of raiding, misappropriation of trade secrets regarding the "personnel information," and other claims, Dr. Dineen has posited damages of approximately $392,000.[1] (Dineen 3-617). Plaintiff's counsel has described the liabilities for the HR damages as a "distinct bucket of damages" based on the "same conduct" and subject to "joint and several liability." *See* D.I. 488 at 10-24 (Final Pretrial Conference Transcript). As an example, the injury for the misappropriation of the "employee personnel information" trade secret identified by Genesys at trial is that Talkdesk—and its new employees Manno, Strahan, and Hertel—were able to build the team and "ramp up" to productivity quickly. That same injury (and claim for unjust enrichment damages) applies to the raiding claim as to Talkdesk.

Defendants have addressed the problems concerning the use of such a verdict form allowing for separate damages against multiple defendants previously. *See, e.g.,* D.I. 521, 509.

---

[1] These concerns do not apply to the alleged unjust enrichment of Talkdesk, as that is claimed only against Talkdesk. 3-578 at 3-6.

Defendants file this brief to supply the Court with additional authorities addressing this issue. *See* D.I. 521.

In *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293 (7th Cir. 2010), addressing duplicated awards that resulted from a complex § 1983 case against involving multiple plaintiffs and multiple defendants, the court provided the following "general guidance on what the proper sequence of inquiries on a civil verdict form should be." *Id.* at 312. Specifically, the court held:

> A verdict form should not ask a jury to assess damages before liability. In cases involving joint and several liability for a single indivisible injury, a verdict form should ask the jury first to indicate which, if any, of the defendants are liable. Second, if at least one defendant is found liable, **the form should instruct the jury to determine the total amount of damages for the plaintiff's injury**, an inquiry that is wholly separate from the liability decisions made in the first step. **The form should not be structured in a way that would invite the jury to divide the damages for a single injury among defendants or theories of recovery**.
> A verdict form that takes a jury through these steps in this sequence—reinforced by clear instructions from the court not to duplicate damages or divide the amount among defendants—will go far to help future litigants avoid the problems that arose in this case. Tort concepts of single indivisible injuries and joint and several liability are potentially confusing for a jury, and verdict forms should help remedy potential confusion, not add to it.

*Thomas*, 604 F.3d at 313 (emphasis added). Similarly, in *Transcraft*, that court noted that a district court's verdict form was "incorrect" when it "permitted [jury] to assess compensatory damages separately against [defendants]" for an "indivisible injury." *Transcraft,* 39 F.3d at 821.

In another case, *Duran v. Town of Ciero,* the 7th Circuit found that it was an error to ask the jury to "determine damages on a defendant-by-defendant basis and also separately for the

Town" in a case where the town and individual defendants were jointly liable. 653 F.3d 632, 639 (7th Cir. 2011). The *Duran* court found that this invited double recovery. *Id.*[2]

DATE: March 8, 2023                     Respectfully submitted,

/s/ David S. Moreland

James P. Strenski, #18186-53
PAGANELLI LAW GROUP
10401 N. Meridian St., Suite 450
Indianapolis, IN 46290
Telephone: 317-550-1855
Email: jstrenski@paganelligroup.com

David S. Moreland (*pro hac vice*)
John W. Harbin (*pro hac vice*)
Warren J. Thomas (*pro hac vice*)
Laken E. Adkins (*pro hac vice*)
Steven M. Philbin (*pro hac vice*)
Lee G. Hamilton (*pro hac vice*)
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree St. NE, Suite 1300
Atlanta, GA 30309
Telephone: 404-645-7700
Email: dmoreland@mcciplaw.com
           jharbin@mcciplaw.com
           wthomas@mcciplaw.com
           ladkins@mcciplaw.com
           sphilbin@mcciplaw.com
           lhamilton@mcciplaw.com
*Attorneys for Defendants*

---

[2] Double recovery is a "fundamental error which cannot be waived." *INS Investigations Bureau, Inc. v. Lee*, 784 N.E.2d 566, 577 (Ind. Ct. App. 2003) (citing *Kellogg v. City of Gary*, 562 N.E.2d 685, 708 (Ind.1990)).

5

## CERTIFICATE OF SERVICE

      I hereby certify that on March 8, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                      */s/ David S. Moreland*

                                                      David S. Moreland