UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 1:19-cv-00695-TWP-MKK |
| TALKDESK, INC., RALPH MANNO, MARK HERTEL, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff Genesys Cloud Services, Inc.'s ("Genesys") Bill of Costs ([Filing No. 602](#)), Motion for Attorney Fees ([Filing No. 603](#)), and Motion for Expert Witness Expenses ([Filing No. 612](#)), and Defendants Talkdesk, Inc., Ralph Manno,[1] and Mark Hertel's Bill of Costs ([Filing No. 605](#)) and Motion for an Award of Costs and Expert Witness Expenses ([Filing No. 606](#)) (collectively, the "Fee and Cost Motions"). For the reasons explained below, the Fee and Cost Motions are **denied without prejudice to refile**.

### I.     DISCUSSION[2]

Genesys initiated this lawsuit against Defendants Talkdesk, Inc., Ralph Manno, Michael Strahan,[3] and Mark Hertel for misappropriation of trade secrets, breach of contract, breach of fiduciary duty, breach of loyalty, and tortious interference with contract, among other things. After

---

[1] On March 5, 2024, the parties notified the Court of the unfortunate passing away of Defendant Manno ([Filing No. 641](#)). The parties have not yet advised the Court whether they intend to dismiss the claims against him.

[2] The Court will not recite the long, complex procedural history of this case, which the Court recently recounted in its Entry on Plaintiff's Notice of Election of Remedies and Renewed Motion for Equitable Relief ([Filing No. 597](#)).

[3] On August 11, 2023, the parties stipulated to dismissal with prejudice of the claims against defendant Strahan following his unfortunate passing away ([Filing No. 595](#); [Filing No. 596](#)).

Genesys filed its Third Amended Complaint (Filing No. 235), the parties filed cross-motions for summary judgment on the thirty-seven counts, and the Court granted in part and denied in part those motions (Filing No. 348). This case later proceeded to a seven-day jury trial. Six claims were tried by a jury, as was the issue of damages for the claims on which Genesys had been awarded summary judgment. During trial, both parties moved for Judgment as a Matter of Law (Filing No. 543; Filing No. 544). The Court denied both of those motions for the reasons stated on the record during trial (Filing No. 566). At the conclusion of trial, the jury returned a verdict in favor of Genesys on some claims and issues, and in favor of Defendants on others (Filing No. 556).

Following additional post-trial motions practice, the parties filed the instant Fee and Cost Motions. Both parties seek to recover their costs under Federal Rule of Civil Procedure 54(d)(1), which provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Genesys also seeks to recover its attorneys' fees pursuant to a fee-shifting provision in Mr. Manno's employment agreement, which entitles Genesys to recover its fees upon "successfully" enforcing certain provisions in the agreement (Filing No. 603). Neither party was entirely successful in this case, and due to the mixed outcomes on summary judgment and at trial, the parties dispute that the other was a "prevailing party" for purposes of costs, and they dispute whether Genesys "successfully" enforced Mr. Manno's employment agreement for purposes of Genesys's attorney fees.

After the parties filed the instant Fee and Cost Motions, they both filed Renewed Motions for Judgment as a Matter of Law (Filing No. 615; Filing No. 617), and Defendants filed a Motion to Amend Judgment (Filing No. 619). These motions seek relief that, if granted, could affect the Court's determination as to whether either party is considered a "prevailing party" under Rule 54, and whether Genesys "successfully" enforced Mr. Manno's employment agreement. Accordingly,

because a ruling on the pending motions might affect the issues in the Fees and Cost Motions, it would be premature for the Court to rule on the on them before ruling on the Renewed Motions and the Motion to Amend Judgment. The Court therefore finds it prudent to **deny** the parties' Fee and Cost Motions **without prejudice to refile.**

## II.     CONCLUSION

For the foregoing reasons, the parties' Fee and Cost Motions (Filing No. 602; Filing No. 603; Filing No. 605; Filing No. 606; Filing No. 612) are all **DENIED without prejudice to refile** following a ruling on the parties' Renewed Motions for Judgment on the Pleadings and Defendants' Motion to Amend Judgment.

**SO ORDERED**.

Date: 3/25/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Kathleen M. Anderson
BARNES & THORNBURG, LLP (Fort Wayne)
kathleen.anderson@btlaw.com

Lee Gerritt Hamilton
Meunier Carlin and Curfman
lhamilton@mcciplaw.com

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
jharbin@mcciplaw.com

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

David S. Moreland
MEUNIER CARLIN & CURFMAN LLC
dmoreland@mcciplaw.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

Steven Matthew Philbin
Lee & Hayes
steven.philbin@leehayes.com

James P. Strenski
Drewry Simmons Vornehm, LLP
jstrenski@dsvlaw.com

Warren Thomas
Meunier, Carlin & Curfman LLC
wthomas@mcciplaw.com