UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GENESYS CLOUD SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 1:19-cv-00695-TWP-MKK |
| TALKDESK, INC., RALPH MANNO, MARK HERTEL, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Defendants Talkdesk, Inc.'s, Ralph Manno's[1] ("Manno"), and Mark Hertel's (collectively, "Defendants") Motion to Amend Judgment filed pursuant to Federal Rule of Civil Procedure 59(e) (Filing No. 619). After more than four years of hard-fought litigation, this case proceeded to jury trial on March 8, 2023. Following a seven-day trial, the jury reached a verdict on the more than thirty counts asserted in Plaintiff Genesys Cloud Services, Inc.'s ("Genesys") Third Amended Complaint. The parties' verdict forms were lengthy, complex, and--apparently, despite best efforts--unclear, yet no party raised any issue with the jury's verdict before the jury was discharged. The Court entered final judgment on August 14, 2023, consistent with the jury's verdict, and on September 11, 2023, the parties filed the pending post-trial motions.[2]

Defendants' Motion to Amend asks the Court to amend the final judgment as to several counts, but only three (Counts 3, 4, and 8) are relevant to the instant Order. Counts 3 and 4 allege

---

[1] On March 5, 2024, the parties notified the Court of the unfortunate passing of Defendant Manno (Filing No. 641). The parties have not yet advised the Court whether they intend to dismiss the claims against him.

[2] Pending is Plaintiff, Genesys' Renewed Motion for Judgment as a Matter of Law Under Federal Rule of Civil Procedure 50(B) (Filing No. 615); Defendants' Renewed Motion for Judgment as a Matter of Law (Filing No. 617); and Defendants' Motion to Amend Judgment (Filing No. 619).

that Manno breached his employment contract with Genesys. On Count 3, the jury found that Manno was liable for breach of contract but awarded Genesys zero dollars in compensatory damages (Filing No. 556 at 13). As to Count 4, the Court previously granted summary judgment to Genesys as to liability, but the jury awarded Genesys zero dollars in compensatory damages. Count 8 alleges that Manno breached his fiduciary duty of loyalty to Genesys. The Court also granted summary judgment to Genesys as to liability on Count 8. The jury awarded Genesys zero dollars in compensatory damages and $37,032.00 in punitive damages. *Id.* at 12.

The Motion to Amend requests, in part, that the Court reverse the judgment in favor of Genesys on Counts 3 and 4 and enter judgment in favor of Manno (Filing No. 556 at 12–13; Filing No. 598 at 1–2) and remove the award of punitive damages as to Count 8 (Filing No. 556 at 12; Filing No. 598 at 2). Defendants argue that liability on Counts 3 and 4 is inconsistent with the jury's damages award of zero dollars, since damages is an essential element of breach of contract (Filing No. 620 at 7–11). Defendants also argue that the punitive damages award is inconsistent with the jury's award of zero dollars in compensatory damages, since compensatory damages is a prerequisite to punitive damages under Indiana law. *Id.* at 4.

Talkdesk's motion requests only that the Court amend the judgment and does not alternatively request a new trial. However, pursuant to Seventh Circuit caselaw, the trial court cannot cure an inconsistent jury verdict by amending the final judgment or through judgment as a matter of law. *Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005) ("A new trial on all claims is the appropriate remedy (rather than judgment as a matter of law) in a case in which the jury has returned inconsistent verdicts."); *Turyna v. Martam Constr. Co., Inc.*, 83 F.3d 178, 181 (7th Cir. 1996) (denying Rule 59(e) motion to amend judgment and set aside punitive damages award, and remanding for new trial). If an inconsistency is brought to the court's attention only

after the jury has been discharged, as is the case here, then the court must either reconcile the perceived inconsistency or, if irreconcilable, order a new trial. *Continental Vineyard, LLC v. Vinifera Wine Co., LLC*, 973 F.3d 747, 754, 756 (7th Cir. 2020) ("Once the moment for using Rule 49 passed, all that was left was a possible motion under Rule 59(a) for a new trial."); *Timm v. Progressive Steel Treating, Inc.*, 137 F.3d 1008, 1010 (7th Cir. 1998) ("If inconsistency escapes notice until after the jury has disbanded, the proper thing to do is hold a new trial.").

Seventh Circuit caselaw further indicates that once an inconsistency is brought to the court's attention, it would be error for the court to allow the inconsistent verdict to stand, even where no party has sought the appropriate remedy—a new trial. *Turyna*, 83 F.3d at 181 ("When Martam raised its objection to the verdict in the Rule 59(e) motion, thereby calling the court's attention to the problems with the verdict, . . . the court should have ordered a new trial on Count II."); *Stone v. City of Chicago*, 738 F.2d 896, 899 (7th Cir. 1984) ("We recognize that when jury verdicts are logically incompatible, thereby indicating that the jury was confused or abused its power, the district court errs when it fails to order a new trial."); *In re Testosterone Replacement Therapy Products Liability Litigation*, No. 14 C 1748, 2017 WL 6569632, at *8 (N.D. Ill. Dec. 22, 2017) ("Neither party contends that the Court lacks authority to order a new trial on its own motion, and the Court appears to have satisfied the requirements of Rule 59(d). In addition, the Court concludes that it would be committing error if it did not order a new trial . . . ." (citing *Stone*, 738 F.2d at 899)); *see also Deloughery*, 422 F.3d at 617 ("'As a rule civil juries must return consistent verdicts.'" (quoting W*ill v. Comprehensive Acct. Corp.*, 776 F.2d 665, 677 (7th Cir. 1985))).

Before determining whether a new trial on Counts 3, 4, and 8 is required, the Court would first allow the parties an opportunity to submit briefing on that issue. The Court recognizes that a new trial would be an enormously expensive and difficult undertaking for the parties, and the

3

complexity of a new trial would only be compounded by Defendant Manno's recent, tragic passing. The Court therefore finds that it would be prudent for the parties to discuss the status and potential resolution of at least Counts 3, 4, and 8 with the Magistrate Judge, before the Court orders briefing to determine whether a new trial is necessary.

The parties are therefore **ORDERED** within **fourteen (14) days of this Entry** to jointly contact the chambers of the Magistrate Judge to schedule a conference to discuss the status of the parties' post-trial motions and the possibility of settlement.

**SO ORDERED**.

Date:  4/15/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

Kathleen M. Anderson
BARNES & THORNBURG, LLP (Fort Wayne)
kathleen.anderson@btlaw.com

David S. Moreland
MEUNIER CARLIN & CURFMAN LLC
dmoreland@mcciplaw.com

Fred Anthony Paganelli
PAGANELLI LAW GROUP
tony@tonypaganelli.com

James P. Strenski
DREWRY SIMMONS VORNEHM, LLP
jstrenski@dsvlaw.com

John W. Harbin
MEUNIER CARLIN & CURFMAN LLC
jharbin@mcciplaw.com

Lee Gerritt Hamilton
MEUNIER CARLIN AND CURFMAN
lhamilton@mcciplaw.com

Steven Matthew Philbin
LEE & HAYES
steven.philbin@leehayes.com

Warren Thomas
MEUNIER, CARLIN & CURFMAN LLC
wthomas@mcciplaw.com